UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SECURITIES AND EXCHANGE COMMISSION, )
                                   )
                    Plaintiff,     )   Case No. 2:05-cv-00531-PMP-GWF
                                   )
vs.                                )   **ORDER**
                                   )
EXOTICS.COM, INC., et al.,         )   **Motion to Lift Stay - #102**
                                   )
                    Defendants.    )
_____)

This matter is before the Court on Plaintiff Securities and Exchange Commission's ("SEC") Motion to Lift Stay of Proceedings as to Defendants Chapman and Flanagan (#102, #103), filed on April 4, 2008 and Defendants Chapman & Flanagan's Opposition to Plaintiff's Motion to Lift Stay of Proceedings (#106), filed on April 21, 2008. Co-Defendants Rabinovitz and Brinsky filed a Statement in Response to Plaintiff's Motion to Lift Stay of Proceedings (#105) in which they take no position as to whether the stay order should be lifted. Although Plaintiff did not file a reply brief to Defendants Chapman and Flanagan's opposition to its motion, on May 8, 2008 Plaintiff's counsel sent a letter to the Court attaching the Ninth Circuit's May 6, 2008 opinion in *United States v. Chapman*, — F.3d — , No. 06-10316 (9th Cir., decided May 6, 2008) and a copy of the Ninth Circuit's recent decision in *United States v. Stringer*, No. 06-30100, 2008 WL 901563 (9th Cir., April 4, 2008).

**BACKGROUND**

The SEC filed its complaint in this action on April 25, 2005. *See Complaint (#1).* The complaint alleged that the Defendants, including attorneys Daniel G. Chapman and Sean P. Flanagan, engaged in a stock manipulation scheme involving Exotics.com, Inc., a Nevada corporation. The other defendants involved in this lawsuit are the alleged owners or officers of Exotics.com, Inc. and the

accountants who allegedly facilitated the stock manipulation conduct. At the time the SEC complaint was filed in this case, Chapman and Flanagan were being criminally prosecuted in the Federal District Court for the District of Nevada in Case No. CR-S-03-0347-JCM (PAL). The indictment in that case charged Defendants Chapman and Flanagan, and their Co-Defendants James Farrell and Herbert Jacobi, with securities fraud, mail fraud, wire fraud, money laundering and other federal crimes in regard to various stock manipulation schemes involving a number of allegedly sham corporations. Although the alleged schemes charged in the criminal case appear to be similar to the allegations against Chapman, Flanagan and the other Defendants in this civil action, the criminal case involved different corporations and different co-defendants than those involved in this action.

       Chapman was granted an extension of time until September 6, 2005 to answer or otherwise respond to the complaint in this case. Defendant Flanagan was also apparently granted an extension of time to answer or respond to the complaint. On September 1, 2005, Chapman filed a Motion for Stay of Civil Proceedings (#27) which was joined in by Flanagan. Defendants' motion cited three reasons for staying this action. First, the statutes of limitations for criminal charges arising out of the conduct alleged in the SEC's civil complaint had not yet run, and Defendants potentially faced criminal prosecution arising out of those alleged matters. Second, testimony or other information provided by Defendants in this civil action might be used against them in the criminal prosecution in Case No. CR-S-03-0347-JCM (PAL). Third, Defendants were necessarily devoting their time, effort and resources in preparing for trial in the criminal case which was set for January 23, 2006. The SEC opposed the motion for stay arguing that a parallel criminal investigation or prosecution does not require that a civil action be stayed even though the Defendants may decide to exercise their Fifth Amendment rights and decline to answer questions in the civil proceeding.

       On October 28, 2005, the District Court granted Defendants' motion to the limited extent that the action was stayed as to Defendant Chapman only until the conclusion of the criminal trial. The Court, and apparently the parties as well, have read that order as also applying to Defendant Flanagan. This action has proceeded in discovery between Plaintiffs and the other defendants. However, certain discovery relevant to all defendants, including depositions of various witnesses, has been deferred until the stay as to Defendants Chapman and Flanagan is lifted. The Court has granted several extensions of

the discovery cut-off date and other scheduling deadlines because of the ongoing stay of the action as to Chapman and Flanagan.

The criminal prosecution against Chapman, Flanagan and another defendant in Case No. CR-S-03-0347-JCM (PAL) proceeded to trial on January 23, 2006. During trial it was determined that the Government had failed to produce voluminous discovery material to the defendants that it was legally obligated to produce. The District Court declared a mistrial and subsequently concluded that the Government had engaged in flagrant prosecutorial misconduct and dismissed the criminal indictment against Chapman and Flanagan, with prejudice. *See United States v. Chapman*, — F.3d —, No. 06-10316 (9th Cir., decided May 6, 2008). The Government appealed from the order dismissing the indictment. Briefing on the appeal was completed in May 2007, and the Ninth Circuit heard oral argument on the appeal in August 2007. On May 6, 2008, after the SEC filed its instant motion to lift stay, the Ninth Circuit affirmed the District Court's dismissal of the criminal indictment with prejudice. The Court was advised at the May 13, 2008 hearing that the Government may seek *en banc* review of the panel decision or petition the United States Supreme Court to reverse the Ninth Circuit's decision. The criminal prosecution against Chapman and Flanagan is, therefore, not yet finally concluded.

No indictment or criminal charges have been filed against the Defendants arising out of the conduct alleged in the SEC's civil complaint in this action. According to the SEC, the statutes of limitations for any alleged criminal violations have now run. None of the other Defendants in this action have ever moved for a stay of proceedings based on their alleged exposure to potential criminal prosecution.

**DISCUSSION**

The district court, in its discretion, may stay a civil action pending resolution of independent proceedings which bear upon the case. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007), citing *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936) and *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). In *Federal Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989), the court stated that while a district court may stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution. The court must decide whether to

stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case. *Id.* citing *Securities & Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C.Cir.), *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 1 (1980). In deciding whether to grant a stay, the court must consider the extent to which the defendant's fifth amendment rights are implicated. Other factors the court should consider may vary according to the case itself, but generally include:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Federal Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d at 902-903 (citations omitted).

*See also Keating v. Officer of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) ("'In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence.' *Dresser,* 628 F.2d at 1374. 'Nevertheless, a court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem [] to require such action.'").

In this case, the grounds upon which Defendants Chapman and Flanagan sought a stay of the civil proceedings substantially no longer exist. First, assuming that a parallel criminal investigation regarding Defendants' alleged conduct in this case was ongoing at the time the Court entered the stay, none of the Defendants have ever been criminally charged or indicted in regard to that alleged conduct, and it appears that the statutes of limitations for bringing such charges have now run. The prospect that Defendants Chapman and Flanagan will face criminal charges arising out of the events in this case therefore appears highly remote. Second, at the time the Court stayed this action against Chapman and Flanagan, they were preparing for the criminal trial in Case No. No. CR-S-03-0347-JCM (PAL) which was scheduled to take place in three months. As discussed above, a mistrial was declared in that case and the District Court dismissed the indictment against Chapman and Flanagan, with prejudice. The dismissal of the indictment has now been affirmed by the Ninth Circuit. Even assuming that the Government seeks and obtains reversal of the dismissal of the indictment by the Ninth Circuit *en banc*

1  or by the United States Supreme Court, such reversal will not occur for many months, if not years.
2  Defendants therefore no longer face an imminent need to devote their time, effort and resources to
3  ongoing criminal proceedings, as was the case in late 2005 and early 2006.  Third, although this Court
4  cannot predict whether the Government will seek reversal of Ninth Circuit decision, the Court has not
5  been provided with any basis for concluding that reinstatement of the indictment in Case No. No. CR-S-
6  03-0347-JCM (PAL) is likely to occur.  Finally, the criminal conduct that was alleged against Chapman
7  and Flanagan in the criminal case involved different corporations, entities and individuals.  While it is
8  possible that Chapman's and Flanagan's testimony or other discovery that they may produce in this case
9  might be used against them in the criminal case if the indictment is ever reinstated, the reason for
10 continuing to stay this action on that basis is weak.

11       On the other side of any further stay of this action is the interest of the SEC in proceeding
12 expeditiously with this litigation.  There is no dispute that the stay has not only prevented the Plaintiff
13 from completing discovery in regard to its claims against Chapman and Flanagan, it has also prevented
14 the SEC from completing discovery in regard to its claims against the other defendants.[1]  In addition,
15 Defendants Rabinvitz and Brinsky have served written discovery on Chapman and Flanagan and state
16 that they will also seek to depose Chapman and Flanagan in preparing their defense in this case.  *See*
17 *Defendants Rabinovitz and Brinsky's Statement in Response to Plaintiff's Motion to Lift Stay of*
18 *Proceedings (#105)*, p. 2.  Although these Defendants take no position whether the stay should be
19 lifted, it is clear from their response that discovery in this case cannot be completed and the case moved
20 forward for trial until the stay as to Chapman and Flanagan is lifted.  The passage of time has probably
21 already adversely affected the memories of witnesses and increased the risk that evidence will be lost.
22 A further indefinite postponement of this case will only increase that likelihood to the prejudice of the

---

[1] The Court notes that the SEC has represented that it is currently engaged in productive settlement discussions with counsel for Defendants Firoz Jinnah, Ingo W. Mueller and Edward James Wexler.  These Defendants have not answered or otherwise responded to the SEC's complaint.  At the hearing on this motion, the SEC advised the Court that a settlement with these defendants will likely be confirmed, if it is to occur, within the next thirty days.  The Court assumes that if there is no settlement, those defendants will make their appearance and the action will proceed as to all remaining named defendants.

1  Plaintiff and potentially to the Co-Defendants as well.

2      The Court has not been informed of any specific persons, not parties to this action, whose
3  interests will be affected if the stay of this action is continued or lifted.  The investing public's general
4  interest in the expeditious resolution of this case and the timely enforcement of the securities laws is
5  adversely affected by further delay in resolving this case.[2]  The convenience and interest of the court in
6  managing its cases also favors the lifting of the stay.  This action has now been stayed as to Defendants
7  Chapman and Flanagan for over two and one-half years.  As stated above, the stay has not only
8  prevented the Court from moving forward with resolution of this case in regard to Plaintiff's claims
9  against Chapman and Flanagan, it also prevents the completion of discovery and trial in regard to
10  Plaintiff's claims against Defendants Rabinvitz and Brinsky and possibly the other defendants.

11      The remote risk of self-incrimination that Defendants Chapman and Flanagan face in regard to
12  the now dismissed criminal prosecution does not justify a continued and indefinite stay of the
13  proceedings in this case.  Chapman and Flanagan also argue that the stay should remain in place at least
14  until it is determined whether the Government will seek a reversal of the panel's decision in *United*
15  *States v. Chapman*.  They argue that once that case is finally concluded, they will be able to testify
16  freely without fear that their testimony may be used against them in a reinstated criminal prosecution.
17  Conversely, they argue that if they are deposed prior to assurance that the criminal prosecution is over,
18  they will have to exercise their Fifth Amendment rights in this case, which will result in the SEC
19  obtaining an adverse inference against them on the matters to which they refuse to answer questions.  A
20  continuance of the stay, as Defendants request, would mean that this case will still not move forward
21  for another 3-4 months while they wait to see if the Government will file a petition for certiorari and
22  their depositions could then be scheduled.

23  . . .

24

---

25
26      [2]Defendant Chapman states, however, he is no longer actively practicing law.  There is also no
indication that the SEC alleges that either Chapman or Flanagan are continuing to engage in the type of
27  misconduct alleged in the civil complaint.  Thus, in the absence of contrary information, the Court
accepts that there is no imminent threat of additional harm to the investing public from Chapman and
28  Flanagan.

**CONCLUSION**

The Court concludes that continuance of the stay of this action as to Defendants Chapman and Flanagan, based on the potential for incrimination in the now dismissed criminal prosecution which did not involve the same conduct, transactions, corporations or individuals involved in this case, other than Chapman and Flanagan, is not justified. The Court will, however, continue the existing stay in effect until June 16, 2008 at 5:00 p.m. This will afford the Plaintiff and other parties the opportunity to determine whether this action will be settled as to Co-Defendants Jinnah, Mueller and Wexler. It will also provide Defendants with an opportunity to file and obtain a ruling on any objection to this order. It should also afford Defendants sufficient time to determine whether the Government will seek *en banc* review or possible appeal of the Ninth Circuit's decision in *United States v. Chapman* and to decide whether to assert their Fifth Amendment rights in this case. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Securities and Exchange Commission's ("SEC") Motion to Lift Stay of Proceedings as to Defendants Chapman and Flanagan (#102, #103) is **granted** as follows:

1. The stay order regarding Defendants Chapman and Flanagan shall terminate on **June 16, 2008 at 5:00 p.m.**, unless otherwise extended by court order. Upon expiration of the stay, Defendants Chapman and Flanagan shall answer or otherwise plead in response to the Complaint in this action.

2. The Court will enter a separate order regarding an extension of the discovery completion date and other scheduling deadlines.

DATED this 19th day of May, 2008.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge