**Daniel G. Chapman**
**1235 N. Clybourn Avenue**
**Suite A-187**
**Chicago, IL 60610**
**(702) 528-7374**
**DGCHAP@COX.NET**
**Defendant in Proper Person**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Securities and Exchange Commission,<br><br>Plaintiff<br><br>vs.<br><br>Exotics.Com, Inc., L. Rex Andersen, Marlin R. Brinsky, Daniel G. Chapman, Stephen P. Corso, Jr., Barry F. Duggan, Firoz Jinnah, Ingo W. Mueller, Brian K. Rabinovitz, Edward James Wexler, Gary Thomas a/k/a Gary Thomas Vojtesak<br><br>Defendants<br><br>and<br><br>Flanagan & Associates, LTD.,<br><br>Relief Defendant | CV-S-05-0531-PMP-GWF |

**MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**
**(ORAL ARGUMENT REQUESTED)**

CERTIFICATION STATEMENT

Daniel G. Chapman, a Defendant in the above-entitled action, hereby certifies that this Motion is timely filed. Mr. Chapman also certifies that he has discussed this matter with Plaintiff, as required by Rule 37 of the Federal Rules of Civil Procedure and Local Rule 26-7, as detailed more fully in the Affidavit of Daniel G. Chapman, attached as Exhibit 9.

MOTION AND NOTICE OF MOTION

Movant hereby asks this Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure ("FRCP"), to order Plaintiff to respond to Mr. Chapman's discovery requests, as required by FRCP Rules 26, 33, and 34.

This Motion is based upon the papers and pleadings on file in this action, the Points and Authorities submitted herewith, and such oral argument as the Court will entertain at the hearing on this matter.

Dated August 18, 2009.
Respectfully submitted

Daniel G. Chapman
Defendant Pro Se

## Memorandum of Points and Authorities

### I. Statement Of Facts

The Securities and Exchange Commission (the "SEC") brought this action against Movants and others by filing a Complaint on April 25, 2005. The formal investigation was initiated on January 15, 2002 by the issuance of a Formal Order of Investigation.

Movants are alleged to have violated or to have aided and abetted others who violated §10(b) of the Securities Exchange Act of 1934 (15 U.S.C. §78j(b)) and SEC Rule 10b-5 (17 C.F.R. §240.10b-5) promulgated thereunder.

On October 16, 2008, Mr. Chapman propounded to the SEC a First Set of Requests for Admission, a First Set of Interrogatories, and a First Set of Requests for Production of Documents (collectively, the "Discovery Requests"). Copies of these Discovery Requests are attached as Exhibits 1, 2 and 3 respectively.

On November 17, 2008 the SEC responded to these Discovery Requests. Copies of these responses are attached as Exhibits 4, 5 and 6 respectively.

Requests for Admissions

? The 14 Requests for Admissions each dealt with a particular paragraph or group of paragraphs in the Complaint. In responding to these Requests, the SEC raised two general objections. First, they objected "to the extent that they [the Requests for Admissions and the Definitions contained therein] are not limited to any time period." (Exhibit 4, page 2, paragraph 2.) Their second objection relates to "the extent that the Commission lacks information or knowledge necessary to respond to the requests prior to conducting additional discovery." (Id. at paragraph 3.)

Interrogatories

? The SEC objected generally to the Interrogatories on the basis that "they are not limited to any time period." (Exhibit 5, page 2, paragraph 4.) In addition, they objected "to the extent that they call for information protected by attorney-client privilege, work-product immunity, law enforcement privilege, deliberative privilege, or any other privilege or immunity." (Id. at paragraph 2.) Finally, they objected to the request to identify documents that may support the contentions in the Complaint as being "unduly burdensome, unreasonable and intended to harass …" (Exhibit 5, page 3, paragraph 8.)

? Interrogatory No. 5 asked the SEC to identify evidence which supports their allegations in paragraph 113 of the Complaint. In responding to this Interrogatory, the SEC referenced the Ninth Circuit's opinion in the Criminal Case, *United States v. Chapman*, 524 F.3d 1073 (9th Cir. 2008) (the "Criminal Case") as evidence of Mr. Chapman's practice of creating and merging shell corporations.

? Interrogatory No. 7 asked the SEC to identify all communications with other governmental agencies, including, but not limited to, the Department of Justice and the Office of the United States Attorney for the District of Nevada, concerning Mr. Chapman. The SEC objected and refused to answer, claiming that the Interrogatory called for matters falling within some unidentified privilege, including, possibly, one of the privileges mentioned in the general objections.

? Interrogatory No. 8 asked the SEC to identify all communications with other individuals or entities concerning Mr. Chapman. Again the SEC refused to answer, citing some unidentified privilege, including, possibly, one of the privileges mentioned in the general objections.

? Interrogatory No. 16 asked the SEC to identify all evidence regarding their allegation in the Complaint that shares of Exotics-Nevada needed to be registered prior to being re-issued and distributed. The SEC's response was that it intends to rely on Section 5 of the Securities Act.

? Interrogatory No. 17 read "[f]or each REQUEST FOR ADMISSION for which your response is anything other than an unqualified admission, please IDENTIFY all EVIDENCE upon which YOU intend to rely at trial to support YOUR response." There were 9 such responses to the Requests for Admission. The SEC objected to this Interrogatory, claiming that it is "an impermissible attempt to expand the number of allowed interrogatories beyond the number allowed by Fed. R. Civ. P. 33, and therefore declines to answer at this time."

Requests for Production of Documents

? The SEC made similar general objections, citing the same privileges claimed in the responses to the Interrogatories. They also state that "[t]he Commission's response that it will produce the documents sought by a particular request does not constitute an admission that it actually possesses the documents requested or that any such document exists."

- ? There were 17 Requests for Production of Documents. Request No. 17 asked for documents related to Interrogatory 17, which the SEC declined to answer. Citing their response to Interrogatory 17, the SEC declined to produce any documents.

## II. Legal Argument

The rules of discovery are intended to provide parties with discovery of all relevant materials held by other parties in a legal dispute. Here, the Plaintiff has supplied, in its Complaint, assertions that provide limited, if any, support for its allegations of fraud against Mr. Chapman. Through its responses to the Discovery Requests, Plaintiff has made clear that its Complaint is tantamount to a fishing expedition. The Complaint, and Plaintiff's statements in hearings on this case, illustrate clearly that Plaintiff simply wishes to proceed on the basis of "adverse inferences" and by implications of some sort of improper character based upon a discredited criminal indictment that was obtained by perjured grand jury testimony and dismissed for blatant prosecutorial misconduct.

**Relevance of Communications With the United States Attorney's Office**

Mr. Chapman steadfastly maintains that the Office of the United States Attorney for the District of Nevada is and has been working with Plaintiff on this case. This belief is based on the following:

1. Plaintiff, in its response to the Discovery Request, provided a privilege log (the "Privilege Log", a copy of which is attached as Exhibit 7) that indicated two letters from Tom Rappaport of the SEC to Michael Payne. Mr. Payne, a Special Agent with the Criminal Investigation Division of the Internal Revenue Service, was the case agent in the Criminal Case. In defiance of common sense, the Privilege Log lists no communications from Mr. Payne to the SEC.
2. In response to a subpoena that Plaintiff served on Mr. Chapman on June 30, 2003, almost two years prior to the Complaint being filed, Mr. Chapman provided a significant number of personal documents, including, but not limited

to, credit card statements, telephone records, and bank statements. These documents were then provided to Mr. Chapman and the other defendants in the Criminal Case by the prosecutors (with Mr. Chapman's personal identification data – address, social security number – available for all to see). Again, the Privilege Log lists no communications between the SEC and the United States Attorney's Office concerning the turnover of those documents.

3. After an earlier hearing on this matter, Mr. Fontes indicated to Mr. Chapman and Mr. Flanagan that he had never met Greg Damm (the prosecutor in the Criminal Case), but had spoken on the phone to him. Once again, the Privilege Log lists no such communication.

4. On March 3, 2009, the SEC sent a CD-ROM to Mr. Chapman. The accompanying letter from Rachel Hershfang of the SEC (a copy of which is attached as Exhibit 8) stated that the information on the CD-ROM was "seized by the Internal Revenue Service during the search of [Chapman & Flanagan's law office]", "was provided to the SEC by the IRS during the criminal investigation" and "[g]iven the conclusion of the [criminal] case, the IRS recently gave us permission to provide a copy to you." The search was conducted by Michael Payne, pursuant to a search warrant issued on April 3, 2003 in reliance on his affidavit. The Indictment in the Criminal Case was dated August 7, 2003, indicating that the information was sent to the SEC during that 4 month period, 18 months before the Complaint was filed. The search warrant specified that documents from seven companies were to be seized, but contained no reference to Exotics.com. Once again, no entry exists on the Privilege Log of any communication from Mr. Payne, either when the material was originally provided to the SEC or when the IRS gave the SEC permission to release it.

5. On July 27, Mr. Chapman served a subpoena on the United States Attorney for the District of Nevada seeking certain information that was intentionally

withheld from Mr. Chapman during the Criminal Case, including, but not limited to, the transcript from one of Michael Payne's three grand jury appearances. (Payne was the only "expert" to testify before the grand jury.) Just two days later, on July 29, the SEC sent an e-mail indicating that it intended to revise its Initial Disclosure to include two new witnesses, Robert Potter and Shawn Hackman. A few days after that, The SEC added two other new witnesses, Peter Berney and Douglas Ansell. These are four convicted felons, all of whom were used as government witnesses in the Criminal Case. That the SEC identified these felons without input from or communication with the United States Attorney's office defies belief. The absence of any such communication on the Privilege Log is simply the most recent assault on common sense.

Together with the total lack of evidence that Mr. Chapman knew or should have known that any of the alleged violations of federal securities laws were taking place, the allegation that the United States Attorney's Office is the driving force behind this case is and will be a major part of Mr. Chapman's defense. The SEC has made the Criminal Case relevant (e.g. their response to Interrogatory No. 5), and clearly intends to do so during trial. The Discovery Requests simply attempt to identify the SEC's basis for claiming that Mr. Chapman acted with scienter, and to discover evidence of other agencies influencing or directing the SEC's actions in this matter. As such, the information that Mr. Chapman requests is relevant and, thereby, discoverable.

**Number of Interrogatories**

The SEC, as discussed in the Statement of Facts, *supra*, refused to answer Interrogatory 17, claiming that it was an impermissible attempt to avoid the limitation on the number of allowed interrogatories. The SEC, however, provides no support for this contention. Even if we accept that a global request, such as Interrogatory 17, should count as more than one, given the SEC's responses to the Request for Admissions, Interrogatory 17

would only include 9 interrogatories. Therefore, only 25 interrogatories were included, even under the SEC's method of counting. Mr. Chapman asks this court to require their response.

**SEC's Reliance on Privileges**

The SEC, as discussed above, lodged several general objections. With respect to Interrogatories 7 and 8, the SEC asserted the Law Enforcement Privilege and the Deliberative Privilege. Mr. Chapman contacted the SEC after receiving their responses, asking for information about these privileges. On December 8, 2008, Mr. Chapman received a letter from Rachel Hershfang referencing a well known treatise on evidence. This reference described the Law Enforcement Privilege as applying to a Freedom of Information Act request, and the Deliberative Privilege as dealing with internal agency policies. Neither of these privileges apply here. Neither do the Attorney-Client or Work Product privilege, as neither the IRS, the United States Attorney, nor any other entities described in Interrogatories 7 and 8 represented the SEC, were represented by them, or were retained by the SEC to provide legal counsel to the SEC. Mr. Chapman asks that this court order the SEC to respond fully to these Interrogatories and the corresponding Requests For Production of Documents.

**Other Objections**

The SEC made three other global objections which were discussed above in the Statement of Facts. They argue that the Requests for Admissions and the Definitions contained therein are not limited to any time period. This is a disingenuous objection. Each Request for Admission referred to a particular paragraph of the Complaint. How is it possible, then, that the SEC can be unaware of the time periods involved in their own allegations?

Their second objection relates to "the extent that the Commission lacks information or knowledge necessary to respond to the requests prior to conducting additional discovery." This objection was lodged in the responses to the Requests for Admission, each of which related to a specific paragraph of the Complaint.

The final objection borders on the absurd. In responding to the Request for Production of Documents, the SEC states "[t]he Commission's response that it will produce the documents sought by a particular request does not constitute an admission that it actually possesses the documents requested or that any such document exists." Apparently the SEC believes it has the ability to deliver documents and simultaneously deny that those documents actually exist.

FRCP 9(b) requires that a complaint alleging fraud requires pleading with specific particularity. On August 19, 2008, prior to the SEC responding to the Discovery Requests, Mr. Fontes argued in open court that the Complaint meets this heightened pleading requirement. If the SEC really did meet this pleading requirement, they would not need to make these objections; they should already have enough information at the time the Complaint was filed; they should know the time periods involved in their allegations; they should know whether they are relying on documents, and whether or not the documents they are relying on actually exist; and they should not claim that the requests are burdensome. Not only should they know this information, FRCP 9(b) requires them to know these things, and to know them at the time they file the Complaint. Facts discovered after a complaint is filed would simply solidify their case. But discovery is not simply a means by which a plaintiff can discover facts to fulfill its initial obligations under FRCP 9(b). This objection indicates that the SEC has not met their obligations under FRCP 9(b) and is simply conducting a fishing expedition.

## III. Conclusion

As the evidence indicates not only that the IRS and the United States Attorney's office has communicated with the SEC since prior to the commencement of this case, but that the SEC intends to rely greatly upon the Criminal Case at trial, proper and complete responses to the Discovery Requests is not only relevant to this case, but essential to Mr. Chapman's defense. The SEC's objections are ill-founded and inapplicable, and are meant

simply to harass Mr. Chapman and delay the completion of this case. Mr. Chapman asks this Court, therefore, to order the SEC to respond to the Discovery Requests.

Respectfully submitted,
Dated August 17, 2009.

Daniel G. Chapman
Defendant Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2009, I forwarded a true and correct copy of the foregoing MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS by filing and serving the same using the ECF system or by U.S. Mail as indicated:

Silvestre A. Fontes, Esq.
fontess@sec.gov

Thomas J. Rappaport, Esq.
rappaportt@sec.gov

David London, Esq.
londond@sec.gov

Robert D. O'Connor, Esq.
oconnord@sec.gov

Britt Collins, Esq.
collinsb@sec.gov

Blaine T. Welsh, Esq.
Blaine.Welsh@usdoj.gov

David J. Merrill, Esq.
dmerrill@baileykennedy.com

Sean T. Prosser, Esq.
sprosser@mofo.com

Tyson E. Marshall, Esq.
tmarshall@mofo.com

James N. Barber, Esq.
barber.jn@comcast.net

Kelly O. Slade, Esq.
kslade@embarqmail.com

O. Robert Meridith, Esq.
Robert@meredithlaw.com

Donald J. Christie, Esq.
donchristie@aol.com

Thomas W. Davis, II, Esq.
twd@h2law.com

David A. Zisser
dzisser@ir-law.com

(Service by U.S. Mail)
Mr. James L. Ericksteen
Apt. 1502
1228 West Hastings Street
Vancouver, BC
Canada V6E 4S6

Daniel G. Chapman
Defendant Pro Se