# EXHIBIT 1

# EXHIBIT 1

**Daniel G. Chapman**
**1235 N. Clybourn Avenue**
**Suite A-187**
**Chicago, IL 60610**
**(702) 528-7374**
**DGCHAP@COX.NET**
**Defendant in Proper Person**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| Securities and Exchange Commission, | } |
| Plaintiff | } |
| vs. | } |
| | } |
| Exotics.Com, Inc., L. Rex Andersen, | } |
| Marlin R. Brinsky, Daniel G. Chapman, | }   CV-S-05-0531-PMP-GWF |
| Stephen P. Corso, Jr., Barry F. Duggan, | } |
| Firoz Jinnah, Ingo W. Mueller, | } |
| Brian K. Rabinovitz, Edward James Wexler, | } |
| Gary Thomas a/k/a Gary Thomas Vojtesak | } |
| | } |
| Defendants | } |
| | } |
| and | } |
| | } |
| Flanagan & Associates, LTD., | } |
| Relief Defendant | } |

### DEFENDANT DANIEL G. CHAPMAN'S FIRST SET OF
### REQUESTS FOR ADMISSION TO PLAINTIFF SECURITIES
### AND EXCHANGE COMMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("FRCP"), Defendant
Daniel G. Chapman hereby requests that Plaintiff, Securities and Exchange Commission,
admit the truthfulness of the facts set forth below no later than thirty (30) days after service.

### DEFINITIONS

1.      The terms "YOU" and "YOUR", together with any variations of those terms,
refer to the Plaintiff, Securities and Exchange Commission, and any of its agents,
employees, attorneys, or representatives.

2.      The term "MANIPULATION DEFENDANT" shall have the meaning attributed to it in the COMPLAINT.

3.      The term "COMPLAINT" refers to the Complaint in the above-captioned case, filed by you on or about April 25, 2005.

**REQUESTS FOR ADMISSION**

**Request for Admission #1**: Admit that Mr. Chapman had no involvement in any of the activities described in paragraph 24 of the Complaint.

**Request for Admission #2**: Admit that Mr. Chapman had no involvement in any of the activities described in paragraph 27 of the Complaint.

**Request for Admission #3**: Admit that Mr. Chapman had no involvement in preparing any of the several allegedly "false Commission filings" described in paragraph 28 of the Complaint.

**Request for Admission #4**: Admit that Mr. Chapman had no involvement in preparing or disseminating the March 19, 2001 press release described in paragraph 37 of the Complaint.

**Request for Admission #5**: Admit that Mr. Chapman had no involvement in any of the allegedly manipulative trading described in paragraphs 43-45 of the Complaint.

**Request for Admission #6**: Admit that Mr. Chapman had no involvement in any of the allegedly manipulative trading described in paragraphs 46-49 of the Complaint.

**Request for Admission #7**: Admit that Mr. Chapman had no involvement in preparing or disseminating any of the alleged spams described in paragraphs 50-56 of the Complaint.

**Request for Admission #8**: Admit that Mr. Chapman had no involvement in any of the activities described in paragraphs 57-66 of the Complaint.

**Request for Admission #9**: Admit that Mr. Chapman had no involvement in preparing the Amended Form 8-K described in paragraphs 67-70 of the Complaint.

**Request for Admission #10**: Admit that Mr. Chapman had no involvement in preparing the 2001 Third Quarter Form 10-QSB described in paragraphs 71-76 of the Complaint.

**Request for Admission #11**: Admit that Mr. Chapman had no involvement in any of the activities described in paragraphs 77-79 of the Complaint.

**Request for Admission #12**: Admit that Mr. Chapman had no involvement in preparing the 2001 Form 10-KSB described in paragraphs 80-82 of the Complaint.

**Request for Admission #13**: Admit that Mr. Chapman had no involvement in the activities described in paragraphs 83-84 of the Complaint.

**Request for Admission #14**: Admit that Mr. Chapman had no involvement in the activities described in paragraphs 85-88 of the Complaint.

Dated: October 16, 2008

Daniel G. Chapman
1235 N. Clybourn Avenue
Suite A-187
Chicago, IL 60610
Defendant In Proper Person

4

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October, 2008, I forwarded a true and correct copy of the foregoing DEFENDANT DANIEL G. CHAPMAN'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION by email to the following:

| | |
|---|---|
| Silvestre A. Fontes, Esq.<br>fontess@sec.gov | Sean T. Prosser, Esq.<br>sprosser@mofo.com |
| Thomas J. Rappaport, Esq.<br>rappaportt@sec.gov | David London, Esq.<br>longond@sec.gov |
| Robert D. O'Connor, Esq.<br>oconnord@sec.gov | Britt Collins, Esq.<br>collinsb@sec.gov |
| Blaine T. Welsh, Esq.<br>Blaine.Welsh@usdoj.gov | Tyson E. Marshall, Esq.<br>tmarshall@mofo.com |
| David J. Merrill, Esq.<br>dmerrill@baileykennedy.com | James N. Barber, Esq.<br>barber.jn@comcast.net |
| Donald J. Christie, Esq.<br>donchristie@aol.com | Kelly O. Slade, Esq.<br>kslade@embarqmail.com |
| Thomas W. Davis, II, Esq.<br>twd@h2law.com | O. Robert Meridith, Esq.<br>Robert@meredithlaw.com |
| David A. Zisser<br>dzisser@ir-law.com | Sean P. Flanagan<br>grumpysean@yahoo.com |

And mailed by first class mail, postage prepaid, to the following:

Mr. James L. Ericksteen
Apt. 1502
1228 West Hastings Street
Vancouver, B.C. V6E 4S6

Dated: October 16, 2008

Daniel G. Chapman
1235 N. Clybourn Avenue
Suite A-187
Chicago, IL 60610

# EXHIBIT 2

# EXHIBIT 2

**Daniel G. Chapman**
**1235 N. Clybourn Avenue**
**Suite A-187**
**Chicago, IL 60610**
**(702) 528-7374**
**DGCHAP@COX.NET**
**Defendant in Proper Person**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Securities and Exchange Commission, } | |
| Plaintiff } | |
| vs. } | |
| } | |
| Exotics.Com, Inc., L. Rex Andersen, } | CV-S-05-0531-PMP-GWF |
| Marlin R. Brinsky, Daniel G. Chapman, } | |
| Stephen P. Corso, Jr., Barry F. Duggan, } | |
| Firoz Jinnah, Ingo W. Mueller, } | |
| Brian K. Rabinovitz, Edward James Wexler, } | |
| Gary Thomas a/k/a Gary Thomas Vojtesak } | |
| Defendants } | |
| and } | |
| } | |
| Flanagan & Associates, LTD., } | |
| Relief Defendant } | |

### DEFENDANT DANIEL G. CHAPMAN'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("FRCP"), Defendant Daniel G. Chapman hereby propounds this first set of Interrogatories to Plaintiff Securities and Exchange Commission. Plaintiff should respond separately and fully, in writing and under oath, to each of the following Interrogatories no later than thirty (30) days after service.

### INSTRUCTIONS

Please use these Instructions and the Definitions that follow in answering the Interrogatories. If you find the meaning of any term in these Interrogatories to be unclear, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to

the Interrogatory according to the assumed meaning. If no pleading or other paper is specified, references to "paragraph ___" refer to the numbered paragraph in the COMPLAINT (as defined below). If a specific pleading or other paper is specified, a reference to "paragraph ___" refers to the numbered paragraph in that pleading or paper. If the response to the Interrogatory may be answered by referring to a DOCUMENT (as defined below), or is supported by a DOCUMENT, the DOCUMENT shall be attached as an exhibit to the response and referred to in the response, with reference to the page and section where the answer to the Interrogatory can be found.

**DEFINITIONS**

4.      The term "IDENTIFY" when used with respect to an individual, means to state the name, title, and business address of the individual so identified. When used with respect to a business entity, the term "IDENTIFY" means to state the legal name of the entity, together with its business address, state of incorporation or other such organization, and the name and business address of its registered agent in the State of Nevada. When used with respect to an AGENCY, the term "IDENTIFY" means to state the name of the AGENCY, the unit within such AGENCY, if applicable, and the business address of the AGENCY. When used with respect to EVIDENCE, the term "IDENTIFY" shall include a description of the item of EVIDENCE, the subject matter or nature of the item, its date of production, and its dates of uses, together with the name of the person who signed it or under whose name it was issued, its author(s), its addressee(s) and recipient(s), its present or last known custodian, and the name of the individual who will be called upon at trial with respect to that item.

5.      The term "EVIDENCE" shall have the broadest possible meaning as permitted by the FRCP and the Federal Rules of Evidence. It includes DOCUMENTS, items of EVIDENCE, case law, statutes, regulations, and testimony to be presented at trial.

6.      The term "DOCUMENT" shall have the broadest possible meaning as permitted by Rules 26 and 34 of the FRCP and relevant case law, and includes written agreements, responses to discovery, including transcripts of depositions, together with

8

any other "writings," "recordings," and "photographs," as defined by the Federal Rules of Evidence. "DOCUMENTS" shall also include materials stored electronically or electromagnetically (e.g., electronic mail) and all drafts or other non-final versions, alterations, modifications and amendments to any of the foregoing.

7.    The terms "YOU" and "YOUR", together with any variations of those terms, refer to the Plaintiff, Securities and Exchange Commission, and any of its agents, employees, attorneys, or representatives.

8.    The term "AGENCY" means any federal or state governmental agency, commission, or other such governmental entity, and includes any unit and/or subunit within such entity.

9.    The term "COMPLAINT" refers to the Complaint in the above-captioned case, filed by YOU on or about April 25, 2005.

10.    The term "MANIPULATION DEFENDANT" shall have the meaning attributed to it in the COMPLAINT.

11.    The term "COMMUNICATION" means and includes, without limitation, any meeting, discussion, contact, conference, telephone conversation, letter, e-mail transmission, Internet posting, memorandum, message, telegram, telefax, mailgram, billing statement, xerographic transmission, or any electronic recording or other form of written or oral information transmission or exchange. Any Interrogatory seeking information relating in any way to communications to, from, or within any AGENCY, business and/or corporate entity includes all communications by and between any officers, directors, agents, employees, representatives, and/or attorneys of that entity.

12.    The term "REQUEST FOR ADMISSION" refers to Defendant Daniel G. Chapman's First Set Of Requests For Admission To Plaintiff Securities And Exchange Commission.

**INTERROGATORIES**

**Interrogatory #1**: Please IDENTIFY all EVIDENCE upon which YOU intend to rely at trial to support YOUR assertion in Paragraph 90 of the COMPLAINT that Mr. Chapman violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

**Interrogatory #2**: Please IDENTIFY all EVIDENCE upon which YOU intend to rely at trial to support YOUR assertion in Paragraph 90 of the COMPLAINT that Mr. Chapman acted intentionally, knowingly or recklessly in violating Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

**Interrogatory #3**: Please IDENTIFY all of the EVIDENCE upon which YOU intend to rely at trial to support YOUR allegation in Paragraph 91 of the COMPLAINT that Mr. Chapman, unless enjoined, will continue to violate Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

**Interrogatory #4**: Please IDENTIFY all of the EVIDENCE upon which YOU intend to rely at trial to support YOUR assertion in Paragraph 107 of the COMPLAINT that Mr. Chapman knew or was reckless in not knowing, that the conduct of all of the other MANIPULATION DEFENDANTS in the alleged manipulation scheme was improper, and that he knowingly and substantially assisted the MANIPULATION DEFENDANTS' violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

**Interrogatory #5**: Please IDENTIFY all of the EVIDENCE upon which YOU intend to rely at trial to support YOUR allegation in Paragraph 113 of the COMPLAINT that Mr. Chapman, unless enjoined, will continue to aid and abet the Manipulation Defendants' violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

**Interrogatory #6**: Please IDENTIFY all of the alleged "ill-gotten gains" that YOU are asking Mr. Chapman to disgorge in Paragraph VII of the Prayer for Relief section of the COMPLAINT.

**Interrogatory #7**: Please IDENTIFY all COMMUNICATIONS that YOU have had with other AGENCIES, including but not limited to, the United States Department of Justice,

1  and the Office of the United States Attorney for the District of Nevada concerning Mr.

2  Chapman.

3      **Interrogatory #8**: Please IDENTIFY all COMMUNICATIONS that YOU have had

4  with any other individuals or entities concerning Mr. Chapman in connection with any other

5  legal actions in which Mr. Chapman was a party.

6      **Interrogatory #9**: Please describe, in detail, and concerning Mr. Chapman's

7  involvement with the preparation of false and misleading books and records or public

8  announcements as alleged in Paragraph 2 of the COMPLAINT. Include in your response the

9  dates on which each of these false and misleading items were filed, released or otherwise

10  disseminated.

11      **Interrogatory #10**:   Please   describe,   in   detail,   and   IDENTIFY   all

12  COMMUNICATIONS concerning any and all of the "respects" in which fraudulent trading

13  activities were coordinated out of the law firm of Chapman and Flanagan, Ltd, as alleged in

14  Paragraph 3 of the COMPLAINT. Include in YOUR response the dates on which each of

15  these coordinated activities took place.

16      **Interrogatory #11**:   Please   describe,   in   detail,   and   IDENTIFY   all

17  COMMUNICATIONS concerning Mr. Chapman's participation in the manipulative trading

18  portion of the manipulation scheme alleged in Paragraph 3 of the COMPLAINT. Include in

19  YOUR response the dates on which each of these manipulative trades took place.

20      **Interrogatory #12**:   Please   describe,   in   detail,   and   IDENTIFY   all

21  COMMUNICATIONS concerning Mr. Chapman's participation in the dissemination of the

22  false press release, e-mail and fax spams which are alleged in Paragraph 3 of the

23  COMPLAINT to have been part of the manipulation scheme. Include in YOUR response the

24  dates on which each of these releases/spams were distributed.

25      **Interrogatory #13**: Please IDENTIFY all of the EVIDENCE upon which YOU intend

26  to rely at trial to support YOUR allegation in Paragraph 23 of the COMPLAINT that Mr.

27  Chapman arranged for Ingo Mueller, as an individual, to acquire Hardrock. In particular,

describe all of Mr. Chapman's activities, and the dates on which these activities occurred.

**Interrogatory #14**: Please IDENTIFY all of the EVIDENCE upon which YOU intend to rely at trial to support YOUR allegation in Paragraphs 33, 41, and 42 of the COMPLAINT, and in open court on August 19, 2008, that Mr. Chapman sold any of the stock in the escrow brokerage account. In particular, describe all of Mr. Chapman's activities, and the dates on which these activities occurred.

**Interrogatory #15**: Please IDENTIFY all of the EVIDENCE upon which YOU intend to rely at trial to support YOUR allegation made in open court on August 19, 2008 that the escrow brokerage account was the property of Mr. Chapman or the law firm of Chapman & Flanagan, Ltd.

**Interrogatory #16**: Please IDENTIFY all of the EVIDENCE upon which YOU intend to rely at trial to support YOUR allegation in Paragraphs 31 and 32 of the COMPLAINT, and in open court on August 19, 2008, that the shares of Exotics-Nevada needed to be registered prior to being re-issued and distributed.

**Interrogatory #17**: For each REQUEST FOR ADMISSION for which your response is anything other than an unqualified admission, please IDENTIFY all EVIDENCE upon which YOU intend to rely at trial to support YOUR response.

Dated: October 16, 2008

Daniel G. Chapman
1235 N. Clybourn Avenue
Suite A-187
Chicago, IL 60610
Defendant In Proper Person

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October, 2008, I forwarded a true and correct copy of the foregoing DEFENDANT DANIEL G. CHAPMAN'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION by email to the following:

| | |
|---|---|
| Silvestre A. Fontes, Esq.<br>fontess@sec.gov | Sean T. Prosser, Esq.<br>sprosser@mofo.com |
| Thomas J. Rappaport, Esq.<br>rappaportt@sec.gov | David London, Esq.<br>longond@sec.gov |
| Robert D. O'Connor, Esq.<br>oconnord@sec.gov | Britt Collins, Esq.<br>collinsb@sec.gov |
| Blaine T. Welsh, Esq.<br>Blaine.Welsh@usdoj.gov | Tyson E. Marshall, Esq.<br>tmarshall@mofo.com |
| David J. Merrill, Esq.<br>dmerrill@baileykennedy.com | James N. Barber, Esq.<br>barber.jn@comcast.net |
| Donald J. Christie, Esq.<br>donchristie@aol.com | Kelly O. Slade, Esq.<br>kslade@embarqmail.com |
| Thomas W. Davis, II, Esq.<br>twd@h2law.com | O. Robert Meridith, Esq.<br>Robert@meredithlaw.com |
| David A. Zisser<br>dzisser@ir-law.com | Sean P. Flanagan<br>grumpysean@yahoo.com |

And mailed by first class mail, postage prepaid, to the following:

Mr. James L. Ericksteen
Apt. 1502
1228 West Hastings Street
Vancouver, B.C. V6E 4S6

Dated: October 16, 2008

Daniel G. Chapman
1235 N. Clybourn Avenue
Suite A-187
Chicago, IL 60610

# EXHIBIT 3

# EXHIBIT 3

**Daniel G. Chapman**
**1235 N. Clybourn Avenue**
**Suite A-187**
**Chicago, IL 60610**
**(702) 528-7374**
**DGCHAP@COX.NET**
**Defendant in Proper Person**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Securities and Exchange Commission,           }
                                              }
                              Plaintiff       }
                                              }
              vs.                             }
                                              }
Exotics.Com, Inc., L. Rex Andersen,           }
Marlin R. Brinsky, Daniel G. Chapman,         }        CV-S-05-0531-PMP-GWF
Stephen P. Corso, Jr., Barry F. Duggan,       }
Firoz Jinnah, Ingo W. Mueller,                }
Brian K. Rabinovitz, Edward James Wexler,     }
Gary Thomas a/k/a Gary Thomas Vojtesak        }
                                              }
                              Defendants      }
                                              }
              and                             }
                                              }
Flanagan & Associates, LTD.,                  }
                                              }
                      Relief Defendant        }

### DEFENDANT DANIEL G. CHAPMAN'S FIRST SET OF
### REQUESTS FOR PRODUCTION OF DOCUMENTS TO
### PLAINTIFF SECURITIES AND EXCHANGE COMMISSION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Daniel G.
Chapman hereby requests that Plaintiff Securities and Exchange Commission produce the
following DOCUMENTS and materials for copying and inspection at 1235 N. Clybourn
Avenue, Suite A-187, Chicago, IL 60610, no later than thirty (30) days after service.

### INSTRUCTIONS

A.       These Requests apply to all DOCUMENTS in YOUR possession, custody, or
control, regardless of the location of the DOCUMENT, and include all drafts or
copies of such DOCUMENTS that differ in any respect from the original, whether

because of handwritten notations or otherwise. If any existing DOCUMENT responsive to these Requests was, but no longer is, in YOUR possession, custody or control, identify that DOCUMENT and the PERSON who now has possession, custody or control of such DOCUMENT.

B.   Produce all DOCUMENTS as they were kept in the ordinary course of business. Any DOCUMENT responsive to any Request for production listed below must be provided in its entirety, including all attachments and enclosures. DOCUMENTS that are in file folders or enclosures shall be produced in such form and shall indicate the PERSON from whose files each DOCUMENT was produced. If copies are made of DOCUMENTS with notes attached on the front or back via adhesive or the like, they shall be produced both with and without the attached adhesive notes.

C.   In the event that any DOCUMENT called for by these Requests is to be withheld on the basis of a claim of privilege, that DOCUMENT is to be identified by stating: i) any addresser and/or addressee, ii) all recipients of copies, iii) the DOCUMENT's date, subject matter, number of pages, and any attachments or appendices, iv) all PERSONS to whom the DOCUMENT was distributed, shown, or explained, v) its present custodian, and vi) the nature of the privileges asserted.

D.   In the event that any DOCUMENT called for by these Requests or any subsequent Requests has been destroyed or discarded, that DOCUMENT is to be identified by stating: i) any addresser and/or addressee, ii) all recipients of copies, iii) the DOCUMENT's date, subject matter, number of pages, and any attachments or appendices, iv) all PERSONS to whom the DOCUMENT was distributed, shown, or explained, v) the date and manner of, and reason for, destruction or discard, vi) the PERSONS who are authorized to carry out such destruction or discard, and vii) whether any copies of the DOCUMENT presently exist and, if so, the name and current or last known address of the custodian of each copy.

E.      These Requests shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

F.      If YOU find the meaning of any term in these Requests to be unclear, YOU shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning.

**DEFINITIONS**

13.     The conjunctive term "AND" shall include the disjunctive term "OR" and vice versa, as necessary to make the Request in which it is used inclusive rather than exclusive; the singular shall include the plural, and vice versa; a feminine pronoun shall include the masculine and neuter pronoun, and vice versa; the use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the Request in which it is used DOCUMENTS that might otherwise be construed as outside its scope.

14.     The term "COMMUNICATION" means and includes, without limitation, any meeting, discussion, contact, conference, telephone conversation, letter, e-mail transmission, Internet posting, memorandum, message, telegram, telefax, mailgram, billing statement, xerographic transmission, or any electronic recording or other form of written or oral information transmission or exchange. Any Request seeking information relating in any way to communications to, from, or within a business and/or corporate entity includes all communications by and between any officers, directors, agents, employees, representatives, and/or attorneys of the business and/or corporate entity.

15.     The term "DOCUMENT" shall have the broadest possible meaning as permitted by Rules 26 and 34 of the FRCP and relevant case law, and includes COMMUNICATIONS as well as "writings," "recordings," and "photographs," as defined by Federal Rules of Evidence. "DOCUMENTS" shall also include materials stored electronically or electromagnetically (e.g., electronic mail) and all drafts or

other non-final versions, alterations, modifications and amendments to any of the foregoing.

16.     The terms "YOU" and "YOUR", together with any variations of those terms, refer to the Plaintiff Securities and Exchange Commission, and any of its agents, employees, attorneys, or other representatives.

17.     The word "INCLUDING" is intended to be comprehensive and means "including but not limited to."

18.     The term "PERSON" means any natural person, association, limited liability company, partnership, or corporation.

19.     The phrase "RELATING TO" or "IN RELATION TO" shall be construed in its broadest sense to require information or DOCUMENTS which constitute, concern, pertain to, mention, evidence, describe, discuss, refer to (directly or indirectly), reflect, comment upon or summarize the subject of any particular Request for DOCUMENTS.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request for Production #1**: Produce all DOCUMENTS identified in YOUR response to Interrogatory #1 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Request for Production #2**: Produce all DOCUMENTS identified in YOUR response to Interrogatory #2 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Request for Production #3**: Produce all DOCUMENTS identified in YOUR response to Interrogatory #3 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Request for Production #4**: Produce all DOCUMENTS identified in YOUR response to Interrogatory #4 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

1    **Request for Production #5**: Produce all DOCUMENTS identified in YOUR response

2    to Interrogatory #5 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff

3    Securities and Exchange Commission.

4    **Request for Production #6**: Produce all DOCUMENTS that support YOUR response

5    to Interrogatory #6 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff

6    Securities and Exchange Commission.

7    **Request for Production #7**: Produce all DOCUMENTS identified in YOUR response

8    to Interrogatory #7 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff

9    Securities and Exchange Commission.

10   **Request for Production #8**: Produce all DOCUMENTS identified in YOUR response

11   to Interrogatory #8 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff

12   Securities and Exchange Commission.

13   **Request for Production #9**: Produce all DOCUMENTS that support YOUR response

14   to Interrogatory #9 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff

15   Securities and Exchange Commission.

16   **Request for Production #10**: Produce all DOCUMENTS that support YOUR response

17   to Interrogatory #10 of Defendant Daniel G. Chapman's First Set of Interrogatories to

18   Plaintiff Securities and Exchange Commission.

19   **Request for Production #11**: Produce all DOCUMENTS that support YOUR response

20   to Interrogatory #11 of Defendant Daniel G. Chapman's First Set of Interrogatories to

21   Plaintiff Securities and Exchange Commission.

22   **Request for Production #12**: Produce all DOCUMENTS that support YOUR response

23   to Interrogatory #12 of Defendant Daniel G. Chapman's First Set of Interrogatories to

24   Plaintiff Securities and Exchange Commission.

25   **Request for Production #13**: Produce all DOCUMENTS identified in YOUR response

26   to Interrogatory #13 of Defendant Daniel G. Chapman's First Set of Interrogatories to

27   Plaintiff Securities and Exchange Commission.

**Request for Production #14**: Produce all DOCUMENTS identified in YOUR response to Interrogatory #14 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Request for Production #15**: Produce all DOCUMENTS identified in YOUR response to Interrogatory #15 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Request for Production #16**: Produce all DOCUMENTS identified in YOUR response to Interrogatory #16 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Request for Production #17**: Produce all DOCUMENTS identified in YOUR response to Interrogatory #17 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

Dated: October 16, 2008

Daniel G. Chapman
1235 N. Clybourn Avenue
Suite A-187
Chicago, IL 60610
Defendant In Proper Person

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October, 2008, I forwarded a true and correct copy of the foregoing DEFENDANT DANIEL G. CHAPMAN'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION by email to the following:

| | |
|---|---|
| Silvestre A. Fontes, Esq. | Sean T. Prosser, Esq. |
| fontess@sec.gov | sprosser@mofo.com |
| | |
| Thomas J. Rappaport, Esq. | David London, Esq. |
| rappaportt@sec.gov | longond@sec.gov |
| | |
| Robert D. O'Connor, Esq. | Britt Collins, Esq. |
| oconnord@sec.gov | collinsb@sec.gov |
| | |
| Blaine T. Welsh, Esq. | Tyson E. Marshall, Esq. |
| Blaine.Welsh@usdoj.gov | tmarshall@mofo.com |
| | |
| David J. Merrill, Esq. | James N. Barber, Esq. |
| dmerrill@baileykennedy.com | barber.jn@comcast.net |
| | |
| Donald J. Christie, Esq. | Kelly O. Slade, Esq. |
| donchristie@aol.com | kslade@embarqmail.com |
| | |
| Thomas W. Davis, II, Esq. | O. Robert Meridith, Esq. |
| twd@h2law.com | Robert@meredithlaw.com |
| | |
| David A. Zisser | Sean P. Flanagan |
| dzisser@ir-law.com | grumpysean@yahoo.com |

And mailed by first class mail, postage prepaid, to the following:

Mr. James L. Ericksteen
Apt. 1502
1228 West Hastings Street
Vancouver, B.C. V6E 4S6

Dated: October 16, 2008

Daniel G. Chapman
1235 N. Clybourn Avenue
Suite A-187
Chicago, IL 60610