# Exhibit 4

# Exhibit 4

Silvestre A. Fontes
Thomas J. Rappaport
David H. London
Rachel E. Hershfang
ATTORNEYS FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION
33 Arch Street
Boston, Massachusetts 02110
(617) 573-8991 (Fontes)/ -8987 (Hershfang)
(617) 573-4590 (fax)
fontess@sec.gov; hershfangr@sec.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>EXOTICS.COM, INC., L. REX ANDERSEN, )<br>MARLIN R. BRINSKY, DANIEL G. CHAPMAN, )<br>STEPHEN P. CORSO, JR., BARRY F. DUGGAN, )<br>JAMES L. ERICKSTEEN, SEAN P. FLANAGAN, )<br>FIROZ JINNAH, INGO W. MUELLER, )<br>BRIAN K. RABINOVITZ, EDWARD JAMES )<br>WEXLER, GARY THOMAS a/k/a GARY )<br>THOMAS VOJTESAK, )<br>Defendants, )<br>)<br>and )<br>)<br>FLANAGAN & ASSOCIATES, LTD., )<br>Relief Defendant. )<br>_____ ) | Case No.<br>CV-S-05-0531-PMP-(GWF) |

**SECURITIES AND EXCHANGE COMMISSION'S RESPONSES AND
OBJECTIONS TO DEFENDANT DANIEL G. CHAPMAN'S FIRST SET OF
REQUESTS FOR ADMISSION**

The Securities and Exchange Commission ("Commission"), pursuant to Rule 26

of the Federal Rules of Civil Procedure, hereby responds, subject to the objections noted

below, to the Requests for Admission propounded by Defendant Daniel Chapman dated October 16, 2008.

### General Responses and Objections

1.  The Commission objects to the Interrogatories, Definitions and Instructions contained therein to the extent that they purport to impose obligations on the Commission beyond the requirements of the Federal Rules of Civil Procedure and the local rules of the United States District Court for the District of Nevada.

2.  The Commission objects to the Requests for Admission and the Definitions contained therein to the extent that they are not limited to any time period.

3.  The Commission objects to the Requests for Admission to the extent that the Commission lacks information or knowledge necessary to respond to the requests prior to conducting additional discovery.

4.  The following responses are submitted subject to, and without in any way waiving or intending to waive, the above objections, as well as:

    (a)   the right to object to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any of the responses given or the subject matter thereof in any subsequent proceeding in, or the trial of, this action or any action or proceeding;

    (b)   the right to conduct additional discovery involving or related to the same subject matter as any Request for Admission herein responded to;

    (c)   the right to object to other discovery procedures involving or related to the same subject matter as any Request for Admission herein responded to; and

(d)      the right at any time to revise, correct, add to, or clarify any of the responses set forth herein.

The following specific responses and objections are expressly subject to, do not constitute a waiver of, and implicitly incorporate all of the above general objections.

### Requests for Admission

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Denied.  Further answering, the Commission states that Chapman & Flanagan was involved in reviewing text of misleading messages prior to dissemination, as described, by way of example but not limitation, in the Commission Investigative Testimony of Firoz Jinnah (3/2/04), pp. 83-84; Firoz Jinnah (6/14/02) pp. 50-52, 56-57.

5.      Denied.  Further answering, the Commission states that Chapman & Flanagan, through an S-8 registration statement prepared by them, provided Ericksteen with the shares used in this manipulative trading, and were part of the broader scheme to manipulate.

6.      Admitted with respect to the allegations in ¶¶ 47-49; denied with respect to the allegations in ¶46.  Further answering, the Commission states that Chapman & Flanagan was involved in the purported loan transaction through which Wexler and Lane obtained the Exotics stock used in the manipulative trading.  See, for example, documents including without limitation the Commission Investigative Testimony of William Lane, pp. 95-126, 158-168, and Investigative Exhibits 21-25.

3

7.     Denied.  Further answering, the Commission states that Chapman & Flanagan was involved in reviewing text of misleading messages prior to dissemination, as described, by way of example but not limitation, in the Commission Investigative Testimony of Barry Duggan, pp. 196-202, 207-211, 217-221, Ingo Mueller (8/30/02 ), pp. 297-324; Ingo Mueller (3/19/04), pp. 119-129, and Firoz Jinnah (6/14/02), pp. 172-186; Firoz Jinnah (8/27/02), pp. 346-358; Firoz Jinnah (3/2/04), pp. 123-124,  as well as Investigative Exhibits 88-90 and 401.

8.     Admitted with respect to the allegations in ¶¶ 58-66; denied with respect to the allegations in ¶ 57.  Further answering, the Commission states that Chapman & Flanagan referred Exotics to MFRC as an audit client. Evidence of this relationship includes, but is not limited to, the Commission Investigative testimony of Stephen Corso (pp. 54-68) and Marlin Brinsky (6/27/03), p. 170 and Investigative Exhibit 225.

9.     Denied.  Further answering, the Commission states that Chapman & Flanagan was involved in preparing the amended Form 8-K for 2001.  Evidence of this relationship includes, but is not limited to, the Commission Investigative Testimony of Ingo Mueller (3/19/04), pp. 139-142, Firoz Jinnah (3/2/04), pp. 60-63 and Daniel Chapman, pp. 99-101.

10.     Denied.  Further answering, the Commission states that Chapman & Flanagan was involved in preparing the 2001 Third Quarter Form 10-QSB; see, e.g., Commission Investigative Testimony of Ingo Mueller (3/19/04), pp. 139-142, Firoz Jinnah (3/2/04), pp. 60-63, Daniel Chapman, pp. 99-101; Marlin Brinsky (5/8/02), pp. 53-67, 72-91, 94-96; Marlin Brinsky (6/27/03), pp. 195-199.

11.     Admitted.

4

12.     Denied.  Further answering, the Commission states that Chapman & Flanagan was involved in preparing the 2001 Form 10-KSB; see, e.g., Commission Investigative Testimony of Ingo Mueller (3/19/04), pp. 139-142, Firoz Jinnah (3/2/04), pp. 60-63, Daniel Chapman, pp. 99-101.

13.     Denied.  Further answering, the Commission states that Chapman & Flanagan was counsel to Exotics (and other defendants) during the time period at issue.

14.     Admitted.


Dated: November 17, 2008

Respectfully submitted,

_Silvestre A. Fontes_
Silvestre A. Fontes
Thomas J. Rappaport
David H. London
Rachel E. Hershfang
ATTORNEYS FOR PLAINTIFF
SECURITIES AND EXCHANGE
  COMMISSION
33 Arch Street
Boston, Massachusetts 02110
(617) 573-8991 (Fontes)
(617) 573-8987 (Hershfang)
(617) 573-4590 (fax)
fontess@sec.gov
hershfangr@sec.gov

## CERTIFICATE OF SERVICE

I, Rachel E. Hershfang, hereby certify that I today caused copies of the Securities and Exchange Commission's Responses And Objections to Daniel G. Chapman's First Set of Requests for Admission to be served via ECF and/or first-class U.S. mail upon the following:

O. Robert Meredith, Esq                    Kelly O. Slade, Esquire
1111 Brickyard Rd.                          Law Offices of Kelly Slade, Ltd.
Suite 206                                   601 South 10th Street, Suite 102

Salt Lake City, UT  84106
Robert@meredithlaw.com
Andersen)
(counsel for defendant Andersen)

Daniel G. Chapman, Esquire
1235 N. Clybourn
Suite A-187
Chicago, IL 60610
DGChap@cox.net
(pro se)

David A. Zisser, Esquire
Isaacson, Rosenbaum, Woods & Levy
633 17th Street, Suite 2200
Denver, CO 80202-3622
dzisser@ir-law.com
(counsel for Jinnah and Mueller)

James L. Ericksteen
1228 West Hastings St. # 1502
Vancouver, B.C.    V6E 4S6
CANADA
(pro se)

Patrick M. Passenheim, Esq.
Attorney at Law
3233 Third Avenue 332 S. Jones Blvd.
San Diego, CA 92103
Tel:  (619) 243-7333  (office)
Tel:  (858) 483-0114  (home/cell)
e-mail:  jpfiffne@san.rr.com
(counsel for Ericksteen – hasn't filed appearance)

David J. Merrill, Esquire
David J. Merrill, P.C.
2850 West Horizon Ridge Parkway
Suite 200
Las Vegas, NV 89107
(local counsel for defendants Rabinovitz
and Brinsky)
November 17, 2008

Las Vegas, NV 89101
(local counsel for defendant

Donald J. Christie, Esquire
1137 South Rancho Dr.
Las Vegas, NV 89102
donchristie@aol.com
(counsel for defendant Corso)

Sean T. Prosser, Esquire
Tyson E. Marshall, Esquire
Morrison & Foerster LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130-2040
sprosser@mofo.com
Tmarshall@mofo.com
(counsel for Rabinovitz and Brinsky)

Steve M. Kaplan, Esquire
Rosenfeld & Kaplan, LLP
535 Fifth Avenue
New York, NY 10017
steve@rosenfeldlaw.com
(counsel for defendant Wexler)

Sean P. Flanagan, Esquire
332 South Jones Blvd.
Las Vegas, NV 89107
(pro se)

Flanagan & Associates, Ltd.
332 S. Jones Blvd.
Las Vegas, NV 89107
(pro se)

Rachel E. Hershfang

6

# Exhibit 5

# Exhibit 5

Silvestre A. Fontes
Thomas J. Rappaport
David H. London
Rachel E. Hershfang
ATTORNEYS FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION
33 Arch Street
Boston, Massachusetts 02110
(617) 573-8991 (Fontes)/ -8987 (Hershfang)
(617) 573-4590 (fax)
fontess@sec.gov; hershfangr@sec.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>EXOTICS.COM, INC., L. REX ANDERSEN, )<br>MARLIN R. BRINSKY, DANIEL G. CHAPMAN, )<br>STEPHEN P. CORSO, JR., BARRY F. DUGGAN, )<br>JAMES L. ERICKSTEEN, SEAN P. FLANAGAN, )<br>FIROZ JINNAH, INGO W. MUELLER, )<br>BRIAN K. RABINOVITZ, EDWARD JAMES )<br>WEXLER, GARY THOMAS a/k/a GARY )<br>THOMAS VOJTESAK, )<br>Defendants, )<br> )<br>and )<br> )<br>FLANAGAN & ASSOCIATES, LTD., )<br>Relief Defendant. )<br>_____ ) | Case No.<br>CV-S-05-0531-PMP-(GWF) |

SECURITIES AND EXCHANGE COMMISSION'S RESPONSE AND
OBJECTIONS TO DEFENDANT DANIEL G. CHAPMAN'S FIRST SET OF
INTERROGATORIES

The Securities and Exchange Commission ("Commission"), pursuant to Rule 33

of the Federal Rules of Civil Procedure, hereby responds, subject to the objections noted

below, to the Interrogatories propounded by Defendant Daniel Chapman dated October 16, 2008.

### General Responses and Objections

1.      The Commission objects to the Interrogatories, Definitions and Instructions contained therein to the extent that they purport to impose obligations on the Commission beyond the requirements of the Federal Rules of Civil Procedure and the local rules of the United States District Court for the District of Nevada.

2.      The Commission objects to the Interrogatories, Definitions and Instructions contained therein to the extent that they call for information protected by attorney-client privilege, work-product immunity, law enforcement privilege, deliberative privilege, or any other privilege or immunity.  Should the Commission inadvertently provide any information protected by any such privilege or immunity, such disclosure shall in no way be intended, nor should it be construed, as a waiver of any privilege or immunity.

3.      The Commission objects to the Interrogatories, Definitions and Instructions contained therein to the extent that they are not limited to any time period.

4.      The following responses are submitted subject to, and without in any way waiving or intending to waive, the above objections, as well as:

        (a)      the right to object to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any of the response given or the subject matter thereof in any subsequent proceeding in, or the trial of, this action or any action or proceeding;

        (b)      the right to object to other discovery procedures involving or related to the same subject matter as the interrogatories herein responded to; and

2

(c)     the right at any time to revise, correct, add to, or clarify any of the responses set forth herein.

5.     The Commission objects to the Interrogatories to the extent that they purport to require the Commission to identify each and every document that may be contained in its files that may support the contentions contained within the Commission's Complaint, and to describe each document, including its history, as well as the witness who will introduce the document at trial, on the grounds that this requirement is unduly burdensome, unreasonable and intended to harass, and that the Commission has already provided the defendants with access to the non-privileged documents in its investigative file. Where an interrogatory requests that the Commission "IDENTIFY all EVIDENCE" (or any other similar phraseology) that supports either an allegation or contention within the Complaint (or one of its paragraphs), the Commission will identify information and/or documents that formed the source of the allegation. The Commission objects to the effort to limit the Commission's reliance on documents or witnesses as premature and unduly restrictive. Fact discovery in this matter is currently scheduled to continue until March 18, 2009. Moreover, under the Federal Rules of Civil Procedure and the Local Rules for the District of Nevada, witness and exhibit lists are not currently due to be exchanged until May 19, 2009, at the earliest. *See* Order dated May 19, 2008 (D. 113); Fed. R. Civ. P. 26(a)(3); D. Nev. L.R. 26-1(e)(6). The Commission's Specific Responses are being provided without waiver or prejudice to the Commission's right, at any other time, to rely upon any other of the documents and transcripts contained within its investigative files, or any other documents or statements provided during discovery, to prove any of the contentions contained within the Complaint.

6.      The Commission objects to the definition of "EVIDENCE" as purporting to

include items that are not evidence, such as "case laws, statutes, regulations."

7.      The Commission objects to the Interrogatories to the extent they seek information

that is not available to the Commission, information that is at least equally available to

the defendants, or information that could be derived or ascertained by the defendants

(with substantially the same effort that would be required of the Commission) from

documents made available to the defendants

        The following specific responses and objections are expressly subject to, do not

constitute a waiver of, and implicitly incorporate all of the above general objections.

<u>**Specific Responses and Objections**</u>

**Interrogatory No. 1:**

        Please IDENTIFY all EVIDENCE upon which YOU intend to rely at trial to

support YOUR assertion in Paragraph 90 of the COMPLAINT that Mr. Chapman

violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

**Response to Interrogatory No. 1:**

        The Commission objects to this Interrogatory as overly broad and unduly

burdensome and designed to harass or distract from litigation.  Without waiving any

objections, the Commission responds that documents and evidence responsive to this

Interrogatory include, without limitation, documents evidencing trades in Exotics stock,

including those records of trades in the escrow account of the Chapman & Flanagan law

firm (hereinafter, "Chapman & Flanagan"), including without limitation documents

produced by Equitrade Securities (Bates Nos. B-01729-EQU-193131338-00069 through -

00132); filings with the Commission, including without limitation Investigative Exhibits

4

64, 70, 71, 92, 382 ; and Commission Investigative Testimony of Ingo Mueller

("Mueller") and Firoz Jinnah ("Jinnah") about the role played by Chapman & Flanagan.

See, e.g., Mueller (10/10/03): pp 5-7, 9, 11-13, 17-18, 20-21, 23-28, 29-33, 36-37, 42-45,

51-52, 62-67; Mueller (3/19/04): pp. 43, 50-51, 56-60, 65-73, 89, 114; Jinnah (6/14/02):

pp. 144-147, 164, 168, 186-188; Jinnah (3/2/04):  pp. 26-29, 37-40, 44, 51-52, 54-57, 60.

**Interrogatory No. 2:**

Please IDENTIFY all EVIDENCE upon which YOU intend to rely at trial to

support YOUR assertion in Paragraph 90 of the COMPLAINT that Mr. Chapman acted

intentionally, knowingly or recklessly in violating Section 10(b) of the Exchange Act and

Rule 10b-5 thereunder.

**Response to Interrogatory No. 2:**

The Commission objects to this Interrogatory as overly broad and unduly

burdensome and designed to harass or distract from litigation.  Without waiving any

objections, the Commission responds that documents and evidence responsive to this

Interrogatory include, without limitation, documents evidencing trades in Exotics stock,

including those records of trades in the escrow account of the Chapman & Flanagan law

firm (hereinafter, "Chapman & Flanagan"), including without limitation documents

produced by Equitrade Securities (Bates Nos. B-01729-EQU-193131338-00069 through -

00132); filings with the Commission, including without limitation Investigative Exhibits

64, 70, 71, 92, 382 ; and Commission Investigative Testimony of Ingo Mueller

("Mueller") and Firoz Jinnah ("Jinnah") about the role played by Chapman & Flanagan.

See, e.g., Mueller (10/10/03): pp 5-7, 9, 11-13, 17-18, 20-21, 23-28, 29-33, 36-37, 42-45,

51-52, 62-67; Mueller (3/19/04): pp. 43, 50-51, 56-60, 65-73, 89, 114; Jinnah (6/14/02): pp. 144-147, 164, 168, 186-188; Jinnah (3/2/04):  pp. 26-29, 37-40, 44, 51-52, 54-57, 60.

**Interrogatory No. 3:**

Please IDENTIFY all of the EVIDENCE upon which YOU intend to rely at trial to support YOUR allegation in Paragraph 91 of the COMPLAINT that Mr. Chapman, unless enjoined, will continue to violate Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

**Response to Interrogatory No. 3:**

The Commission objects to this Interrogatory as overly broad and unduly burdensome and designed to harass or distract from litigation.  Without waiving any objections, the Commission responds that documents and evidence responsive to this Interrogatory include, without limitation, documents evidencing trades in Exotics stock, including those records of trades in the escrow account of the Chapman & Flanagan law firm (hereinafter, "Chapman & Flanagan"), including without limitation documents produced by Equitrade Securities (Bates Nos. B-01729-EQU-193131338-00069 through -00132); filings with the Commission, including without limitation Investigative Exhibits 64, 70, 71, 92, 382 ; and Commission Investigative Testimony of Ingo Mueller ("Mueller") and Firoz Jinnah ("Jinnah") about the role played by Chapman & Flanagan. See, e.g., Mueller (10/10/03): pp 5-7, 9, 11-13, 17-18, 20-21, 23-28, 29-33, 36-37, 42-45, 51-52, 62-67; Mueller (3/19/04): pp. 43, 50-51, 56-60, 65-73, 89, 114; Jinnah (6/14/02): pp. 144-147, 164, 168, 186-188; Jinnah (3/2/04):  pp. 26-29, 37-40, 44, 51-52, 54-57, 60. In addition to the foregoing, the Commission reserves the right to offer evidence of Chapman & Flanagan's pattern and practice related to the location and purchase of

6

"shell" corporations, the execution of mergers and reverse mergers with those corporations, and the financing of those transactions through stock issuances. See, e.g., *United States v. Chapman*, 524 F.3d 1073, 1077-78 (9th Cir. 2008) (describing alleged practice by Chapman and Flanagan of creating and merging shell corporations). Further answering, the Commission states that, among other things, Chapman & Flanagan's egregious conduct (as outlined in the Complaint), Chapman's failure to demonstrate any remorse for any of his conduct, and his current profession support its contention that, unless enjoined, Chapman "will continue to violate Section 10(b) of the Exchange Act and Rule 10b-5 thereunder."

**Interrogatory No. 4:**

Please IDENTIFY all of the EVIDENCE upon which YOU intend to rely at trial to support YOUR assertion in Paragraph 107 of the COMPLAINT that Mr. Chapman knew or was reckless in not knowing, that the conduct of all of the other MANIPULATION DEFENDANTS in the alleged manipulation scheme was improper, and that he knowingly and substantially assisted the MANIPULATION DEFENDANTS' violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

**Response to Interrogatory No. 4:**

The Commission objects to this Interrogatory as overly broad and unduly burdensome and designed to harass or distract from litigation. Without waiving any objections, the Commission responds that documents and evidence responsive to this Interrogatory include, without limitation, documents evidencing trades in Exotics stock, including those records of trades in the escrow account of the Chapman & Flanagan law firm (hereinafter, "Chapman & Flanagan"), including without limitation documents

7

produced by Equitrade Securities (Bates Nos. B-01729-EQU-193131338-00069 through -00132); filings with the Commission, including without limitation Investigative Exhibits 64, 70, 71, 92, 382 ; and Commission Investigative Testimony of Ingo Mueller ("Mueller") and Firoz Jinnah ("Jinnah") about the role played by Chapman & Flanagan. See, e.g., Mueller (10/10/03): pp 5-7, 9, 11-13, 17-18, 20-21, 23-28, 29-33, 36-37, 42-45, 51-52, 62-67; Mueller (3/19/04): pp. 43, 50-51, 56-60, 65-73, 89, 114; Jinnah (6/14/02): pp. 144-147, 164, 168, 186-188; Jinnah (3/2/04):  pp. 26-29, 37-40, 44, 51-52, 54-57, 60. In addition to the foregoing, the Commission reserves the right to offer evidence of Chapman & Flanagan's pattern and practice related to the location and purchase of "shell" corporations, the execution of mergers and reverse mergers with those corporations, and the financing of those transactions through stock issuances.  See, e.g., *United States v. Chapman*, 524 F.3d 1073, 1077-78 (9th Cir. 2008) (describing alleged practice by Chapman and Flanagan of creating and merging shell corporations).

**Interrogatory No. 5:**

Please IDENTIFY all of the evidence upon which YOU intend to rely at trial to support YOUR allegation in Paragraph 113 of the COMPLAINT that Mr. Chapman, unless enjoined, will continue to aid and abet the Manipulation Defendants' violations of Section 10(b) of the Exchange Act and Rule 10(b)(5) thereunder.

**Response to Interrogatory No. 5:**

The Commission objects to this Interrogatory as overly broad and unduly burdensome and designed to harass or distract from litigation.  Without waiving any objections, the Commission responds that documents and evidence responsive to this Interrogatory include, without limitation, documents evidencing trades in Exotics stock,

including those records of trades in the escrow account of the Chapman & Flanagan law firm (hereinafter, "Chapman & Flanagan"), including without limitation documents produced by Equitrade Securities (Bates Nos. B-01729-EQU-193131338-00069 through -00132); filings with the Commission, including without limitation Investigative Exhibits 64, 70, 71, 92, 382 ; and Commission Investigative Testimony of Ingo Mueller ("Mueller") and Firoz Jinnah ("Jinnah") about the role played by Chapman & Flanagan. See, e.g., Mueller (10/10/03): pp 5-7, 9, 11-13, 17-18, 20-21, 23-28, 29-33, 36-37, 42-45, 51-52, 62-67; Mueller (3/19/04): pp. 43, 50-51, 56-60, 65-73, 89, 114; Jinnah (6/14/02): pp. 144-147, 164, 168, 186-188; Jinnah (3/2/04): pp. 26-29, 37-40, 44, 51-52, 54-57, 60. In addition to the foregoing, the Commission reserves the right to offer evidence of Chapman & Flanagan's pattern and practice related to the location and purchase of "shell" corporations, the execution of mergers and reverse mergers with those corporations, and the financing of those transactions through stock issuances. See, e.g., *United States v. Chapman*, 524 F.3d 1073, 1077-78 (9th Cir. 2008) (describing alleged practice by Chapman and Flanagan of creating and merging shell corporations). Further answering, the Commission states that, among other things, Chapman & Flanagan's egregious conduct (as outlined in the Complaint), Chapman's failure to demonstrate any remorse for any of his conduct, and his current profession support its contention that, unless enjoined, Chapman "will continue to aid and abet" violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

**Interrogatory No. 6:**

Please IDENTIFY all of the alleged "ill-gotten gains" that YOU are asking Mr.

Chapman to disgorge in Paragraph VII of the Prayer for Relief section of the

COMPLAINT.

**Response to Interrogatory No. 6:**

The Commission states that Chapman & Flanagan received compensation for

working for Mueller/Exotics. Based on the information currently available to the

Commission, including without limitation Investigative Exhibits 285, 329 and

documents produced by West America Securities, Bates Nos. B-01729-WAS-

193131343-00001 thru -00201, the Commission submits that Chapman's "ill-gotten

gains" are no less than $29,523.10, excluding pre-judgment interest.

**Interrogatory No. 7:**

Please IDENTIFY all COMMUNICATIONS that YOU have had with other

AGENCIES, including but not limited to, the United States Department of Justice, and

the Office of the United States Attorney for the District of Nevada concerning Mr.

Chapman.

**Response to Interrogatory No. 7:**

The Commission objects to this Interrogatory as calling for matters falling within

a privilege, including without limitation the privileges cited in the General Objections,

and therefore declines to answer.

**Interrogatory No. 8:**

Please IDENTIFY all COMMUNICATIONS that YOU have had with any other

individuals or entities concerning Mr. Chapman in connection with any other legal

actions in which Mr. Chapman was a party.

**Response to Interrogatory No. 8**:

The Commission objects to this Interrogatory as calling for matters falling within

a privilege, including without limitation the privileges cited in the General Objections,

and therefore declines to answer.

**Interrogatory No. 9:**

Please describe, in detail, and concerning Mr. Chapman's involvement with the

preparation of false and misleading books and records or public announcements as

alleged in Paragraph 2 of the COMPLAINT.  Include in your response the dates on which

each of these false and misleading items were filed, released or otherwise disseminated.

**Response to Interrogatory No. 9:**

The Commission objects to this Interrogatory on the grounds that it is

ungrammatical and confusing.  The Commission further objects to this Interrogatory on

the grounds that it is burdensome and harassing, in that it seeks information, such as the

dates of filings, that is available in the Complaint.  Without waiving any objection, the

Commission responds under the assumption that the question seeks evidence pertaining

to Mr. Chapman's role in the preparation of false and misleading books and records or

public announcements, as alleged in paragraph 2 of the Complaint.  Evidence of Mr.

Chapman's involvement includes, without limitation, the Commission Investigative

Testimony of Chapman: pp. 82, 97-99, 101, 111-114; Commission Investigative

Testimony of Jinnah (6/14/02): pp. 144-147, 164, 168, 186-188; Commission

Investigative Testimony of Jinnah (8/27/02): pp. 261-262; Commission Investigative

Testimony of Jinnah (3/2/04): pp. 60-63, 84, 86; and Investigative Exhibits 64, 70, 71,

92, 382.

**Interrogatory No. 10:**

Please describe, in detail, and IDENTIFY all COMMUNICATIONS concerning

any and all of the "respects" in which fraudulent trading activities were coordinated by

Chapman & Flanagan, as alleged in Paragraph 3 of the COMPLAINT.  Include in YOUR

response the dates on which each of these coordinated activities took place.

**Response to Interrogatory No. 10:**

The Commission objects to this Interrogatory as overly broad and unduly

burdensome and designed to harass or distract from litigation.  Without waiving any

objections, the Commission responds that documents and evidence responsive to this

Interrogatory include, without limitation, documents and evidence showing that Chapman

was hired to find a shell corporation and did so; negotiated the purchase of that shell; and

aided and abetted a manipulation scheme with respect to the merger of Exotics-Delaware

and the shell (subsequently Exotics-Nevada), including, without limitation, the following

Commission Investigative Testimony: Mueller (10/10/03): pp 5-7, 9, 11-13, 17-18, 20-

21, 23-28, 29-33, 42-45, 51-52, 62-67; Mueller (3/19/04): pp. 43, 50-51, 56-60, 65-73,

89, 114; Jinnah (3/2/04): pp. 26-29, 37-40, 44, 51-52, 54-57, 60; Kilgrow: pp. 33-35; and

Investigative Exhibits 21, 82, 83, 84, 85, 125, 241, 273, 274, 282, 283, 289, 302, 345, and

348.

**Interrogatory No. 11:**

Please describe, in detail, and IDENTIFY all communications concerning Mr. Chapman's participation in the manipulative trading portion of the manipulation scheme alleged in Paragraph 3 of the COMPLAINT. Include in YOUR response the dates on which each of these manipulative trades took place.

**Response to Interrogatory No. 11:**

The Commission objects to this Interrogatory as unduly burdensome and intended to harass, in that it seeks information, such as the dates of trades, that is equally available to the Defendant as to the Commission through, e.g., the documents previously produced, as well as the allegations in the Complaint. Without waiving any objection, the Commission responds that such communications include, but are not limited to, those identified in the Commission Investigative Testimony of Mueller and Jinnah, e.g., Mueller (10/10/03): pp. 13, 17-18, 24, 29-33, 36-37, 42-45, 62-67; Mueller (3/19/04): pp. 51, 73, 114; Jinnah (3/2/04): pp. 26-29. Further responding, the Commission refers Chapman to ¶¶ 40-42 of the Complaint, describing sales from the Chapman & Flanagan escrow account.

**Interrogatory No. 12:**

Please describe, in detail, and IDENTIFY all COMMUNICATIONS concerning Mr. Chapman's participation in the dissemination of the false press release, e-mail and fax spams which are alleged in Paragraph 3 of the COMPLAINT to have been part of the manipulation scheme. Include in YOUR response the dates on which each of these releases/spams were distributed.

**Response to Interrogatory No. 12:**

The Commission objects that the dates on which the alleged spams and releases were distributed are equally available to the defendant as to the Commission, as the documents have been produced to the defendant and he is as capable of reviewing the documents for this information as the Commission. Therefore, the Commission declines to respond to this Interrogatory at this time. Without waiving any objection, the Commission responds that, based on the information currently available to and known to it, Mr. Chapman does not appear to have been involved in disseminating the false e-mails, spams, and press releases. This response is given without prejudice to the Commission's amending it upon receipt of additional information, including without limitation the review for privileged material of information seized from the offices of Chapman & Flanagan, as well as the outcome of anticipated litigation over privilege claimed with respect to documents seized from the Canada offices of St. George Capital/Exotics, and the anticipated testimony of additional witnesses.

**Interrogatory No. 13:**

Please IDENTIFY all of the EVIDENCE upon which YOU intend to rely at trial to support YOUR allegation in Paragraph 23 of the COMPLAINT that Mr. Chapman arranged for Ingo Mueller, as an individual, to acquire Hardrock. In particular, describe all of Mr. Chapman's activities, and the dates on which these activities occurred.

**Response to Interrogatory No. 13:**

The Commission responds that such evidence includes, without limitation, the following Commission Investigative Testimony: Mueller (10/10/03): pp 5-7, 9, 11-13, 17-18, 20-21, 23-28, 29-33, 51-52; Mueller (3/19/04): pp. 43, 50-51, 56-60, 65-72, 89,

14

114; Jinnah (3/2/04): pp. 26-29, 37-40, 44, 51-52, 54-57, 60; Kilgrow: pp. 33-35;

McAllister: pp. 56-57, 65-69, 75-84, 103, 107, 116-117, as well as the following

Investigative Exhibits: 21, 82, 83, 84, 85/241, 273, 274, 282, 283, 289, 302, 345, and 348.

**Interrogatory No. 14:**

Please IDENTIFY all of the EVIDENCE upon which YOU intend to rely at trial

to support YOUR allegation in Paragraphs 33, 41, and 42 of the COMPLAINT, and in

open court on August 19, 2008, that Mr. Chapman sold any of the stock in the escrow

brokerage account. In particular, describe all of Mr. Chapman's activities, and the dates

on which these activities occurred.

**Response to Interrogatory No. 14:**

The Commission objects to this Interrogatory as overly broad, vexatious and

intended to harass, as it seeks from the plaintiff information that is better known to the

defendant -- for example, his own activities. Without waiving its objections, the

Commission responds that evidence responsive to this Interrogatory includes, without

limitation, the following Commission Investigative Testimony: Chapman: pp. 83-88, 97;

Mueller (10/10/03): pp. 13, 17-18, 24, 29-33, 36-37, 42-45, 62-67; Mueller (3/19/04):

pp. 51, 73, 114; Jinnah (3/2/04): pp. 26-29, as well as Investigative Exhibits 273, 274 and

documents produced by Equitrade Securities (Bates Nos. B-01729-EQU-193131338-

00069 through -00132).

**Interrogatory No. 15:**

Please IDENTIFY all of the EVIDENCE upon which YOU intend to rely at trial

to support YOUR allegation made in open court on August 19, 2008 that the escrow

brokerage account was the property of Mr. Chapman or the law firm of Chapman &

Flanagan, Ltd.

**Response to Interrogatory No. 15:**

The Commission responds that responsive information includes without limitation

the following Commission Investigative Testimony:  Chapman: pp. 83-88, 97; Mueller

(10/10/03): pp 13, 17-18, 24, 29-33, 42-45; Mueller (3/19/04): pp. 44-47, 51-60, 65, 74,

115-116, as well as Investigative Exhibits 125, 273, and 274 and documents produced by

Equitrade Securities (Bates Nos. B-01729-EQU-193131338-00069 through -00132).

**Interrogatory No. 16:**

Please IDENTIFY all of the EVIDENCE upon which YOU intend to rely at trial

to support YOUR allegation in Paragraphs 31 and 32 of the COMPLAINT, and in open

court on August 19, 2008, that the shares of Exotics-Nevada needed to be registered prior

to being re-issued and distributed

**Response to Interrogatory No. 16:**

The Commission objects to this Interrogatory because it calls for a legal

conclusion.  Without waiving any objection, the Commission responds that, inter alia, it

intends to rely on Section 5 of the Securities Act.

**Interrogatory No. 17:**

For each REQUEST FOR ADMISSION for which your response is anything

other than an unqualified admission, please IDENTIFY all EVIDENCE upon which

YOU intend to rely at trial to support YOUR response.

16

**Response to Interrogatory No. 17:**

The Commission objects to this Interrogatory as unduly burdensome, designed to harass, and an impermissible attempt to expand the number of allowed interrogatories beyond the number allowed by Fed. R. Civ. P. 33, and therefore declines to answer at this time.

Dated: November 17, 2008

Respectfully submitted,

Silvestre A. Fontes
Thomas J. Rappaport
David H. London
Rachel E. Hershfang
ATTORNEYS FOR PLAINTIFF
   SECURITIES AND EXCHANGE
   COMMISSION
33 Arch Street
Boston, Massachusetts 02110
(617) 573-8991 (Fontes)
(617) 573-8987 (Hershfang)
(617) 573-4590 (fax)
fontess@sec.gov
hershfangr@sec.gov

## CERTIFICATE OF SERVICE

I, Rachel E. Hershfang, hereby certify that I today caused copies of the Securities and Exchange Commission's Response And Objections to Daniel G. Chapman's First Set of Interrogatories to be served by first-class U.S. mail upon the following:

O. Robert Meredith, Esq
1111 Brickyard Rd.
Suite 206
Salt Lake City, UT  84106
Robert@meredithlaw.com
Andersen)
(counsel for defendant Andersen)

Kelly O. Slade, Esquire
Law Offices of Kelly Slade, Ltd.
601 South 10th Street, Suite 102
Las Vegas, NV 89101
(local counsel for defendant

17

Daniel G. Chapman, Esquire
1235 N. Clybourn
Suite A-187
Chicago, IL 60610
DGChap@cox.net
(pro se)

David A. Zisser, Esquire
Isaacson, Rosenbaum, Woods & Levy
633 17th Street, Suite 2200
Denver, CO 80202-3622
dzisser@ir-law.com
(counsel for Jinnah and Mueller)

James L. Ericksteen
1228 West Hastings St. # 1502
Vancouver, B.C.   V6E 4S6
CANADA
(pro se)

Patrick M. Passenheim, Esq.
Attorney at Law
3233 Third Avenue 332 S. Jones Blvd.
San Diego, CA 92103
Tel: (619) 243-7333 (office)
Tel: (858) 483-0114 (home/cell)
e-mail: jpfiffnc@san.rr.com
(counsel for Ericksteen – hasn't filed appearance)

David J. Merrill, Esquire
David J. Merrill, P.C.
2850 West Horizon Ridge Parkway
Suite 200
Las Vegas, NV 89107
(local counsel for defendants Rabinovitz
and Brinsky)

November 17. 2008

Donald J. Christie, Esquire
1137 South Rancho Dr.
Las Vegas, NV 89102
donchristie@aol.com
(counsel for defendant Corso)

Sean T. Prosser, Esquire
Tyson E. Marshall, Esquire
Morrison & Foerster LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130-2040
sprosser@mofo.com
Tmarshall@mofo.com
(counsel for Rabinovitz and Brinsky)

Steve M. Kaplan, Esquire
Rosenfeld & Kaplan, LLP
535 Fifth Avenue
New York, NY 10017
steve@rosenfeldlaw.com
(counsel for defendant Wexler)

Sean P. Flanagan, Esquire
332 South Jones Blvd.
Las Vegas, NV 89107
(pro se)

Flanagan & Associates, Ltd.
332 S. Jones Blvd.
Las Vegas, NV 89107
(pro se)

Rachel E. Hershfang

18

# Exhibit 6

# Exhibit 6

Silvestre A. Fontes
Thomas J. Rappaport
David H. London
Rachel E. Hershfang
ATTORNEYS FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION
33 Arch Street
Boston, Massachusetts 02110
(617) 573-8991 (Fontes)/ -8987 (Hershfang)
(617) 573-4590 (fax)
fontess@sec.gov; hershfangr@sec.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>EXOTICS.COM, INC., L. REX ANDERSEN, )<br>MARLIN R. BRINSKY, DANIEL G. CHAPMAN, )<br>STEPHEN P. CORSO, JR., BARRY F. DUGGAN, )<br>JAMES L. ERICKSTEEN, SEAN P. FLANAGAN, )<br>FIROZ JINNAH, INGO W. MUELLER, )<br>BRIAN K. RABINOVITZ, EDWARD JAMES )<br>WEXLER, GARY THOMAS a/k/a GARY )<br>THOMAS VOJTESAK, )<br>Defendants, )<br>)<br>and )<br>)<br>FLANAGAN & ASSOCIATES, LTD., )<br>Relief Defendant. )<br>) | Case No.<br>CV-S-05-0531-PMP-(GWF) |

**SECURITIES AND EXCHANGE COMMISSIONS'S RESPONSES AND OBJECTIONS TO DEFENDANT DANIEL G. CHAPMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

The Securities and Exchange Commission ("Commission"), pursuant to Rules 26

and 34 of the Federal Rules of Civil Procedure, hereby responds, subject to the objections

noted below, to the First Request for Production of Documents propounded by Defendant Daniel Chapman dated October 16, 2008.

### General Responses and Objections

1.     The Commission objects to the Document Requests, Definitions and Instructions contained therein to the extent that they purport to impose obligations on the Commission beyond the requirements of the Federal Rules of Civil Procedure and the local rules of the United States District Court for the District of Nevada.

2.     The Commission objects to the Document Requests, Definitions and Instructions contained therein to the extent that they call for information protected by attorney-client privilege, work-product immunity, law enforcement privilege, deliberative privilege, or any other privilege or immunity.  By answering and producing documents in response to the Document request, the Commission does not waive, intentionally or otherwise, any privilege or immunity protecting its communications, transactions, records or deliberations from disclosure.  Accordingly, any response or production of documents inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any privilege or immunity.

3.     The Commission's response that it will produce the documents sought by a particular request does not constitute an admission that it actually possesses the documents requested or that any such documents exist.

4.     The Commission objects to the Interrogatories, Definitions and Instructions contained therein to the extent that they are not limited to any time period.

5.     The following responses are submitted subject to, and without in any way waiving or intending to waive, the above objections, as well as:

2

(a)     the right to object to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any of the documents produced or the subject matter thereof in any subsequent proceeding in, or the trial of, this action or any action or proceeding; and

(b)     the right to object to other discovery procedures involving or related to the same subject matter as the Document Requests herein responded to.

6.     The Commission objects to the Document Requests, Definitions and Instructions contained therein to the extent that they purport to impose upon the Commission a duty to produce documents "as they were kept in the ordinary course of business" and to include information about whose files were the source(s) for the documents and copies with and without adhesive notes.  Further objecting, the Commission states that it has no knowledge of how these documents, which have been provided to the Commission, were kept in the ordinary course of business, nor how they were copied and what may or may not have been removed from them before they were produced.

7.     The Commission objects to these Document Requests, Definitions and Instructions contained therein to the extent that they seek information about documents that have been destroyed or discarded, except to the extent that such destruction or loss occurred under the control of the Commission, following production of the document to the Commission.

8.     The Commission objects to these Document Requests, Definitions and Instructions contained as overly broad and unduly burdensome, as the Commission has already provided the defendants with access to the non-privileged documents in its investigative file.

3

9.    The Commission reserves all objections and reserves the right to supplement these responses at any time.

## Specific Responses and Objections

**Request for Production No. 1**:

Produce all DOCUMENTS identified in YOUR response to Interrogatory #1 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Response to Request for Production No. 1:**

These documents were produced to you, including on April 19, 2006.

**Request for Production No. 2**:

Produce all DOCUMENTS identified in YOUR response to Interrogatory #2 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Response to Request for Production No. 2**:

These documents were produced to you, including on April 19, 2006.

**Request for Production No. 3**:

Produce all DOCUMENTS identified in YOUR response to Interrogatory #3 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Response to Request for Production No. 3:**

These documents were produced to you, including on April 19, 2006.

**Request for Production No. 4:**

Produce all DOCUMENTS identified in YOUR response to Interrogatory #4 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Response to Request for Production No. 4:**

These documents were produced to you, including on April 19, 2006.

**Request for Production No. 5:**

Produce all DOCUMENTS identified in YOUR response to Interrogatory #5 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Response to Request for Production No. 5:**

These documents were produced to you, including on April 19, 2006.

**Request for Production No. 6:**

Produce all DOCUMENTS that support YOUR response to Interrogatory #6 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Response to Request for Production No. 6:**

These documents were produced to you, including on April 19, 2006.

**Request for Production No. 7:**

Produce all DOCUMENTS identified in YOUR response to Interrogatory #7 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Response to Request for Production No. 7:**

The Commission objected to Interrogatory No. 7 and declined to respond to it.

**Request for Production No. 8:**

Produce all DOCUMENTS identified in YOUR response to Interrogatory #8 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Response to Request for Production No. 8:**

The Commission objected to Interrogatory No. 8 and declined to respond to it.

**Request for Production No. 9:**

Produce all DOCUMENTS that support YOUR response to Interrogatory #9 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Response to Request for Production No. 9:**

These documents were produced to you, including on April 19, 2006.

**Request for Production No. 10**

Produce all DOCUMENTS that support YOUR response to Interrogatory #10 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Response to Request for Production No. 10:**

These documents were produced to you, including on April 19, 2006.

**Request for Production No. 11:**

Produce all DOCUMENTS that support YOUR response to Interrogatory #11 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Response to Request for Production No. 11:**

These documents were produced to you, including on April 19, 2006.

**Request for Production No. 12:**

Produce all DOCUMENTS that support YOUR response to Interrogatory #12 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Response to Request for Production No. 12**

Except to the extent explained in the response to Interrogatory No. 12, these documents were produced to you on dates including April 19, 2006.

**Request for Production No. 13:**

Produce all DOCUMENTS identified in YOUR response to Interrogatory #13 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Response to Request for Production No. 13:**

These documents were produced to you, including on April 19, 2006.

**Request for Production No. 14:**

Produce all DOCUMENTS identified in YOUR response to Interrogatory #1 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Response to Request for Production No. 14:**

These documents were produced to you, including on April 19, 2006.

**Request for Production No. 15:**

Produce all DOCUMENTS identified in YOUR response to Interrogatory #15 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Response to Request for Production No. 15:**

These documents were produced to you, including on April 19, 2006.

**Request for Production No. 16:**

Produce all DOCUMENTS identified in YOUR response to Interrogatory #16 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Response to Request for Production No. 16:**

The Commission objected to Interrogatory No. 16 and declined to answer except to identify a law that is publicly available and, therefore, as easily retrieved by the Defendant as by the Commission.

**Request for Production No. 17:**

Produce all DOCUMENTS identified in YOUR response to Interrogatory #17 of Defendant Daniel G. Chapman's First Set of Interrogatories to Plaintiff Securities and Exchange Commission.

**Response to Request for Production No. 17:**

The Commission objected to Interrogatory No. 17 and declined to answer.

Dated: November 17, 2008

Respectfully submitted,

*[signature]*

Silvestre A. Fontes
Thomas J. Rappaport
David H. London
Rachel E. Hershfang
ATTORNEYS FOR PLAINTIFF
  SECURITIES AND EXCHANGE
    COMMISSION
33 Arch Street
Boston, Massachusetts 02110
(617) 573-8991 (Fontes)/ -8987 (Hershfang)
(617) 573-4590 (fax)
fontess@sec.gov;  hershfangr@sec.gov

## CERTIFICATE OF SERVICE

I, Rachel E. Hershfang, hereby certify that I today caused copies of the Securities and Exchange Commission's Responses And Objections to Daniel G. Chapman's First Requests for Production of Documents to be served first-class U.S. mail upon the following:

O. Robert Meredith, Esq
1111 Brickyard Rd.
Suite 206
Salt Lake City, UT  84106
Robert@meredithlaw.com
Andersen)
(counsel for defendant Andersen)

Kelly O. Slade, Esquire
Law Offices of Kelly Slade, Ltd.
601 South 10th Street, Suite 102
Las Vegas, NV 89101
(local counsel for defendant

Daniel G. Chapman, Esquire
1235 N. Clybourn
Suite A-187
Chicago, IL 60610
DGChap@cox.net
(pro se)

Donald J. Christie, Esquire
1137 South Rancho Dr.
Las Vegas, NV 89102
donchristie@aol.com
(counsel for defendant Corso)

David A. Zisser, Esquire
Isaacson, Rosenbaum, Woods & Levy
633 17th Street, Suite 2200
Denver, CO 80202-3622
dzisser@ir-law.com
(counsel for Jinnah and Mueller)

Sean T. Prosser, Esquire
Tyson E. Marshall, Esquire
Morrison & Foerster LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130-2040
sprosser@mofo.com
Tmarshall@mofo.com
(counsel for Rabinovitz and Brinsky)

James L. Ericksteen
1228 West Hastings St. # 1502
Vancouver, B.C.    V6E 4S6
CANADA
(pro se)

Steve M. Kaplan, Esquire
Rosenfeld & Kaplan, LLP
535 Fifth Avenue
New York, NY 10017
steve@rosenfeldlaw.com
(counsel for defendant Wexler)

Patrick M. Passenheim, Esq.
Attorney at Law
3233 Third Avenue 332 S. Jones Blvd.
San Diego, CA 92103
Tel:  (619) 243-7333  (office)
Tel:  (858) 483-0114  (home/cell)
e-mail:  jpfiffne@san.rr.com
(counsel for Ericksteen – hasn't filed appearance)

Sean P. Flanagan, Esquire
332 South Jones Blvd.
Las Vegas, NV 89107
(pro se)

David J. Merrill, Esquire
David J. Merrill, P.C.
2850 West Horizon Ridge Parkway
Suite 200
Las Vegas, NV 89107
(local counsel for defendants Rabinovitz
and Brinsky)

Flanagan & Associates, Ltd.
332 S. Jones Blvd.
Las Vegas, NV 89107
(pro se)

Dated: November 17, 2008

Rachel E. Hershfang

10

# Exhibit 7

# Exhibit 7

**Documents potentially responsive to Chapman Interrog No. 7 as to which privilege/work product protection is claimed (list as of 2/2/09)**

| DATE | DOCUMENT TYPE/TO/FROM | SUBJECT MATTER |
|---|---|---|
| 5/18/04 | Letter to M.Payne, IRS-CI (Las Vegas) from T. Rappaport, SEC | Seeking information on people of interest in investigation (based on Chapman & Flanagan office search) |
| 6/24/03 | Letter to D. M. Sutherland, Bermuda Monetary Authority, from E. Jacobs, OIA | Asking for assistance re: Lines Overseas Management/Exotics transactions [mentions Chapman & Flanagan escrow account] |
| 2/10/04 | Letter to Michael Payne, IRS, from T. Rappaport | Enclosing transcripts of testimony related, in part, to Chapman & Flanagan, from Flanagan, Chapman, Mueller, Jinnah, McAllister, Bagwell, Corso, Maini, Hughes.  Enclosing some IT exhibits. Briefly describing some testimony and explaining who witnesses are.  Enclosing a document from Mueller re: Chapman & Flanagan involvement in purchase of shell by St. George Capital. |

# Exhibit 8

# Exhibit 8



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**BOSTON REGIONAL OFFICE**
33 ARCH STREET
23RD FLOOR
BOSTON, MA 02110-1424
PHONE: (617) 573-8900
FACSMILE: (617)573-5940

RACHEL E. HERSHFANG
TELEPHONE: (617) 573-8987
EMAIL: hershfangr@sec.gov

**March 3, 2009**

**By Overnight Mail**

Daniel G. Chapman, Esquire
1235 N. Clybourn Suite A-187
Chicago, IL 60610

Sean Flanagan
332 S. Jones Boulevard
Las Vegas, NV 89107

Re:   SEC v. Exotics.com, Inc. et al.,CV-S-05-0531-PMP-GWF

Dear Mr. Chapman and Mr. Flanagan:

Please find enclosed a disk containing copies of documents seized by the Internal Revenue Service
during the search of your offices.  This information was provided to the SEC by the IRS during the
criminal investigation in your case.  Given the conclusion of the case, the IRS recently gave us
permission to provide a copy to you.  I suspect this is information you already received during the
criminal case, but, in an abundance of caution, wanted to send it to you.  I am told that an overview
reveals many documents related to various clients in addition to, or other than, Exotics.com.  Not
having reviewed the disk myself, I am not aware whether it contains anything we would contend is
admissible in this case.  Because there may be privileged material on the disk, I wanted to provide
it to you and determine collectively how best to proceed.  Please be in touch.  Thank you.

Very truly yours,

Rachel E. Hershfang
Senior Trial Counsel

Encl. (1 compact disk)

# Exhibit 9

# Exhibit 9

# Affidavit of Daniel G. Chapman

1

2 STATE OF ILLINOIS          }
                            }       ss:
3 COUNTY OF COOK            }

4

5 DANIEL G. CHAPMAN, being first duly sworn, deposes and says:

6      On August 13, 2009, I spoke with Silvestre Fontes of the Securities and Exchange

7 Commission in a good faith effort to secure the information sought in my discovery requests

8 without the necessity of court action.

9      While acknowledging that there were numerous communications between the SEC

10 and other governmental agencies, including the Internal Revenue Service and the United

11 States Attorney for the District of Nevada, Mr. Fontes asserted that the Law Enforcement

12 Privilege protects any and all such communication.

13     Mr. Fontes declined to respond to Interrogatories that sought the SEC's basis for

14 certain of the allegations in the Complaint, stating that the SEC has already provided all of

15 the documents it intends to use at trial and is not required to identify which of those

16 documents support certain of the allegations.

17     As a result of Mr. Fontes' assertions, it is clear that this discovery dispute cannot be

18 resolved without the intervention of this Court.

19
                                        Daniel G. Chapman
20

21 SUBSCRIBED AND SWORN BEFORE ME

22 this ☐ day of August, 2009

23

24 NOTARY PUBLIC in and for

25 said County and State

26

27

**OFFICIAL SEAL**
**PATRICIA A MIKICICH**
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/16/10