# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                 Plaintiff.<br>    v.<br><br>EXOTICS.COM, INC., L. REX ANDERSEN,<br>MARLIN R. BRINSKY, DANIEL G. CHAPMAN,<br>STEPHEN P. CORSO, JR., BARRY F. DUGGAN,<br>JAMES L. ERICKSTEEN, SEAN P. FLANAGAN,<br>FIROZ JINNAH, INGO W. MUELLER,<br>BRIAN K. RABINOVITZ, EDWARD JAMES WEXLER,<br>GARY THOMAS a/k/a GARY THOMAS VOJTESAK,<br><br>                 Defendants,<br><br>       and<br><br>FLANAGAN & ASSOCIATES, LTD.,<br>                Relief Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CV-8-05-0531-PMP-GWF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S  INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Securities and

Exchange Commission ("Commission") discloses the following:

**I.**    **Individuals Likely to Have Discoverable Information**

Attached hereto as Exhibit A is a list containing the name of each individual likely to

have discoverable information that the Commission may use to support its claims in this action.

Via letter dated April 19, 2006, the Commission has previously produced to all of the defendants

copies of all the transcripts containing the investigative testimony of all the individuals listed in

Exhibit A.  The last known address for each individual listed in Exhibit A and/or his/her legal

counsel is contained in each individual's investigative transcript.  The list does not include the

defendants, who are also likely to have discoverable information about such matters. Via the April 19, 2006 letter, the Commission has also previously produced copies of all transcripts containing all of the defendants' investigative testimonies.

## II.    **Documents Used to Support the Commission's Claims**

Attached hereto as <u>Exhibit B</u> is a list (#1-90) describing by category the documents which the Commission may use to support its claims in this action. The list (#1-90) identifies the sources of all non-privileged documents contained in the Commission's files of the investigation giving rise to this action. Via letter dated April 11, 2006, the Commission has previously produced to all of the defendants all of the documents produced by all of the sources (#1-90) listed in <u>Exhibit B</u>. In addition to the first list (#1-90) in <u>Exhibit B</u>, <u>Exhibit B</u> also contains a second list (#1-4) of additional categories of documents in the Commission's files. These additional documents may be viewed at any reasonable time at the Commission's Boston District Office.

## III.   **Remedies**

As noted in the Complaint, the Commission seeks a final judgment permanently enjoining Defendants Jinnah, Mueller, Andersen, Chapman, Flanagan, Ericksteen, Wexler, Thomas, Corso, Rabinovitz and Brinsky from violating, directly or indirectly, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder;

Permanently enjoining Defendant Jinnah from violating, directly or indirectly, Sections 13(a), 13(b)(2)(A), 13(b)(2)(B) and 13(b)(5) of the Exchange Act and Exchange Act Rules 12b-11, 12b-20, 13a-1, 13a-11 and 13a-13;

Permanently enjoining Defendant Thomas from violating, directly or indirectly, Section

2

13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act;

Permanently enjoining Defendant Andersen from violating, directly or indirectly, Section 13(a) of the Exchange Act and Exchange Act Rules 12b-20 and 13a-1;

Permanently enjoining Defendants Andersen, Corso, Rabinovitz and Brinsky from violating, directly or indirectly, Regulation S-X;

Permanently enjoining Defendants Jinnah, Mueller and Thomas from violating, directly or indirectly, Sections 13(d) and 16(a) of the Exchange Act and Rules 13d-1 and 16a-3 thereunder;

Ordering all of the remaining defendants to pay civil money penalties pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act in amounts to be determined by the Court;

Ordering all of the remaining defendants to disgorge all of the ill-gotten gains, including the proceeds of stock sales, salaries, bonuses and fees they obtained during the period of their misconduct, as described in the Complaint;

Barring, pursuant to Section 20(e) of the Securities Act and Section 21(d)(2) of the Exchange Act, defendants Jinnah, Mueller and Duggan from serving as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act;

Ordering a penny stock bar against defendants Jinnah, Mueller, Duggan, Flanagan, Chapman, Ericksteen and Wexler, pursuant to the Court's equitable powers and/or Section 603 of the Sarbanes-Oxley Act of 2002;

Requiring relief defendant Flanagan & Associates to disgorge an amount equal to the funds they received from the primary defendants, plus prejudgment interest thereon; and

Order such other relief as the Court deems just and proper.


                              Respectfully submitted,


                              Silvestre A. Fontes
                              Senior Trial Counsel
                              Attorney for Plaintiff
                              Securities and Exchange Commission
                              33 Arch Street, Suite 2300, Boston, MA 02110
                              (617) 573-8991
                              (617) 573-4590 (fax)




September 11, 2006




                                   4

## EXHIBIT A

The following persons are likely to have discoverable information relevant to the disputed facts alleged in the Complaint:

1.   Kevin Andersen
2.   H. Glenn Bagwell
3.   Noal Bateman
4.   Stuart Brazier
5.   Norman Carey
6.   Marco Carnevale
7.   Daniel Chapman
8.   Denise Christison
9.   Ryan Christison
10.  Leonard Fruchter
11.  Richard Godfrey
12.  Robert Gove
13.  Linda Carlisle Groller
14.  Kurtis Hughes
15.  Willard Kilgrow
16.  William Lane
17.  Scott London
18.  Sandy Maini
19.  Andrew Maltin
20.  J. Garry McAllister
21.  Steven M. Merdinger
22.  Klaudia Moran (Jesmanowicz)
23.  Christine Noerringer
24.  Lynette Noerringer
25.  Valerie Radulovic
26.  Beryl Redfield
27.  John Riche
28.  Robert Scherne
29.  Jennifer Shevoch-Vu
30.  John Tausche
31.  Christopher Thom
32.  Blane Van Pletzen
33.  Melissa Waugh

1

## EXHIBIT B

The Commission obtained documents from the following sources which it may use to support its claims in this action:

| | |
|---|---|
| 1 | Alpine Securities |
| 2 | Ameritrade |
| 3 | Anderson, Anderson & Strong |
| 4 | Anderson, Kevin |
| 5 | Anderson, Rex |
| 6 | AT&T |
| 7 | Bagwell, Glenn |
| 8 | Bank of America |
| 9 | Bear Stearns |
| 10 | Bermuda Monetary Authority |
| 11 | Bidwell & Co. |
| 12 | Blakely, Christine |
| 13 | Brazier, Stuart |
| 14 | Brighton Bank |
| 15 | British Columbia Securities Commission |
| 16 | Carey, Norman "Nick" |
| 17 | Carnevale, Marco |
| 18 | Chapman & Flanagan Ltd. |
| 19 | Chapman, Daniel |
| 20 | Christison, Ryan |
| 21 | CIBC World Markets |
| 22 | Citibank/Citicorp |
| 23 | Cybertrails |
| 24 | Depository Trust Corp. |
| 25 | Emmett A. Larkin Co. |
| 26 | Equitrade |
| 27 | Exotics.com |
| 28 | Fidelity Investments |
| 29 | Fiserv |
| 30 | Flanagan & Associates |
| 31 | Fleet Boston Financial |
| 32 | Gove, Robert |
| 33 | HSBC |
| 34 | Interwest Transfer |
| 35 | Jesmanowicz Moran, Klaudia |
| 36 | Jinnah, Firoz |
| 37 | Kilgrow, Willard |

| | |
|---|---|
| 38 | King, Anthony |
| 39 | Ladenburg, Thalmann |
| 40 | Laird, Randy |
| 41 | Lane, William |
| 42 | London, Scott |
| 43 | M. H. Meyerson & Co. |
| 44 | Maltin, Andrew |
| 45 | Manning Elliott |
| 46 | McAllister, J. Garry |
| 47 | Merrill Lynch |
| 48 | MFRC |
| 49 | Midwood Securities |
| 50 | MJK Clearing |
| 51 | Morgan Stanley |
| 52 | Mueller & Co. |
| 53 | Mueller, Ingo |
| 54 | NASD |
| 55 | Nevada First Bank |
| 56 | Noerring, Lynnette |
| 57 | Olde Monmouth |
| 58 | Peacock, Hislop, Staley, & Given Inc. |
| 59 | Prudential Securities |
| 60 | Qwest Communications |
| 61 | R.F. Lafferty Co. Inc. |
| 62 | Radulovic, Valerie |
| 63 | Riche, John |
| 64 | Salomon Smith Barney |
| 65 | SBC Pacific Bell |
| 66 | Scherne, Robert |
| 67 | Scottrade |
| 68 | Shevock, Jennifer |
| 69 | South West Securities |
| 70 | Sprint |
| 71 | Stifel, Nicolaus & Co. |
| 72 | Tausche, John |
| 73 | TD Waterhouse |
| 74 | Terra Lycos, Inc. |
| 75 | Thom, Christopher |
| 76 | Tucows, Inc. |
| 77 | UBS PaineWebber |
| 78 | Valley National Bank |
| 79 | Van Pletzen, Blane |
| 80 | Verizon |

3

| | |
|---|---|
| 81 | Verizon California |
| 82 | Verizon New England |
| 83 | Verizon Wireless |
| 84 | Vojtesak, Gary |
| 85 | Wachovia Securities |
| 86 | Weiss, Peck & Greer |
| 87 | Wells Fargo Bank |
| 88 | West America Securities |
| 89 | Wexler, Edward James |
| 90 | William Frankel & Co. |

The Commission has the following additional categories of documents in its files:

| | |
|---|---|
| 1. | Correspondence |
| 2. | Subpoenas |
| 3. | Wells Submissions |
| 4. | Formal Order |

4

## CERTIFICATE OF SERVICE

I, Silvestre A. Fontes, hereby certify that on September 11, 2006, I caused copies of the Plaintiff Securities and Exchange Commission's Initial Disclosures to be served via first-class U.S. mail, upon the following:

James N. Barber, Esquire
50 West Broadway
Chase Tower   Suite 100
Salt Lake City, UT 84101
(counsel for defendant Anderson)

Kelly O. Slade, Esquire
Law Offices of Kelly Slade, Ltd.
601 South 10th Street, Suite 102
Las Vegas, NV 89101
(local counsel for defendant Andersen)

Daniel G. Chapman, Esquire
10300 W. Charleston Boulevard
#13-160
Las Vegas, NV 89135
(pro se)

Donald J. Christie, Esquire
Blumberg Dagan LLP
1137 South Rancho, Suite B
Las Vegas, NV 89102
(counsel for defendant Corso)

David A. Zisser, Esquire
Isaacson, Rosenbaum, Woods & Levy
633 17th Street, Suite 2200
Denver, CO 80202-3622
(counsel for defendants Jinnah and Mueller)

Sean P. Flanagan, Esquire
Flanagan & Associates, Ltd.
4560 S. Decatur Blvd., Suite 301
Las Vegas, NV 89103
(pro se)

Flanagan & Associates, Ltd.
4560 S. Decatur Blvd., Suite 301
Las Vegas, NV 89103
(pro se)

James L. Ericksteen
1228 West Hastings St. # 1502
Vancouver, B.C.   V6E 4S6
CANADA
(pro se)

Steve M. Kaplan, Esquire
Rosenfeld & Kaplan, LLP
535 Fifth Avenue
New York, NY 10017
(counsel for defendant Wexler)

Pamela Koslyn, Esquire
6255 Sunset Boulevard, Suite 714
Hollywood, CA  90028
(counsel for defendant Gary Thomas Vojtesak)

Sean T. Prosser, Esquire
Morrison & Foerster LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130-2040
(counsel for defendants Rabinovitz and Brinsky)

5

John R. Bailey, Esquire
David J. Merrill, Esquire
Joshua M. Dickey, Esquire
Bailey Merrill
8691 West Sahara Avenue, Suite 200
Las Vegas, NV 89117-5830
(local counsel for defendants Rabinovitz and Brinsky)

Silvestre A. Fontes

6

# EXHIBIT B

**Parker, Laura**

| | |
|---|---|
| **From:** | Fontes, Silvestre A. |
| **Sent:** | Wednesday, July 29, 2009 3:37 PM |
| **To:** | 'David Zisser'; 'donchristie@aol.com'; 'Robert@meredithlaw.com'; 'DGChap@cox.net'; 'tmarshall@mofo.com'; 'Sean Flanagan'; 'jericksteen@yahoo.ca' |
| **Cc:** | Rappaport, Thomas J.; London, David H.; Parker, Laura |
| **Subject:** | RE: SEC v. Exotics |

Dear All,

I plan on shortly circulating a supplemental 26(a) disclosure document with the names of at least two individuals who may have information related to either the allegations in the complaint and/or some of the defenses thereto. Two of the individuals are Robert Potter and Shawn Hackman. Specifically, these individuals may have information related to, among other things: (a) the roles of defendants Chapman and Flanagan in manipulation schemes that were similar in nature to the Exotics manipulation scheme; and/or (b) "other acts" evidence suggesting that defendants Chapman and Flanagan possessed the requisite level of scienter in placing (or allowing) the manipulative trades that were placed in the Escrow Account discussed in the complaint. I further anticipate calling Messrs Potter and Hackman as witnesses at the trial.

Please let me know if you have any questions.

Silvestre Fontes

# EXHIBIT C

## Parker, Laura

| | |
|---|---|
| **From:** | London, David H. |
| **Sent:** | Wednesday, August 05, 2009 4:48 PM |
| **To:** | 'David Zisser'; 'donchristie@aol.com'; 'Robert@meredithlaw.com'; 'DGChap@cox.net'; 'tmarshall@mofo.com'; 'Sean Flanagan'; 'jericksteen@yahoo.ca' |
| **Cc:** | Rappaport, Thomas J.; Fontes, Silvestre A. |
| **Subject:** | SEC v. Exotics |

Dear All,

We plan on shortly circulating a supplemental 26(a) disclosure document with the names of additional individuals who may have information related to either the allegations in the complaint and/or some of the defenses thereto. One additional individual is David Martin of the British Columbia Securities Commission ("BCSC"). Specifically, Mr. Martin may have information related to, among other things, the seizure of documents from St. George Capital Corp.'s office space. We further anticipate calling at trial Mr. Martin, or another BCSC witness, to authenticate, among other things, the documents seized from St. George Capital Corp.'s office space. Please let us know if you have any questions.

David London

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff.<br><br>v.<br><br>EXOTICS.COM, INC., L. REX ANDERSEN,<br>MARLIN R. BRINSKY, DANIEL G. CHAPMAN,<br>STEPHEN P. CORSO, JR.,<br>JAMES L. ERICKSTEEN, SEAN P. FLANAGAN,<br>FIROZ JINNAH, INGO W. MUELLER,<br>BRIAN K. RABINOVITZ,<br><br>Defendants,<br><br>and<br><br>FLANAGAN & ASSOCIATES, LTD.,<br>Relief Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     CV-8-05-0531-PMP-GWF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S SUPPLEMENTAL DISCLOSURES**

Pursuant to Rules 26(a)(1) and 26(e) of the Federal Rules of Civil Procedure, Plaintiff

Securities and Exchange Commission ("Commission") makes the following supplemental

disclosures:

**Individuals Likely to Have Discoverable Information**

1.      Robert Potter (phone (573) 353-6233).  Mr. Potter may have information related to, among other things: (a) the roles of defendants Chapman and Flanagan in manipulation schemes that were similar in nature to the Exotics manipulation scheme; and/or (b) "other acts" evidence suggesting that defendants Chapman and Flanagan possessed the requisite level of scienter in placing (or allowing) the manipulative trades that were placed in the Escrow Account discussed in the Complaint.

2.      Shawn Hackman (phone (702) 371-5754).  Mr. Hackman may have information related to, among other things: (a) the roles of defendants Chapman and Flanagan in

manipulation schemes that were similar in nature to the Exotics manipulation scheme; and/or (b) "other acts" evidence suggesting that defendants Chapman and Flanagan possessed the requisite level of scienter in placing (or allowing) the manipulative trades that were placed in the Escrow Account discussed in the Complaint.

     3.    Peter Berney. Mr. Berney's attorney is Larry Schoenbach; Mr. Schoenbach may be reached at (212) 346-2400. Mr. Berney may have information related to, among other things: (a) the roles of defendants Chapman and Flanagan in manipulation schemes that were similar in nature to the Exotics manipulation scheme; and/or (b) "other acts" evidence suggesting that defendants Chapman and Flanagan possessed the requisite level of scienter in placing (or allowing) the manipulative trades that were placed in the Escrow Account discussed in the Complaint.

     4.    Doug Ansell, 2827 Nikki Terrace, Henderson, NV 89074, (phone (702) 234-4945). Mr. Ansell may have information related to, among other things: (a) the roles of defendants Chapman and Flanagan in manipulation schemes that were similar in nature to the Exotics manipulation scheme; and/or (b) "other acts" evidence suggesting that defendants Chapman and Flanagan possessed the requisite level of scienter in placing (or allowing) the manipulative trades that were placed in the Escrow Account discussed in the Complaint.

     5.    David W. Martin, Enforcement Officer, British Columbia Securities Commission, 701 West Georgia Street, P.O. Box 10142, Pacific Centre, Vancouver, B.C. V7Y 1L2, Canada, (phone (604) 899-6631), dmartin@bcsc.bc.ca. Mr. Martin may have information related to, among other things, (a) the seizure of documents from St. George Capital Corp.'s office space and/or (b) the authentication of documents seized from St. George Capital Corp.'s office space.

     In addition, the Commission anticipates calling one or more of the foregoing individuals as witnesses at the trial of this matter.

                               Respectfully submitted,

                                 Silvestre A. Fontes
                                 Senior Trial Counsel
                                 Attorney for Plaintiff
                                 Securities and Exchange Commission
                                 33 Arch Street, Suite 2300, Boston, MA 02110
                                 (617) 573-8991
                                 (617) 573-4590 (fax)

August 11, 2009

## CERTIFICATE OF SERVICE

      I, Silvestre A. Fontes, hereby certify that on August 11, 2009, I caused copies of the Plaintiff Securities and Exchange Commission's Supplemental Disclosures to be served via email and/or first-class U.S. mail, upon the following:

O. Robert Meredith, Esq
1111 Brickyard Road  Suite 206
Salt Lake City, UT  84106-2597
Robert@meredithlaw.com
(counsel for defendant Andersen)

David A. Zisser, Esquire
Isaacson Rosenbaum P.C.
633 17ᵗʰ Street   Suite 2200
Denver, CO 80202-3622
dzisser@ir-law.com
(counsel for Jinnah and Mueller)

Daniel G. Chapman, Esquire
1235 N. Clybourn Suite A-187
Chicago, IL 60610
DGChap@cox.net
(Pro Se)

Sean T. Prosser, Esquire
Tyson E. Marshall, Esquire
Morrison & Foerster LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130-2040
sprosser@mofo.com
Tmarshall@mofo.com
(counsel for Rabinovitz and Brinsky)

Sean Flanagan and Flanagan & Associates, Ltd.
c/o Accrete Holdings, Inc.
332 S. Jones Boulevard
Las Vegas, NV 89107
grumpysean@yahoo.com
(Pro Se)

Kelly O. Slade, Esquire
Law Offices of Kelly Slade, Ltd
3340 Camino Gardens Way
Las Vegas, NV 89146
Kslade@embarqmail.com
(local counsel for defendant Andersen)

Thomas W. Davis, II
Howard & Howard
3800 Howard Hughes Pkwy Suite 1400
Las Vegas, NV 89169
(local counsel for Jinnah and Mueller)
TDavis@howardandhoward.com

Donald J. Christie, Esquire
7143 Mission Hills Dr.
Las Vegas, NV 891113
donchristie@aol.com
(counsel for defendant Corso)

David J. Merrill, Esquire
David J. Merrill, P.C.
2850 West Horizon Ridge Pkwy   # 200
Henderson, NV 89052
(local counsel for Rabinovitz and Brinsky)

James L. Ericksteen
1228 West Hastings St. # 1502
Vancouver, B.C.   V6E 4S6
CANADA
jericksteen@yahoo.com
(Pro se)

Silvestre A. Fontes

# EXHIBIT E

Page 1

1   UNITED STATES OF SECURITIES AND EXCHANGE COMMISSION

2

3   In the Matter of:          )

4                              )   File No. B-01729

5   EXOTICS.COM, INC.          )

6   WITNESS:   DANIEL CHAPMAN

7   PAGES:     1 through 126

8   PLACE:     Bonanza Court Reporting

9              2320 Paseo Del Prado

10             Suite 106

11             Las Vegas, Nevada 89102

12  DATE:      Thursday, August 28, 2003

13

14          The above-entitled matter came on for hearing, at

15  9:28 a.m., pursuant to notice.

16

17

18

19

20

21

22

23

24          Diversified Reporting Services, Inc.

25               (202) 467-9200

Page 2

1   APPEARANCES:

2

3   (Via Telephone)

4   On behalf of the Securities and Exchange Commission:

5       THOMAS J. RAPPAPORT, ESQ.

6       SILVESTRE L. FONTES, ESQ.

7       Securities and Exchange Commission

8       Boston District Office

9       73 Tremont Street

10      Boston, Massachusetts 02108

11

12  On behalf of the Witness:

13      DANIEL CHAPMAN, pro se

14

15

16

17

18

19

20

21

22

23

24

25

Page 3

1               I N D E X

2

3   WITNESS:                        EXAMINATION:

4   Daniel Chapman                       4

5

6   EXHIBITS          DESCRIPTION          PAGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

RECEIVED

SEP 1 2 2003

SECURITIES AND EXCHANGE COMMISSION
BOSTON DISTRICT OFFICE

Page 4

1          P-R-O-C-E-E-D-I-N-G-S

2          (Exhibits 328 and 329 were marked)

3       BY MR. RAPPAPORT:

4       Q  We're on the record at 9:28 p.m. Pacific Daylight

5   Time August 28, 2003 -- I'm sorry, 9:28 a.m., correction.

6          Let the record reflect that the witness and court

7   reporter are present at the offices of Bonanza Reporting in

8   Las Vegas, Nevada.

9          The staff is present at the commission's Boston

10  district office, and the proceedings are being conducted by

11  telephone.

12          Mr. Chapman, would you please raise your right

13  hand?

14          Whereupon,

15              DANIEL CHAPMAN,

16          having been duly sworn, was examined and testified

17  as follows:

18              EXAMINATION

19       BY MR. RAPPAPORT:

20       Q  Would you please state and spell your full name for

21  the record?

22       A  Daniel G. Chapman.  That's D-a-n-i-e-l.

23  C-h-a-p-m-a-n.

24       Q  I'm Thomas Rappaport, and with me is Silvestre

25  Fontes.  We are officers of the commission for the purposes

Page 5

1 of this proceeding.
2        This is an investigation by the United States
3 Securities and Exchange Commission in the matter of Exotics
4 Dot Com, Inc. to determine whether there have been violations
5 of certain provisions of the federal securities laws.
6        However, the facts developed in this investigation
7 might constitute violations of other federal or state civil
8 or criminal laws.
9        Prior to the opening of the record you were
10 provided with a copy of the formal order of investigation in
11 this matter.  It will be available for your examination
12 during the course of this proceeding.
13        Mr. Chapman, have you had an opportunity to review
14 the formal order?
15    A  I have.
16    Q  Also prior to the opening of the record you were
17 provided with a copy of the commission's supplemental
18 information form, form 1662, a copy of that document has been
19 marked as Exhibit No. 326.
20        Have you had the opportunity to read Exhibit No.
21 326?
22    A  I reviewed it.
23    Q  Do you have any questions concerning the exhibit?
24    A  No.
25    Q  Mr. Chapman, are you represented by counsel today?

Page 6

1    A  No, I'm not.
2    Q  You have the right to be accompanied, represented
3 and advised by counsel.  This means that you may have an
4 attorney present and that your attorney can advise you
5 before, during and after your examination here today.
6        Do you understand that?
7    A  Yes, I do.
8    Q  Since you're not represented by counsel there are
9 certain matters discussed in Exhibit No. 326 that I want to
10 highlight for you.
11    A  Okay.
12    Q  Do you understand that upon your request these
13 proceedings will be adjourned so that you may obtain counsel?
14    A  Yes, I do.
15    Q  Do you understand that the statute set forth in
16 Exhibit 326 provides criminal penalties for knowingly
17 providing false testimony or knowingly using false documents
18 in connection with this investigation?
19    A  Yes, I do.
20    Q  Do you understand that you may assert your rights
21 under the 5th Amendment to the Constitution and refuse to
22 answer any question that may tend to incriminate you?
23    A  Yes, I do.
24    Q  I will be asking you a number of questions today to
25 which you are to respond; you are testifying under penalty of

Page 7

1 perjury just as you would be if you were testifying in court
2 before a judge and jury.
3        The penalties for perjury include fines and
4 imprisonment.
5        If you do not hear a question let me know and I
6 will repeat it; if you don't understand the question let me
7 know that and I'll rephrase it for you.
8    A  Okay.
9    Q  I'm going to be asking questions today about a
10 corporation that at various times has been known as B H F
11 Corporation; Hardrock Mines, Incorporated and Exotics Dot
12 Com, Incorporated.
13        For the sake of simplicity I will generally refer
14 to that company as Hardrock Mines, but my questions should be
15 understood as pertaining to the company regardless of its
16 name at any particular time.  Do you understand that?
17    A  Yes, I do.
18    Q  In addition, for the purposes of your testimony
19 today, I will refer to Exotics Dot Com, the Nevada
20 corporation, as Exotics Dot Com, and I will refer to Exotics
21 Dot Com, the Delaware corporation, as Exotics Delaware.  Do
22 you understand that?
23    A  Yes, I do.
24    Q  Also when I use the term "You," and "Your," I
25 intend them to include both Daniel Chapman and the firm of

Page 8

1 Chapman and Flanagan unless stated otherwise; do you
2 understand that?
3    A  Yes.
4    Q  Would the court reporter please hand the witness
5 Exhibit No. 328?
6        Do you have that document in front of you?
7    A  Yes, I do.
8    Q  A copy of a subpoena has been marked as Exhibit No.
9 328.
10        Mr. Chapman, is this a copy of the subpoena that
11 you are appearing pursuant to here today as modified by
12 agreement?
13    A  I believe so, yes.
14    Q  The subpoena calls for the production of certain
15 documents.
16        Have you tendered to the staff all documents called
17 for by the subpoena?
18    A  I have tendered all documents that were called for
19 that are in my possession.
20    Q  Have you withheld any documents called for by the
21 subpoena based on any claim of legal privilege?
22    A  No, I have not.
23    Q  Were there any documents called for by the subpoena
24 and not produced for any reason other than privilege?
25    A  All the documents are not in my possession or under

Exotics.com, Inc.                    Multi-Page™                    Sean P. Flanagan

## Page 1

1  UNITED STATES SECURITIES AND EXCHANGE COMMISSION

2

3  In the Matter of:        )

4                           ) File No. B-01729-A

5  Exotics.com, Inc.        )

6  WITNESS:  Sean P. Flanagan

7  PAGES:   1 through 18

8  PLACE:   Bonanza Reporting

9           2320 Paseo Del Prado

10.          Bldg. B, Suite 106

11           Las Vegas, NV  89102

12  DATE:     Wednesday, August 27, 2003

13

14      The above-entitled matter came on for hearing, pursuant

15  to notice at 9:53 a.m.

16

17

18

19

20

21

22

23

24          Diversified Reporting Services, Inc.

25               (202) 467-9200

## Page 2

1  APPEARANCES:

2  On behalf of the Securities and Exchange Commission:

3  (Via Telephone)

4      Thomas J. Rappaport, Senior Counsel

5      Silvestre A. Fontes, Branch Chief

6      Securities and Exchange Commission

7      Boston District Office

8      73 Tremont Street, Suite 600

9      Boston, MA  02108-3912

10      (617) 424-5900

11

12  On behalf of the Witness:

13      Sean P. Flanagan, Pro Se

14

15

16

17

18

19

20

21

22

23

24

25

## Page 3

C O N T E N T S

1

2

3  WITNESSES:                          EXAMINATION

4  Sean P. Flanagan                        4

5

6  EXHIBITS:       DESCRIPTION        IDENTIFIED

7  326            Form 1662              5

8  327            Subpoena               7

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

RECEIVED

SEP 1 1 2003

SECURITIES AND EXCHANGE COMMISSION
BOSTON DISTRICT OFFICE

## Page 4

1              P-R-O-C-E-E-D-I-N-G-S

2  BY MR. RAPPAPORT:

3      Q  Let's go ahead and go on the record, we're on the

4  record at 9:53 a.m. Pacific Daylight Time, August 27, 2003.

5          Let the record reflect that the witness and court

6  reporter are present in the offices of Bonanza Reporting in

7  Las Vegas, Nevada.

8          The staff is present at the commission's Boston

9  district office and the proceedings are being conducted by

10  telephone.

11          Mr. Flanagan, would you raise your right hand?

12          Do you swear to tell the truth, the whole truth and

13  nothing but the truth so help you god?

14      A  I do.

15  Whereupon,

16              SEAN P. FLANAGAN

17  was called as a witness and, having been first duly sworn,

18  was examined and testified as follows:

19              EXAMINATION

20      Q  Would you please state and spell your full name for

21  the record?

22      A  Sean Flanagan. S-e-a-n F-l-a-n-a-g-a-n.

23      Q  I'm Thomas Rappaport, and with me is Slister

24  Fontez.

25          We're officers for the commission for the purposes

Page 5

1 of this proceeding.
2        This is an investigation by the United States
3 Securities and Exchange Commission in the matter of Exotics
4 Dot Com, Inc. to determine whether there have been violations
5 of certain provisions of the federal securities law over the
6 facts developed in an investigation, violations of federal,
7 state or criminal laws.
8        Prior to opening of the record you were provided
9 with a copy of a formal order and investigation in this
10 matter. It will be made be available for you during this
11 proceeding.
12       Have you had an opportunity to review the formal
13 order?
14    A  I have.
15            (SEC Exhibit No. 326 was marked for
16             identification.)
17    Q  Prior to the opening of the record you were also
18 provided with a copy of the commission's supplemental
19 information form, form 1662. A copy of that notice has been
20 marked as Exhibit No. 326.
21       Have you had the opportunity to read Exhibit No.
22 326?
23    A  I have.
24    Q  Do you have any questions about that exhibit?
25    A  I do not.

Page 6

1    Q  Mr. Flanagan, are you represented by counsel today?
2    A  I am not.
3    Q  You have the right to be accompanied, represented
4 and advised by counsel.
5    A  I understand.
6    Q  And you may have an attorney present and your
7 attorney can advise you before, during and after your
8 examination here today. Do you understand that?
9    A  I do.
10    Q  Since you're not represented by counsel there are
11 certain matters discussed in Exhibit No. 326 that I want to
12 highlight for you.
13    A  I waive any briefing or anything else regarding
14 Exhibit 326. I understand perfectly.
15    Q  Okay.
16       I will be asking you a number of questions today to
17 which you are to respond; you're testifying under penalty of
18 perjury just as you would be as if you were testifying in
19 court in front of a judge and jury; the penalties for perjury
20 including fines and imprisonment.
21       I'm going to be asking questions today about a
22 corporation that at various times has been known as V H F
23 corporation, Hardrock Mines, Incorporated and Exotics Dot
24 Com, Incorporated. For the sake of simplicity I will
25 generally refer to that company as Hardrock Mines.

Page 7

1        But my questions should be understood as pertaining
2 to the company regardless of its name at any particular time;
3 do you understand that?
4    A  I do.
5    Q  In addition, for the purposes of your testimony
6 today I will refer to Exotics Dot Com, Inc., the Nevada
7 corporation as Exotics Dot Com, and I will refer to Exotics
8 Dot Com, Inc. the Delaware corporation, as Exotics Delaware.
9        Also when I use the term "You," and "Your," I
10 intend them to include both Sean Flanagan and the firm of
11 Flanagan and Chapman unless stated otherwise; do you
12 understand that?
13    A  I do.
14            (SEC Exhibit No. 327 was marked for
15             identification.)
16    Q  Would the court reporter please hand the witness
17 Exhibit No. 327.
18       Do you have that exhibit in front of you?
19    A  I do.
20    Q  A copy of a subpoena has been marked as Exhibit No.
21 327.
22       Mr. Flanagan, is Exhibit 327 a copy of the subpoena
23 that you are appearing pursuant to here today as modified by
24 agreement?
25    A  Correct.

Page 8

1    Q  The subpoena calls for the production of certain
2 documents; have you tendered to the staff all documents
3 called for by the subpoena?
4    A  I have not.
5    Q  Okay.
6       And have you withheld documents called for by the
7 subpoena based on any claim of legal privilege?
8    A  Based upon the claim of legal privilege as well as
9 my 5th Amendment protections.
10    Q  For clarity on the record, what legal privilege are
11 you referring to?
12    A  Well, several of the documents that were requested
13 required disclosure or divulging communications that I had
14 with clients of mine of Exotics Dot Com, and I will not
15 produce any of those documents.
16    Q  Are you claiming 5th Amendment privilege with
17 regard to all of the documents called for by the subpoena?
18    A  I am.
19    Q  Mr. Flanagan, I'm not authorized to compel you to
20 give evidence or testimony to which you assert your privilege
21 against self-incrimination, and I have no intention of doing
22 so.
23       In addition, I do not have the authority to compel
24 your testimony by granting you immunity from prosecution.
25       Any questions that I ask you hereafter will be with

# EXHIBIT F



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**BOSTON REGIONAL OFFICE**
**33 ARCH STREET**
**23RD FLOOR**
**BOSTON, MASSACHUSETTS 02110-1424**

December 8, 2008

Daniel G. Chapman, Esquire
1235 N. Clybourn Suite A-187
Chicago, IL 60610

Re:   SEC v. Exotics.com, Inc. et al., CV-S-05-0531-PMP-GWF

Dear Mr. Chapman:

I write in response to your call to Mr. Fontes last week about the deliberative privilege and the law-enforcement privilege. With respect to the first, there is a comprehensive summary in 3 Weinstein's Federal Evidence, § 509; it includes citations to cases, though those are also available through Westlaw or LEXIS by searching for "deliberative privilege" or "official information privilege." The next section of Weinstein's treatise, 3 Weinstein's Federal Evidence § 510, discusses law enforcement privilege in its narrowest form (the informer's privilege), which is not particularly relevant to the case at bar. In its broader form, the privilege is well described in *Commonwealth of Puerto Rico v. United States*, 490 F.3d 50, 61-65 (1st Cir. 2007).

I hope this is helpful to you.

Very truly yours,

Rachel E. Hershfang

Cc:   Silvestre A. Fontes