UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>vs.<br><br>DANIEL G. CHAPMAN, JAMES L. ERICKSTEEN, and SEAN P. FLANAGAN,<br><br>        Defendants. | 2:05-CV-00531-PMP-GWF<br><br>**FINDINGS OF FACT**<br><br>**AND**<br><br>**CONCLUSION OF LAW** |

This action was commenced by Plaintiff Securities and Exchange Commission ("SEC") on April 25, 2005, against Defendant Exotics.com, Inc., and thirteen individual Defendants comprised of those who held stock in Exotics.com, Inc., outside auditors and accountants, and outside attorneys. Defendant Exotics.com, Inc., was a Nevada corporation with stock registered with the SEC and traded on the Over-the-Counter Bulletin Board ("OTCBB"). Generally, the SEC alleges Defendants engaged in a manipulative scheme to artificially increase the stock price for Exotics.com, Inc., and to make it appear that there was an active market for the stock. The SEC further alleges individual Defendants made material misrepresentations and omissions, such as grossly overstating Exotics.com, Inc. revenue, and failing to disclose Defendant Ingo Mueller's controlling interest in the company.

More specifically, the SEC alleges that during the period 1999 through 2002, two attorneys, Defendants Daniel G. Chapman ("Chapman") and Sean P. Flanagan ("Flanagan"), actively participated in the manipulation scheme by trading and drafting false and misleading reports that Exotics.com, Inc., filed with the SEC.  The SEC alleges that at the request of Defendant Ingo Mueller ("Muller"), Chapman and Flanagan located and negotiated the acquisition of a corporate shell company to use for the manipulation scheme. SEC further alleges Defendants Chapman and Flanagan helped Mueller conceal his control of the corporate shell, and assisted other Defendants with manipulative trading of Exotics.com, Inc.  The action has now been resolved with regard to all Defendants except Chapman, Flanagan, and Ericksteen.

This case came before the Court for trial for a period of seven trial days commencing March 1, 2011, and concluding April 12, 2011.  Defendant Ericksteen appeared through counsel, and Defendants Chapman and Flanagan appeared pro se. The parties completed post trial briefing on September 30, 2011.  Based upon the evidence adduced at trial, the Court hereby enters the following Findings of Fact and Conclusions of Law.

## I.

The Court finds it has jurisdiction over the parties on SEC's (First Claim) for relief alleging that Chapman, Flanagan and Ericksteen violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and SEC's (Fourth Claim) for relief alleging that Defendants aided and abetted violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder by other participants in the alleged manipulation scheme.

      A.    <u>Defendant Ericksteen</u>

The Court finds that the evidence adduced at trial has failed to establish by a preponderance of the evidence that Defendant James Ericksteen violated Section 10 (b) of the Securities and Exchange Act of 1934, or Rule 10b-5.

Section 10 of the Securities Exchange Act of 1934 provides that it is "unlawful for any person . . .to use or employ, in connection with the purchase or sale of any security. . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j.  The Commission promulgated Rule 10(b)-5, which provides:

> "It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
>
> a. To employ any device, scheme, or artifice to defraud,
>
> b.  To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> c.  To engage I an act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."

The Court finds the evidence presented at trial fails to show that Defendant Ericksteen had knowledge, or was reckless in not knowing that he was committing or aiding and abetting the commission of violations of Section 10(b) or Rule 10b-5. Thus the SEC has failed to prove Defendant Ericksteen acted the requisite scienter. *Gebhart v. SEC*, 595 F.3d 1034, 1041 n.9 (9th Cir., 2010).

      B.    <u>Attorney Defendants Chapman and Flanagan</u>

The Court finds also that the evidence adduced at trial does not establish by a preponderance of the evidence that Defendants Chapman or Flanagan violated

1  §10(b) of the SEC Act of 1934 or Rule 10b-5, or that they aided and abetted others
2  in doing so as alleged in the First and Fourth Claims of Plaintiff's Complaint.
3  Plaintiff's failure to meet their burden rests on the lack of sufficient evidence that
4  Chapman or Flanagan acted with the requisite scienter, or that they provided
5  substantial assistance to others with regard to a scheme to manipulate Exotic's stock
6  with actual knowledge that the actions of the individuals that they assisted were
7  improper. *SEC v. Platform Wireless International Corp.,* 617 F.3d 1702 (9th Cir.
8  2010), and *FEC v. Fehn*, 97 F.3d 1276 (9th Cir. 1996).

9       With respect to the primary violations of Section 10(b) of the Exchange
10 Act and Rule 10b-5, Plaintiff argues the evidence establishes that Defendants
11 Chapman and Flanagan directly or indirectly, and intentionally, knowingly or
12 recklessly, employed a scheme to defraud, made untrue statements of material fact
13 or omitted to state material facts, or engaged in acts or practices which operated as a
14 fraud.  With respect to the aiding and abetting allegations in Count Four of the
15 Complaint, Plaintiff argues Defendants Chapman and Flanagan participated in a
16 scheme to manipulate Exotics-Nevada's stock price and to create the appearance of
17 an active market for the stock.  Plaintiff further argues that Chapman and Flanagan
18 either knew, or were reckless in not knowing that the conduct of the other
19 Defendants in the manipulation scheme was improper, and that they knowingly and
20 substantially assisted other Defendants in violations of Section 10(b) and
21 Rule 10b-5.

22      Having considered the extensive testimony and other evidence presented at
23 trial, and finding credible the testimony of Defendants Chapman and Flanagan
24 regarding their knowledge and actions, the Court concludes that although it may
25 indeed be probable that certain of the several Defendants no longer before the Court
26 may indeed have engaged in a manipulative scheme to artificially increase the stock

price for Exotics.com, Inc., and to make it appear as if there was an active market for the stock, and further that certain Defendants may have made material misrepresentations and omissions, including overstating Exotics.com, Inc.'s revenue and failing to disclose Defendant Ingo Muller's controlling interest in the company, the evidence does not establish by a preponderance of the evidence that Defendants Chapman and Flanagan knowingly did so, or that they knowingly, intentionally or recklessly aided and abetted other Defendants in doing so.  As a result, Plaintiff's First and Fourth Claims against Defendants Chapman and Flanagan must fail.

Based upon the foregoing Findings of Fact and Conclusions of Law, the Court finds that judgment should be entered in favor of Defendants Ericksteen, Chapman and Flanagan.

**IT IS SO ORDERED**.

DATED: January 7, 2013.

_____
PHILIP M. PRO
United States District Judge