UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SECURITIES AND EXCHANGE COMMISSION, )
)
                           Plaintiff,  )    Case No. 2:05-cv-00531-PMP-GWF
)
vs.  )    **ORDER**
)
EXOTICS.COM, INC., et al.,  )
)
                           Defendants.  )
_____)

       This matter is before the Court on Defendant/Judgment Debtor Gary Thomas a/k/a Gary Thomas Vojtesak's ("Thomas") Emergency Motion to Quash Order Certifying Facts to District Judge Under 28 U.S.C. §636(E), and Order to Appear (#395), filed on March 6, 2013; Plaintiff's Response to Motion to Quash Order Certifying Facts to District Judge (#396), filed on March 6, 2013; and Thomas's Reply in Support of Motion to Quash Order Certifying Facts to District Judge (#398), filed on March 7, 2013. This matter is also before the Court on judgment debtor Thomas's failure to appear for a judgment debtor examination in this Court on March 8, 2013 pursuant to Order (#390). The Court conducted a hearing in this matter on March 8, 2013.

**BACKGROUND AND DESCRIPTION**

       A Final Judgment of Default Against Defendant Gary Thomas a/k/a Gary Thomas Vojtesak was entered in this action on December 22, 2006. *Default Judgment (#86)*. Thomas subsequently filed a motion to set aside the default judgment which was denied by the Court on March 4, 2011. *Order (#320)*. Thomas did not file an appeal from the order. His counsel represents that he could not afford the costs and fees of pursuing an appeal. Thomas continues to contend, however, that the judgment against him is void because he was never properly served with the complaint in this

action. Since entry of the judgment, Thomas has resisted or refused to respond to the SEC's efforts to enforce the judgment and to conduct discovery in aid of execution.

On February 5, 2013, the Court ordered Thomas to appear for a judgment debtor examination in this Court on March 8, 2013. Thomas did not appear. Instead, his counsel filed the Emergency Motion (#531) arguing that Thomas should not be required to appear for a judgment debtor's examination or deposition, or respond to other postjudgment discovery. Thomas asserts that he should not be required to appear because the judgment is void. This assertion is without merit. Thomas's motion to set aside the judgment was denied, he did not appeal, and the judgment is, therefore, valid.

Thomas next argues that the judgment is unenforceable because the SEC did not register it in Arizona, where Thomas resides, and because Arizona Revised Statute (ARS) § 12-544(3) imposes a four year statute of limitations for the enforcement of judgments "rendered without the state." Thomas also argues that the judgment is now unenforceable under the six year period for enforcement of judgments set forth in Nevada Revised Statute (NRS) § 11.190.1(a). Thomas bases these arguments on Fed.R.Civ.Pro. 69(a)(1) which states that "[t]he procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." In response, the SEC argues that "[w]hen the matter involves the collection of a penalty owed to the United States, the Federal Debt Collection Procedures Act ('FDCPA'), 28 U.S.C.A. §3001, et seq. is the controlling rule of law." The SEC is clearly correct.

28 U.S.C. §3001(a) states:

> Except as provided in subsection (b), the [this] chapter provides the exclusive civil procedure for the United States --
> (1) to recover a judgment on a debt; or
> (2) to obtain, before judgment on a claim for a debt, a remedy in connection with such claim.[1]

---

[1] Subsection (b) of the statute provides that if another Federal law specifies procedures for recovering on a claim or judgment for a debt arising under such law, then the procedures under that law shall govern.

In *United States v. Gianelli*, 543 F.3d 1178, 1182-83 (9th Cir. 2008), the court rejected the defendant's argument that California's 10 year statute of limitations for the enforcement of judgments applied to a judgment of restitution entered against the defendant. The court stated:

> Although Federal Rule of Civil Procedure 69(a)(1) provides that the federal government's enforcement by writ of execution "must accord with the procedures of the state where the court is located," that Rule goes on to provide that notwithstanding this directive, "a federal statute governs to the extent it applies." Fed R. Civ. P. 69(a)(1). The Federal Debt Collection Procedures Act of 1990 ("FDCPA") is such a statute. The FDCPA provides that, with the exception of conflicting federal law, it "provides the exclusive civil procedures for the United States to recover a judgment on a debt." 28 U.S.C. § 3001. "Debt" includes "an amount that is owing to the United States on account of restitution" 28 U.S.C. § 3002(3)(B); *see also United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005) (concluding that the FDCPA's civil enforcement remedies may be used to enforce orders of restitution entered under the MVRA). The FDCPA further provides that it "shall preempt State law to the extent such law is inconsistent." 28 U.S.C. § 3003(d).
>
> Contrary to Gianelli's argument, the California state law at issue, California Civil Procedure Code section 683.020 (1987), which would preclude enforcement of a restitution judgment after ten years from the entry of that judgment, is such an inconsistent state law and is, therefore, preempted. The FDCPA provides no time limit for the collection of debts by writ of execution. *See* 28 U.S.C. § 3203. Further, because the purpose of the FDCPA "is to create a comprehensive statutory framework for the collection of debts owed to the United States government [and to] improve the efficiency and speed in collecting those debts," H.R.Rep. No. 101–736, at 32 (1990), a state law limiting such collection is inconsistent with the purpose of the act and is, therefore, preempted. *See Mays*, 430 F.3d at 965 (noting that the "FDCPA was enacted 'to give the Justice Department uniform Federal procedures—prejudgment remedies and postjudgment remedies—to collect debts owed the United States nationwide.'") (quoting H.R.Rep. No. 103–883, at 81 (1995)).

Thomas's argument that the SEC is barred from pursuing enforcement of the judgment under Arizona and Nevada law is therefore without merit.

Finally, Thomas argues that the SEC improperly seeks to require him to appear in Las Vegas, Nevada for a post-judgment deposition, notwithstanding its knowledge that he resides in Arizona. The SEC responds that it was willing to conduct the deposition in Arizona where Thomas resides, but he never responded to their efforts to contact him to schedule the deposition in that state. The Court, therefore, also finds Thomas's objection to the location of the deposition to be without merit.

28 U.S.C. § 3015(a) provides that the United States may have discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt. Rule 37(b)(2)(A) provides that if a party fails to obey an order to provide or permit discovery, the court may impose sanctions against the disobedient party, which may include treating as contempt the failure to obey the order. Rule 37(b)(2)(C) further provides that the Court may order the disobedient party to pay the other party's reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Defendant Thomas's failure to appear for his examination or deposition on March 8, 2013, as ordered by this Court, is clearly not justified. The Court will therefore award the SEC its reasonable expenses incurred in regard to Defendant Thomas's failure to appear.

The undersigned has already certified facts to the District Judge that Defendant Thomas be ordered to appear and show cause why he should not be found in contempt of court for his failure to comply with the order that he provide responses to the SEC's written discovery requests. *Order (#389)*. If Thomas again refuses or fails to appear for a deposition in this matter, the Court will also certify this matter to the District Judge for a hearing as to why Defendant Thomas should not be found in contempt of court for his failure to appear for examination or deposition. Accordingly,

**IT IS HEREBY ORDERED** that Defendant/Judgment Debtor Gary Thomas a/k/a Gary Thomas Vojtesak's ("Thomas") Emergency Motion to Quash Order Certifying Facts to District Judge Under 28 U.S.C. §636(E), and Order to Appear (#531) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff Securities and Exchange Commission is awarded its reasonable expenses incurred as a result of Defendant/Judgment Debtor Gary Thomas's failure to appear for his examination or deposition in this Court on March 8, 2013.

   a.   Counsel for Plaintiff shall, no later than 14 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of costs incurred in the motion addressed in this order. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the costs charged are reasonable.

b.  Counsel for Defendant Gary Thomas shall have 14 days from service of the memorandum of costs in which to file a responsive memorandum addressing the reasonableness of the costs sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs which should be awarded.

c.  Counsel for Plaintiff shall have 7 days from service of the responsive memorandum in which to file a reply.

**IT IS FURTHER ORDERED** that Plaintiff Securities and Exchange Commission shall confer with Defendant/Judgment Debtor Thomas's counsel regarding a new date for the taking of Defendant/Judgment Debtor Thomas's deposition, either in Arizona or in Las Vegas, Nevada, within thirty (30) days of the date of this order.  If the parties reach agreement on the date, time and location for the deposition, then they shall submit a stipulation and order regarding the same to the Court.  If the Plaintiff is unable to obtain an agreement from Defendant/Judgment Debtor Thomas to appear for his deposition, then it shall so advise the Court in writing, and the Court will enter a new date as requested by the Plaintiff for Defendant to appear for his deposition.

**IT IS FURTHER ORDERED** that if Defendant/Judgment Debtor Thomas fails to agree to appear for a rescheduled examination or deposition, or fails to appear on the agreed date and place for his deposition, then the Court will further certify this matter to the District Judge and shall order Defendant/Judgment Debtor Thomas to appear and show cause why he should not be held in contempt of court for disobeying the Court's orders that he appear for examination or deposition by the Plaintiff.

DATED this 11th day of March, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge