UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DANIEL G. CHAPMAN, JAMES L. ERICKSTEEN, and SEAN P. FLANAGAN,<br><br>　　　　Defendants. | 2:05-CV-00531-PMP-GWF<br><br>**ORDER** |

　　　　Before the Court for consideration is Defendant Daniel G. Chapman's Motion for Fees and Other Legal Expenses (Doc. #403) filed March 25, 2013.  The motion has been fully briefed including the filing of Plaintiff's Sur-Reply (Doc. #412) file April 25, 2013. Having fully considered the arguments set forth in Defendant Chapman's motion, the Court finds that the attorneys' fees requested must be denied.

　　　　Defendant Chapman is an attorney who, along with co-Defendant Sean P. Flanagan, also an attorney, elected to represent themselves *pro se* in these proceedings. Ultimately, the Court entered Findings of Fact and Conclusions of Law providing that Plaintiff Securities and Exchange Commission had failed to prove its claims against Chapman and Flanagan by a preponderance of the evidence, but in doing so noted that the case was a very close one.  In responding to Plaintiff Chapman's Motion for Attorneys' Fees and Expenses, Plaintiff SEC raises several arguments which the Court finds to be

meritorious.

First, as argued by Plaintiff SEC, Defendant Chapman has failed to satisfy his burden of demonstrating that he is a party eligible to recover fees under §2412(d)(1)(A) of the Equal Access to Justice Act ("EAJA") as nothing in the Application or the records suggest that Defendant Chapman's net worth at the time the action was commenced was less $2,000,000.00 as required under 28 U.S.C. §2412(d)(2)(B).

Second, as an attorney representing himself *pro se*, Chapman incurred no attorney's fees for which he may seek compensation under the EAJA. *Kay v. Ehler*, 499 U.S. 432, 437 (1991), *Elwood v. Drescher*, 456 F. 3d 943 (9th Cir. 2006) and *west Virginia Univ. Hosps. Inc. v. Casey*, 499 U.S. 83 (1991).

Finally, the Court finds Chapman is not entitled to an award of attorneys' fees because Plaintiff SEC's position in this case was "substantially justified". 28 U.S.C. §2412(d)(1)(A), and *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Additionally, there is simply no evidence to support Defendant Chapman's allegation that the SEC acted in bad faith so as to warrant an award of fees in this case.

**IT IS THEREFORE ORDERED** that Defendant Chapman's Motion for Fees and Other Legal Expenses (Doc. #403) is **DENIED**. To the extent Chapman's Motion can be construed as seeking additional relief on behalf of Chapman and Flanagan, Limited, Flanagan & Associates, LTD, or Sean P. Flanagan, said Motion is also **DENIED**.

DATED: May 29, 2013.

_____
PHILIP M. PRO
United States District Judge