**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff/Garnishor, | ) ) | |
| vs. | ) ) | |
| EXOTICS.COM, INC., L. REX ANDERSEN, MARLIN R. BRINSKY, DANIEL G. CHAPMAN, STEPHEN P. CORSO, JR., BARRY F. DUGGAN, JAMES L. ERICKSTEEN, SEAN P. FLANAGAN, FIROZ JINNAH, INGO W. MUELLER, BRIAN K. RABINOVITZ, EDWARD JAMES WEXLER, GARY THOMAS a/k/a GARY THOMAS VOJTESAK, | ) ) ) ) ) ) ) ) ) ) | No. CV-S-05-0531-PMP-GWF |
| Defendants, | ) ) | |
| and | ) ) | |
| BANK OF AMERICA, N.A. and its successors or assigns, | ) ) ) | |
| Garnishee. | ) | |

**POST-JUDGMENT**
**CONTINUING WRIT OF GARNISHMENT**

TO:  Garnishee, Bank of America, N.A.
Lincoln Scottsdale Branch
6501 N. Scottsdale Road
Scottsdale, AZ.  85250

REQUESTED BY:  United States Securities and Exchange Commission
Nancy E. Tyler

Assistant Chief Litigation Counsel
100 F Street, NE
Mail Stop 5631
Washington, DC   20549-0022

ISSUED PURSUANT TO:   28 U.S.C. § 3205

The Court having reviewed the Plaintiff's Application for Post-Judgment Continuing Writ of Garnishment, hereby issues this Post-Judgment Continuing Writ of Garnishment.

The United States Securities and Exchange Commission ("SEC") has information indicating that Garnishee may have possession, custody or control of property in which Defendant has a substantial nonexempt interest.   This property may include Defendant's nonexempt disposable earnings (i.e., wages).

Pending further order of this Court, Garnishee is hereby directed to withhold and retain any property[1] in its possession, custody or control in which Defendant has an interest at the time this Writ is served or in which the Defendant may obtain an interest in the future, including Defendant's nonexempt disposable earnings.[2]   If Garnishee fails to withhold property in

---

[1]   "Property" includes any present or future interest, whether legal or equitable, in real, personal (including chose in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts)), but excludes –

> (A)   property held in trust by the United States for the benefit of an Indian tribe or individual Indian;   and
>
> (B)   Indian lands subject to restrictions against alienation imposed by the United States.

28 U.S.C. § 3002(12).

[2]   "'Earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program."   28 U.S.C. § 3002(6).   "'Disposable earnings' means that part of earnings remaining after all deductions required by law have been withheld."   Id. at § 3002(5).   "'Nonexempt disposable earnings' means 25 percent of disposable earnings, subject to section 303 of the Consumer Protection Act, [15 U.S.C. § 1673]."   Id. at § 3002(9).

accordance with this Writ, Garnishee may be held in contempt by the Court or the Court may enter judgment against the Garnishee for the value of Defendant's nonexempt interest in such property, plus a reasonable attorney's fee to the SEC.   See 28 U.S.C. §§ 3003(c)(8) and 3205(c)(6).

Within 10 days of receiving a copy of this Writ, Garnishee shall file with the Court Clerk a written answer as required by 28 U.S.C. § 3205(c)(4), and the Garnishee will forward payments to the Office of Financial Management, United States Securities and Exchange Commission, Enterprise Services Center, Accounts Receivable Branch, 6500 South MacArthur Boulevard, Oklahoma City, OK 73169, with the notation that the payment is on behalf of GARY THOMAS A/K/A GARY THOMAS VOJTESAK A/K/A 4040 HOLDINGS LLC, SEC Case No. B-01729-D, until Defendant's debt is paid in full or Garnishee no longer has custody or control of any property belonging to Defendant.   Garnishee shall serve a copy of its answer on counsel for the SEC, whose address is listed above, and counsel for the Defendant, whose address is listed below.  See Fed. R. Civ. P. 5 for acceptable methods of service.

This Writ of Garnishment is a continuing writ and it will terminate only by:

(A)     a court order quashing this Writ of Garnishment;

(B)     exhaustion of property in the possession, custody, or control of the Garnishee in which the debtor has a substantial nonexempt interest (including nonexempt disposable earnings), unless the garnishee reinstates or re-employs the judgment debtor within 90 days after the judgment debtor's dismissal or resignation;   or

(C)     satisfaction of the debt with respect to which this Writ is issued.

See 28 U.S.C. 3205(c)(10).

The following exhibits are attached to this Writ:

Exhibit A:     notices and instructions to Garnishee;

---

Writ of Garnishment                          Page 3

Exhibit B:      a sample answer to be used by Garnishee;

Exhibit C:      notices and instructions to Defendant; and

Exhibit D:      a sample claim for exemption and request for hearing
                to be used by Defendant.

To assist the Garnishee with its obligations under this Writ, the following information is provided:

| | |
|---|---|
| Defendant's Name: | GARY THOMAS A/K/A GARY THOMAS VOJTESAK A/K/A 4040 HOLDINGS LLC |
| Defendant's SSN: | XXXX-XX-5422 |
| Defendant's Last Known Address: | 6307 N Mockingbird Ln, Paradise Valley, Arizona 85253 |
| Date of Judgment: | December 20, 2006 |
| Nature of Judgment: | Final Judgment of Default Against Defendant Gary Thomas a/k/a Gary Thomas Vojtesak |

Judgment Amount

| | |
|---|---|
| Civil Penalty: | $540,000.00 |
| Amount of Post-Judgment Interest on Penalty Accrued as of 11/07/2013: | $213,395.23 |
| Surcharge Under § 3011: | $-0- |
| Total Amount Owing on the Penalty as of 11/07/2013: | $753,395.23 |

IT IS SO ORDERED.

Dated this ⌐ 18th day of November, 2013.

_____

United States Distict Judge

_____

Writ of Garnishment                    Page 4

## INSTRUCTIONS TO GARNISHEE

You have been served with a Continuing Writ of Garnishment pursuant to 28 U.S.C. § 3205.   Pursuant to that Writ and § 3205, you are required to file a written answer with the Court Clerk within 10 days of receiving a copy of the Writ.   The Court Clerk's address is: Lloyd D. George US Courthouse, 333 Las Vegas Blvd. South, Las Vegas, NV. 89101.

## YOUR ANSWER

Section 3205 requires that your answer be under oath, and that it contain the following general information:

(A)    whether you have custody, control or possession of property in which the Defendant has an interest;

(B)    a description of such property and the value of Defendant's interest in that property;

(C)    a description of any previous garnishments to which Defendant's property is subject;

(D)    a description of any property which you anticipate owing Defendant, or in which Defendant will obtain an interest, in the future; and

(E)    if you make periodic payments to Defendant, the amount of those payments and whether those payments are made on a weekly basis, or at some other interval.

See 28 U.S.C. § 3205(c)(4).

A sample answer is attached as Exhibit B for your use.

You must serve a copy of your answer on Defendant and counsel for the SEC, whose addresses are listed on the face of the Writ.   See Fed. R. Civ. P. 5 for acceptable methods of service.

### IF YOU ARE A BANK OR FINANCIAL INSTITUTION

If you are a bank or other financial institution, as defined in 12 U.S.C. § 3401(1), the Writ of Garnishment also serves as a subpoena, under 28 U.S.C. § 3015(a) and Fed. R. Civ. P. 45, requiring you to produce a statement for each account in which Defendant has an interest showing a history of the account from the date the Writ was served on you to the date you file your answer. You may comply with this subpoena by attaching the statements to your answer.   Such a disclosure is authorized by the Right to Financial Privacy Act, 12 U.S.C. §§ 3413(e) and 3415.

As the recipient of a subpoena, you are entitled to the following notice/information:

(c)      Protection of Persons Subject to Subpoenas.

(1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.   The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.   If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.   If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.   Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i)     fails to allow reasonable time for compliance;

    (ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

    (iv)   subjects a person to undue burden.

(B) If a subpoena

    (i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    Duties in Responding to Subpoena.

    (1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Fed. R. Civ. P. 45(c) and (d).

## IF YOU ARE DEFENDANT'S EMPLOYER

The amount of nonexempt earnings which may be withheld pursuant to a Writ of Garnishment is defined by the Consumer Credit Protection Act, 15 U.S.C. § 1673, which provides generally that for a given week of employment, the lesser of 25% of disposable earnings for the week or that amount of disposable earnings for the week in excess of 30 times the minimum wage as set by 29 U.S.C. § 206(a)(1) may be withheld.   The Secretary of Labor has promulgated regulations to assist you in calculating the maximum amount of nonexempt earnings that can be withheld.   See Code of Federal Regulations, Title 29, Labor; Subtitle B, Regulations Relating to Labor; Chapter V, Wage and Hour Division, Department of Labor; Subchapter D, Garnishment of Earnings; Part 870, Restriction on Garnishment.

You may contact the attorney listed on the face of the Writ of Garnishment if you need additional assistance in determining the maximum amount of earnings to withhold.

Pursuant to 15 U.S.C. § 1674, you may not discharge Defendant because his earnings have been garnished.

<u>**SAMPLE ANSWER TO BE USED BY GARNISHEE**</u>

**Exhibit B to Writ of Garnishment**

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) | |
| **Plaintiff/Garnishor,** | ) ) | |
| **vs.** | ) ) | |
| **EXOTICS.COM, INC., L. REX ANDERSEN, MARLIN R. BRINSKY, DANIEL G. CHAPMAN, STEPHEN P. CORSO, JR., BARRY F. DUGGAN, JAMES L. ERICKSTEEN, SEAN P. FLANAGAN, FIROZ JINNAH, INGO W. MUELLER, BRIAN K. RABINOVITZ, EDWARD JAMES WEXLER, GARY THOMAS a/k/a GARY THOMAS VOJTESAK,** | ) ) ) ) ) ) ) ) ) ) ) | **No. CV-S-05-0531-PMP-GWF** |
| **Defendants,** | ) ) | |
| **and** | ) ) | |
| **BANK OF AMERICA, N.A. and its successors or assigns,** | ) ) ) | |
| **Garnishee.** | ) ) | |

## <u>GARNISHEE'S ANSWER</u>

Having been served with a Continuing Writ of Garnishment, Garnishee hereby files this

Answer in accordance with 28 U.S.C. § 3205.   This Answer is being prepared by:

Name:

Title:

Address:

Phone Number:

**DESCRIPTION OF GARNISHEE**

Garnishee files this Answer as:          (check those that apply)

☐     An Individual

       ☐     In my personal capacity.

       ☐     Doing business as,

           Name of d/b/a:
           Address:
           Phone Number:

☐     A Partnership; and Garnishee is:

       ☐     A general partner

       ☐     A limited partner

       Name of Partnership:
       Address:
       Phone Number:

☐     A Corporation

       Name of Corporation:
       Address:
       Phone Number:
       State of Incorporation:
       Principal Place of Business:

**PRIOR GARNISHMENTS**

    For each previous garnishment involving Defendant which is still in effect, please provide the following information:

Date of Garnishment:
Property Subject to the Previous Garnishment:

2

**DESCRIPTION OF PROPERTY IN WHICH DEFENDANT HAS AN INTEREST**

Garnishee states as follows:   (check those that apply)

❒       From the date the Writ of Garnishment was served to the date this Answer is being prepared, Garnishee has not had possession, custody or control of any property in which Defendant has an interest.

❒       Garnishee has possession, custody or control of the following non-earnings property in which Defendant has an interest:

Description of Property:
Approximate Value of Property:
Defendant's Interest in the Property:

❒       Garnishee anticipates having future possession, custody or control of the following non-earnings property in which Defendant will have an interest:

Description of Property:
Approximate Value of Property:
Defendant's Interest in the Property:
When Defendant Will Acquire An Interest in the Property:

❒       As Defendant's employer, Garnishee has possession, custody or control of earnings in which Defendant has an interest:

Defendant is paid: ❒ weekly, ❒ bi-weekly, ❒ semi-monthly, ❒ monthly
Date Previous Pay Period Ended:
Date Current Pay Period Ends:

a.       Defendant's Gross Pay:
b.       Federal Income Tax Withheld:
c.       F.I.C.A. Withheld:
d.       State Income Tax Withheld:
e.       Total Withholdings (b + c + d):
f.       Net Earnings (a - e):

**GARNISHEE'S CLAIMS**

Garnishee makes the following claims:          (check those that apply)

❒       Garnishee makes the following claim of exemption on behalf of Defendant:

Amount of Exemption:
Nature of Exemption:

3

☐     Garnishee has the following objections, defenses, or set-offs against the United States' right to seek garnishment of Defendant's non-exempt property in Garnishee's possession, custody or control:

(describe nature of objection, defense, or set-off)

### CERTIFICATE OF SERVICE

Garnishee certifies that it has served a copy of this Answer on both the:

☐     Defendant

Date of Service:
Method of Service: (include address if service was by mail)

and

☐     Nancy E. Tyler
Assistant Chief Litigation Counsel
United States Securities and Exchange Commission
100 F Street, NE
Mail Stop 5985, Room 5941
Washington, DC   20549-0022

Date of Service:
Method of Service: (include address if service was by mail)

### OATH

Garnishee declares under penalty of perjury that the foregoing is true and correct.

Date: _____

Signature: _____

Subscribed and sworn before me this _____ day of _____ 20____.

_____
Notary Public                                                     (SEAL)

Commission Expires: _____

4

**Exhibit C**

<u>**NOTICE AND INSTRUCTIONS TO DEFENDANT**</u>

A judgment was rendered against you in <u>SEC v. Exotics.Com, Inc. et al.</u>, Case No. <u>CV-S-05-0531-PMP-GWF</u> in the United States District Court for the District of Nevada.   The SEC claims that the total amount owing under that judgment for penalty and the post-judgment interest accrued thereon is $753,395.23.

You are hereby given notice that in an attempt to collect on its judgment against you, the SEC has caused the Court to issue a Continuing Writ of Garnishment to BANK OF AMERICA, N.A., the Garnishee.   With this Writ of Garnishment, the SEC is attempting to take your property, which may include a portion of your earnings, from the Garnishee.   <u>See</u> 28 U.S.C. § 3205.

**YOUR RIGHT TO OBJECT TO THE GARNISHEE'S ANSWER**
<u>**AND REQUEST A HEARING**</u>

Garnishee is required to file an answer within 10 days of receiving the Writ of Garnishment issued by the Court.   Garnishee is required to serve a copy of its answer on you and the SEC. Within 20 days after you receive a copy of the Garnishee's answer, you may file with the Court Clerk a written objection to the Garnishee's answer and request a hearing with the Court.   You must state the specific grounds for your objection and bear the burden of proving such grounds at a hearing before the Court.   You must file your objection and request for hearing with the Court Clerk at:

> Lloyd D. George US Courthouse
> Court Clerk
> 333 Las Vegas Blvd. South
> Las Vegas, NV. 89101
>
> and
>
> United States Securities and Exchange Commission
> Nancy E. Tyler
> Assistant Chief Litigation Counsel
> 100 F Street, NE
> Mail Stop 5985
> Washington, DC   20549-0022

The Court will hold a hearing on your objection within 10 days after your objection and request for hearing is received, or as soon thereafter as is practicable.   Notice of the hearing date will be sent to all parties.   Pursuant to statute,

> issues at such hearing shall be limited –
>
> (1)    to the probable validity of any claim of exemption by
>            [you];

      (2)     to the SEC's compliance with any statutory requirement for the issuance of the Writ of Garnishment; and

      (3)     if the judgment was rendered against you by default, and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to –

            (A)     the probable validity of the SEC's claim for the debt which has been merged into the judgment; and

            (B)     the existence of good cause for setting aside such judgment.

<u>See</u> 28 U.S.C. § 3202(d).

If you do not file a timely objection to the Garnishee's answer, the property listed in the Garnishee's answer will be applied to the debt you owe the SEC.

## <u>YOUR RIGHT TO CLAIM AN EXEMPTION</u>

As mentioned above, there are exemptions under the law which may protect the property listed in the Garnishee's answer from being taken by the SEC.   You must bear the burden at a hearing set by the Court of showing that an exemption applies.   The exemptions which you may claim are defined in 28 U.S.C. § 3014.   Pursuant to that section, you may generally exempt either the property specified in 11 U.S.C. § 522(d), or the property specified in the exemption statutes of the State in which you have been domiciled for the majority of the 180 days prior to the filing of the SEC's Application for the Writ of Garnishment.   The property exempted under 11 U.S.C. § 522(d) and the applicable State's exemption statutes may, and probably will, be different.   You must choose which set of exemptions you want the Court to apply.

Exhibit D contains a list of the exemptions available under 11 U.S.C. § 522(d) and Arizona law.   The statutes providing these exemptions may be amended from time to time. Also, the exemptions in the State in which you actually reside may be different than the exemptions listed in Exhibit D.   It is your responsibility to consult the appropriate federal and State exemption statutes to determine what your exemptions are.   The exemptions listed in Exhibit D are by way of example only.

## YOUR RIGHT TO TRANSFER THIS ACTION TO ANOTHER FEDERAL DISTRICT

If you think you live outside the Federal judicial district in which this Court is located, you may request, not later than 20 days after receipt of this Notice, that this proceeding to take your property be transferred by the Court to the Federal judicial district in which you do reside. You must make this request in writing. Your request for a transfer must be filed with the Court Clerk at:

> Lloyd D. George US Courthouse
> Court Clerk
> 333 Las Vegas Blvd. South
> Las Vegas, NV. 89101

You must also serve a copy of your request for a transfer on:

> Bank of America, N.A.
> Lincoln Scottsdale Branch
> 6501 N. Scottsdale Road
> Scottsdale, AZ. 85250
>
> and
>
> United States Securities and Exchange Commission
> Nancy E. Tyler
> Assistant Chief Litigation Counsel
> 100 F Street, NE
> Mail Stop 5631
> Washington, DC 20549-0022

## CONCLUSION

Keep a copy of this notice for your records. If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the Court Clerk. The Court Clerk is not permitted to give legal advice, but can refer you to other sources of information.

See Fed. R. Civ. P. 5 for permissible methods of service.

**Exhibit D**

**SAMPLE CLAIM FOR EXEMPTION
AND REQUEST FOR HEARING
TO BE USED BY DEFENDANT**

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff/Garnishor, | ) ) | |
| vs. | ) ) | |
| EXOTICS.COM, INC., L. REX ANDERSEN, MARLIN R. BRINSKY, DANIEL G. CHAPMAN, STEPHEN P. CORSO, JR., BARRY F. DUGGAN, JAMES L. ERICKSTEEN, SEAN P. FLANAGAN, FIROZ JINNAH, INGO W. MUELLER, BRIAN K. RABINOVITZ, EDWARD JAMES WEXLER, GARY THOMAS a/k/a GARY THOMAS VOJTESAK, | ) ) ) ) ) ) ) ) ) ) | No. CV-S-05-0531-PMP-GWF |
| Defendants, | ) ) | |
| and | ) ) | |
| BANK OF AMERICA, N.A. and its successors or assigns, | ) ) ) | |
| Garnishee. | ) ) | |

## DEFENDANT'S CLAIM OF EXEMPTION and REQUEST FOR HEARING

NOTE: 18 U.S.C. § 3613(a), the federal statute governing liens arising from criminal fines and restitution obligations, generally incorporates the exemptions available to individual taxpayers under the Internal Revenue Code.   The Mandatory Victims Restitution Act (MVRA) provides that the only property that is exempt from enforcement (other than wage garnishment) of any MVRA debt is certain property that is exempt from levy under the Internal Revenue Code (IRC).   18 U.S.C. § 3613(a)(1). If your debt is the result of a judgment and conviction entered under the MVRA which orders the repayment of a fine or restitution, exemptions 1 through 11 are the **only** exemptions available to you.   If your debt is not a result of a judgment entered under the MVRA, exemptions 12 through 19 are available to you.

I claim that the exemption(s) from enforcement which are checked below apply in this case:

Page 1

_____1.     Wearing apparel and school books.--Such items of wearing apparel and such school books as are necessary for the debtor or for members of his family.

_____2.     Fuel, provisions, furniture, and personal effects.--So much of the fuel, provisions, furniture, and personal effects in the Debtor's household, and of the arms for personal use, livestock, and poultry of the debtor, as does not exceed **$6,250** in value.

_____3.     Books and tools of a trade, business, or profession.--So many of the books, and tools necessary for the trade, business, or profession of the debtor as do not exceed in the aggregate $3,125 in value.

_____4.     Unemployment benefits.--Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.

_____5.     Undelivered mail.--Mail, addressed to any person, which has not been delivered to the addressee.

_____6.     Certain annuity and pension payments.--Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under Chapter 73 of Title 10 of United States Code.

_____7.     Workmen's Compensation.--Any amount payable with respect to compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

_____8.     Judgments for support of minor children.--If the debtor is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

_____9.     Certain service-connected disability payments.-- Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of Title 38, United States Code) disability benefit under--(A) subchapter II, III,IV, V, or VI of Chapter 11 of such Title 38 or (B) Chapter 13, 21, 231, 32, 34, 35,37, or 39 of such Title 38.

_____10.    Assistance under Job Training Partnership Act.   Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds appropriated pursuant to such Act.

_____11.    Minimum exemptions for wages, salary and other income.   The exemptions under

Page 2

26 U.S.C. § 6334(a)(9) do not apply in criminal cases.   The exceptions under the Consumer Credit Protection Act, 15 U.S.C. § 1673, for disposable earnings, automatically apply and do not need to be claimed.   The aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 % of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage in effect at the time the earnings are payable, whichever is less.

I claim that the following non-MVRA exemption(s) from garnishment which are checked below apply in this case:

_____12.    Social Security benefits and Supplemental Security income (42 U.S.C. § 407).

_____13.    Veterans' benefits (38 U.S.C. § 3101).

_____13a.    Members of armed services (10 U.S.C. § 1440, 38 U.S.C. § 562).

_____14.    Federal civil service retirement benefits (5 U.S.C. § 8346 and 22 U.S.C. § 4060(c)).

_____15.    Annuities to survivors of federal judges (28 U.S.C. § 376(n)).

_____16.    Longshoremen and Harbor workers Compensation Act (33 U.S.C. § 916).

_____17.    Black lung benefits (30 U.S.C. §§ 931(b)(2)(F) and 932(a)).

_____17a.    Seaman's, master's or fisherman's wages, except for child support or spousal support and maintenance (46 U.S.C.A. §§ 1108-1109(a-c)).

Exemptions listed under 12 through 17 above may not be applicable in child support and alimony cases (42 U.S.C. § 659).

_____17b.    Railroad retirement, pension, unemployment benefits (45 U.S.C. §§ 231(m), 352(e).

_____18.    BANKRUPTCY CODE EXEMPTIONS CLAIM FORM

The first group of exemptions consists of property that is specified in section 522(d) of Title 11 of the United States Code and which consists generally of the following property:

1.    The debtor's aggregate interest, not to exceed $18,450 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

2.    The debtor's interest, not to exceed $2,950 in value, in one motor

Page 3

vehicle.

3.     The debtor's interest, not to exceed $475 in value in any particular item or $9,850 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

4.     The debtor's aggregate interest, not to exceed $1,225 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

5.     The debtor's aggregate interest in any property, not to exceed in value $975 plus up to $9,250 of any unused amount of the exemption provided under paragraph (1) of this subsection.

6.     The debtor's aggregate interest, not to exceed $1,850 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

7.     Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.

8.     The debtor's aggregate interest, not to exceed in value $9,850 less any amount of property of the estate transferred in the manner specified in section 542(d) of this title, in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

9.     Professionally prescribed health aids for the debtor or a dependent of the debtor.

10.    The debtor's right to receive ---

       (A)    a social security benefit, unemployment compensation, or a local public assistance benefit;
       (B)    a veterans' benefit;
       (C)    a disability, illness, or unemployment benefit;
       (D)    alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;
       (E)    a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service to the extent

reasonably necessary for the support of the debtor and any dependent of the debtor, unless----

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

(ii) such payment is on account of age or length of service; and

(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

(11) The debtor's right to receive, or property that is traceable to ---

(A) an award under a crime victim's reparation law;

(B) a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

(C) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

(D) a payment, not to exceed $18,450, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

(E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

(12) Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

_____19.   Compensation for war risk hazards (42 U.S.C. § 1717).

## MAJOR EXEMPTIONS UNDER STATE LAW

**NOTE:**   The law of the state where you have been domiciled for at least 180 days governs your rights.

Page 5

**NOTE:**      If you have selected the Bankruptcy Code exemptions listed above, you may <u>not</u> also claim the state law exemptions listed below.

**MAJOR EXEMPTIONS UNDER STATE LAW**

**NOTE:**      The law of the state where you have been domiciled for at least 180 days governs your rights.

**NOTE:**      If you have selected the Bankruptcy Code exemptions (line 7 above), you may <u>not</u> also claim the state law exemptions listed below.

Interest in real property upon which debtor's house sits, condominium or cooperative, mobile home, or mobile home in which debtor resides plus the land upon which the mobile home is located in the amount of $150,000.

Household furniture, furnishings and appliances personally used by debtor in an amount not to exceed $4,000 (fair market value):

      – one kitchen and one dining room table with four chairs each, plus one additional chair   for each dependent of the debtor who resides in the household if the debtor and dependents exceed four in number
      – one living room couch
      – one living room chair, plus one additional chair for each dependent of the debtor who resides in the household
      – three living room coffee or end tables
      – three living room lamps
      – one living room carpet or rug
      – two beds, plus one additional bed for each dependent of the debtor who resides in the household
      – one bed-table, dresser and lamp for each bed allowed above
      – bedding for each bed allowed above
      – pictures, oil paintings and drawings, drawn or painted by debtor and family portraits in their necessary frames
      – one television set or radio or stereo
      – one radio alarm clock
      – one stove
      – one refrigerator
      – one washing machine
      – one clothes dryer
      – one vacuum cleaner

All food, fuel and provisions for debtor's individual or family use to last up to six months.

All wearing apparel used primarily for personal, family or household purposes with a fair market

value not to exceed $500.

All musical instruments for debtor's individual or family use with an aggregate fair market value not to exceed $250.

Domestic pets, horses, milk cows and poultry with a fair market value not to exceed $500.

All engagement and wedding rings with a fair market value not to exceed $1,000.

Debtor's library, including books, manuals, published materials and personal documents not with a fair market value not to exceed $250.

One watch with a fair market value not to exceed $100.

One typewriter, one bicycle, one sewing machine, a family bible, a burial plot, one shotgun or one rifle or one pistol, with a fair market value not to exceed $500.

One car with a fair market value not to exceed $5,000. If debtor is physically disabled, the fair market value of the motor vehicle shall not exceed $10,000.

Professional prescribed prostheses for debtor or a dependent of the debtor, including a wheelchair.

Life insurance proceeds not to exceed $20,000 if payable to surviving spouse or child upon the life of a deceased spouse, parent or legal guardian.

Minor child's earnings unless debt to be discharged was contracted for the special benefit of the minor child.

Child support or spousal maintenance received pursuant to a court order.

All money, proceeds or benefits from employer health, accident, disability insurance benefits or similar employer benefit program.

All proceeds from destruction of or damage to exempt property and all proceeds or benefits arising from fire or other insurance on exempt property.

Cash surrender value of life insurance policies where for a continuous unexpired period of two years such policies have been owned by a debtor and have named as beneficiary the debtor's surviving spouse, child, parent, brother or sister, or any other dependent family member, except for the amount of any premium that is avoidable by a creditor as a fraudulent transfer.

An annuity contract where for a continuous unexpired period of two years such contract has been owned by a debtor and has named as beneficiary the debtor, debtor's surviving spouse, child, parent, brother or sister, or any other dependent family member, except for the amount of any premium that is avoidable by a creditor as a fraudulent transfer.

Any claim for damages for levy upon or sale under execution of exempt personal property or for

wrongful taking or detention of exempt personal property. Does not apply to annuities, nor to cash surrender values increased by premium payments made within two years in excess of the average annual premium paid during the previous three years.

Bank deposit not to exceed $150. This sum is not exempt from normal service charges assessed by the bank holding the funds.

Benefits from ERISA-qualified retirement plan or deferred compensation plan except those amounts contributed within 120 days before a debtor files for bankruptcy.

Prepaid rent, including security deposits as provided in § 33-1321(A) for debtor's residence, not exceeding the lesser of $1,000 or 1½ month's rent where debtor has not claimed a homestead exemption.

Group life insurance policy or proceeds.

Tools, equipment, instruments and books of debtor or debtor's spouse primarily used and necessary to carry on the commercial activity, trade, business or profession of debtor or debtor's spouse, with a fair market value not to exceed $2,500. Tools does not include a motor vehicle primarily used for personal, family or household purposes such as transportation to debtor's employment.

Farm machinery, utensils, implements of husbandry, feed, seed, grain and animals belonging to debtor, with a value not to exceed $2,500, where debtor's primary income is derived from farming.

All arms, uniforms and accoutrements required by law to be kept by a debtor.

Seventy-five percent (75%) of disposable earnings. Only one half of disposable income may be claimed exempt in response to an order for support of any person. "Disposable earnings" means that remaining portion of a debtor's wages, salary or compensation for his personal services, including bonuses and commissions, or otherwise, and includes payments pursuant to a pension or retirement program or deferred compensation plan, after deducting from such earnings those amounts required by law to be withheld.

IRAs

Police Officers Pension.

Fire Fighters' Relief and Pension Fund and distributive portions therefrom.

Arizona State Retirement System – state employee's survivor benefits before retirement.

Public Safety Personnel Retirement System – benefits, employee contributions or employer contributions, including interest, earnings and all other credits Arizona Rangers' Pension.

Unemployment compensation benefits are exempt where proceeds are not commingled with other funds, except debts incurred for necessaries furnished to the individual or his or her spouse or dependents during the time when the individual was employed Workers' compensation benefits.

Welfare assistance benefits.

The statements made in this claim and request for hearing as to exemption entitlement and fair market value of the property designated are made and declared under penalty of perjury that they are true and correct.   I hereby request a court hearing to decide the validity of my claims.   Notice of the hearing should be given to me by mail at:

(_____) or telephonically at (_____)
                       Address                                         Phone no.
_____
Debtor's printed or typed name

_____
Signature of debtor

_____
Date

Page 9