IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>EXOTICS.COM, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Case No. 2:05-cv-00531-MMD-GWF<br>)<br>)<br>)<br>)<br>)<br>) |

### ~~[PROPOSED]~~ ORDER HOLDING DEFENDANT GARY THOMAS IN CIVIL CONTEMPT

This matter is before the Court on the Plaintiff's, the United States Securities and Exchange Commission's ("Commission" or "SEC"), Motion For An Order To Show Cause Why Defendant Gary Thomas ("Thomas") Should Not Be Held In Civil Contempt. (DE 450).

On July 27, 2016, the Court held an evidentiary hearing. The SEC was represented by Nancy E. Tyler and Marsha C. Massey. Thomas was present and represented by counsel, Sean Flanagan and Mark Chester, provisionally admitted pro hac vice.

Based on the testimony and the parties' admitted exhibits, the Court finds:

1. Thomas failed to comply with the Court's Installment Payment Order entered on March 31, 2014 (DE 449) ("Order") to make monthly payments of $15,966 on the following dates: April 1, 2014, May 1, 2014, June 1, 2014, July 1, 2014, August 1, 2014, September 1, 2014, October 1, 2014, November 1, 2014, January 1, 2016, February 1, 2016, March 1, 2016, April 1, 2016, May 1, 2016, and June 1, 2016;

2. Thomas failed to comply with the Order by failing to submit quarterly financial statements to the SEC on the following dates: July 1, 2014, October 1, 2014, January 1, 2016, and April 1, 2016;

3. Thomas failed to comply with the Order by failing to advise the SEC of any substantial changes in his financial condition;

4. The SEC presented clear and convincing evidence that Thomas is in contempt of the Court's Order and that the Order was clear and unambiguous; and

5. Thomas failed to meet his burden of showing that he was unable to comply with the Order.

IT IS THEREFORE ORDERED that Gary Thomas Vojtesak is in Contempt of Court and that sanctions are appropriate. THE COURT ORDERS that:

1. No later than **August ~~1~~ 19, 2016**, Thomas shall provide to the SEC:

   a. The missing parts of bank statements marked as Defendant's Exhibit D5;

   b. The bank statements for any accounts referenced in Defendant's Exhibits D5 and D6 from which money was deposited for the period of January through the August 1, 2016;

   c. A copy of the promissory notes evidencing the loans identified on Defendant's Exhibit D18;

2. No later than **thirty (30) days following the entry of this Order**, Thomas shall produce to the SEC the following:

   a. A list of entities, including but not limited to corporations, LLCs, LLPs, partnerships, joint ventures, and sole proprietorships in which Thomas has had an interest and/or signature authority since January 1, 2016;

b. Year to date financial statements, including Balance Statements, Income Statements, Profit and Loss Statements, W-2 forms, 1099 forms, K-1 forms for all of the entities referenced above and a certification that the statements are accurate;

c. ~~For each of the entities referenced above, a list of all partners (general or limited), shareholders, joint venturers, or owners of any kind and a description of their ownership interest in the entity;~~

d. Tax returns since 2013 for all of the above identified entities;

e. Thomas's personal financial statements which may be prepared by an accounting professional, but must be accompanied by a certification from Thomas under penalties of perjury that they are accurate;

f. A list of all financial depository accounts of any kind, including but not limited to checking accounts, savings accounts, draft accounts, certificates of deposit, brokerage accounts, money market accounts, individual retirement accounts, 401k accounts, and KEOGH accounts, which existed as of July 27, 2016 (the date of the hearing) in which Thomas has or had signatory authority, including complete bank account numbers, account balances as of July 27, 2016, and balances in those accounts as of the date of his response to this Order;

g. For any of the above identified depository accounts which were closed on or after July 27, 2016, an accounting of the disposition of the funds from the closed accounts;

h. A full inventory of personal and real property assets as of July 27, 2016 in which Thomas has any real or beneficial interest, including a complete description and

location of all artwork, jewelry, motor vehicles, boats, planes, real property, guns, wine, furs, rare books, coins, stamps, or any other asset of value over ~~$100~~ $1,000.00 in which Thomas has an interest or a right to alienate or sell; and

i. A full accounting of all money either owed to Thomas or any entity in which Thomas has an interest, including loans or accounts receivable, or monies being held for the benefit of Thomas, and identification of the persons and/or entities holding such funds.

The Court further directs that the parties work toward establishing a new payment plan for Thomas. If the parties cannot agree on a payment plan, the Court will refer the matter to the Magistrate Judge in an effort to resolve any issues between the parties.

~~A status hearing on Thomas's compliance with the Court's Order is set for _____, 2016.~~

SO ORDERED on this _9th_ day of August, 2016.

_____
The Honorable Miranda M. Du
United States District Court Judge