UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　Plaintiff,<br>v.<br>EXOTICS.COM, INC., *et al*.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 2:05-cv-00531-MMD-GWF<br><br>**ORDER CERTIFYING FACTS TO DISTRICT JUDGE UNDER 28 U.S.C. § 636(E)** |

This matter is before the Court on Plaintiff Securities and Exchange Commission's ("SEC") Motion for An Order to Show Cause Why Defendant Gary Thomas ("Thomas") Should Not Be Held in Civil Contempt (ECF No. 547), filed January 29, 2018. Thomas filed his Opposition (ECF No. 550) on February 5, 2018. SEC filed its Reply (ECF No. 551) on February 6, 2018. On May 4, 2018, SEC appeared at the scheduled hearing and Thomas appeared telephonically. At the conclusion of the hearing the Court instructed Thomas to mail a copy of his financial records, dating from October 2017 to present, no later than May 18, 2018. The SEC filed its Response and Objections to Thomas's Financial Submission (ECF No. 556) on May 29, 2018. On June 7, 2018 Thomas filed his Reply to the SEC's Objections (ECF No. 559).

**BACKGROUND**

The SEC requests Thomas be held in civil contempt for failure to comply with this Court's Order of October 23, 2017 (ECF No. 544). Pursuant to Title 28, Section 636(e) of the United States Code, a United States magistrate judge shall have authority to punish civil contempt when the act was committed in the magistrate judge's presence or the act constitutes criminal, or civil contempt. A magistrate judge may, however, only impose a sentence for

criminal contempt up to the penalties for a Class C misdemeanor – 30 days in jail and/or a fine up to $5,000. Section 636(e)(5).

Section 636(e) further provides:
> **(6) Certification of other contempts to the district court.**--Upon the commission of any such act–
>
> . . . .
>
> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

Pursuant to Section 636(e)(6), the undersigned certifies to the District Judge the following facts that appear to provide grounds for a finding of civil contempt against Thomas:

1. That a permanent injunction and default judgement was entered against Thomas on December 22, 2006. The default judgment ordered that Thomas pay civil penalties in the amount of: $120,000.00 for violation of Section 10(b) and Rule 10b-5; $120,000.00 for aiding and abetting Exotics-Nevada's violation of Section 10(b) and 10b-5; $120,000.00 for aiding and abetting of manipulation scheme; $120,000.00 for aiding and abetting violations of Exotics-Nevada's violation of Section 13(b)(2)(A) and Section 13(b)(2)(B); $60,000.00 for violations of Section 13(d), Section 16(a) and Rule 13d-1 and Rule 16a-3. *Final Judgement of Default Against Defendant Gary Thomas a/k/a GARY THOMAS VOJTESAK* (ECF No. 86 at 4).

2. That on March 31, 2014, the Court entered an Installment Payment Plan Order ("Initial Payment Plan") ordering Thomas make payments of $15,966.00 on the first day of each month beginning April 1, 2014 in satisfaction of his debt. ECF No. 449.

3. That on August 9, 2016, the Court entered an Order holding Thomas in civil contempt for failure to comply with the Court's Initial Payment Plan. The Court further directed the parties to work toward establishing a new payment plan for Thomas. ECF No. 515.

4. That on October 23, 2017, the Court entered a Revised Installment Payment Plan Order

("Second Installment Order") ordering Thomas make payments toward his debt in the amount of $5,000.00 per month with the first payment due on November 1, 2017 and the first day of each month thereafter. ECF No. 544.

5. On May 4, 2018 the Court heard arguments regarding SEC's instant motion. Thomas was further ordered to mail his financial records, from October 2017 to present, to the court and submit a copy to the SEC by May 18, 2018.

6. That on May 29, 2018, the SEC filed its Response and Objections to Thomas's Financial Submission. ECF No. 556.

7. That on June 7, 2018, Thomas filed his Reply to the SEC's Objections. ECF No. 559

## **DISCUSSION**

The SEC asserts that Thomas should be held in contempt because he has made no attempts to comply with the Court's Second Installment Order. ECF No. 547. The SEC also requests an order that Thomas be incarcerated until he has fully complied with the Court's Installment Order.[1] *Id*. In response, Thomas argues he does not have sufficient "income or earnings" to pay the installment amount ordered by the Court because he relies solely on loans, which are not classified as income, to pay his family's living expenses. *Response* ECF No. 550. In its reply, the SEC argues that Thomas must not only demonstrate "categorically and in detail" (quoting *Huber v. Marine Midland Bank*, 51 F. 3d 5, 10 (2d Cir. 1995)) why he is unable to comply with the Second Installment Order but also that compliance is "unmistakably… impossible" (quoting *United States v. Rylander*, 460 U.S. 752, 757 (1983)).

In compliance with the Court's order issued on the record at the hearing on May 4, 2018, Thomas submitted what he articulated as "meticulous" financial records for review. Thomas's records purported to be a full and complete accounting of financial records and loan agreements for his business, Clean Shoe Consulting, LLC. In its response, the SEC argues Thomas's submission should not be admitted as evidence because his records include only the first page of bank statements for a seventh month period and provide no information as to why Thomas failed

---

[1] While the Court recognizes the SEC's request to incarcerate Thomas, the decision to impose appropriate penalties and/or coercive measures is left solely to the discretion of the District Court Judge.

3

to make any payments toward the Court's Second Installment Order. ECF No. 556. The SEC further argues the submitted self-made excel sheets did not contain any supporting documentation to enable the Court to authenticate the contents of the document. *Id*. In his Reply to the SEC's Objections, Thomas represents that he has not made installment payments because he has not generated income or earnings, and instead has borrowed $115,000.00. ECF No. 559. Thomas further submits complete bank account summaries which date from October 2017 through April 2018. *Id*.

The Court has previously found that Thomas receives substantial nonexempt earnings from his self-employment sufficient to enable him to make installment payments toward his debt. Although Thomas characterizes the funds he has received as loans, instead of income received for services, he nonetheless has significant money to support his and his family's lifestyle. Thomas has not made reasonable efforts to comply with the Court's Second Installment Order. The records he has submitted do not provide information regarding the sources of the deposited funds.

According to Thomas's records, he has deposited $115,651.36 within a seventh-month time period. His estimated monthly personal and business expenses over the same period exceed the monies he has deposited in his bank account. Thomas has not shown, however, that he has made any attempt to reduce or limit his discretionary spending for nonessential items that would permit him to make payments in compliance with the Second Installment Order which substantially reduced his monthly payment obligation. A party's self-induced inability to comply with a court order is not a defense to contempt. *United States v. Asay*, 614 F.2d 655, 660 (9th Cir. 1990). The fact that Thomas has not paid any amount on the judgment since the Second Installment Order was entered, further demonstrates his unwillingness to comply with the order and his lack of good faith.

Grounds exist to hold Thomas in civil contempt based on his failure to comply with the Second Installment Order, and his failure to make any payment in partial satisfaction of the judgment despite his ability to do so. Thomas appears unwilling to make any payment on the judgment unless he compelled to do so through exercise of the Court's civil contempt power.

Therefore, Defendant Gary Thomas should be ordered to show cause why he should not be found in civil contempt for his failure to make any payments to the SEC in violation of this Court's Order.  Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff Securities and Exchange Commission's ("SEC") Motion for An Order to Show Cause Why Defendant Gary Thomas Should Not Be Held in Civil Contempt (ECF No. 547) should be **granted**.

**IT IS HEREBY ORDERED** that Defendant Gary Thomas shall appear **in person** before the Honorable District Court Judge Miranda Du, on **Thursday, August 16, 2018 at 1:00 p.m.** at the Lloyd D. George Courthouse, 333 Las Vegas Blvd. Las Vegas, NV 89101 in a courtroom to be determined, to show cause, if any, why he should not be held in civil contempt by reason of the foregoing certified facts.  **Defendant's failure to appear in compliance with this order may result in the issuance of a warrant for his arrest.**

Dated this 8th day of June, 2018.

_George Foley Jr._
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE