Shuman Sohrn
Email: sohrns@sec.gov
Marsha C. Massey
masseym@sec.gov
Division of Enforcement
Securities and Exchange Commission
100 F Street NE, Mail Stop 5628
Washington, D.C. 20549
Telephone: (202) 551-8472
Facsimile: (202) 304-1469

*Attorneys for United States Securities and Exchange Commission*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>EXOTICS.COM, INC., et al.,<br><br>Defendants. | Case No.: **2:05-cv-00531-MMD-GWF**<br><br>**Honorable Miranda Du**<br><br>**ORDER ON MOTIONS HEARD AT THE MAY 2, 2019 HEARING [DOCS. 574, 583, and 591]** |

This matter came to be heard on: (1) Plaintiff, United States Securities and Exchange Commission's ("Commission" or "SEC") Motion to Enforce Order (the "Motion to Enforce" [Doc. 574]); (2) the Commission's Application for Disposition Order (the "Disposition Motion" [Doc. 583]); and (3) Defendant Gary Thomas's ("Defendant" or "Thomas") Motion to Modify Payment Plan (the "Motion to Modify" [Doc. 591]), and this Court having considered the motions and the responses thereto, as well as arguments presented at the hearing held on May 2, 2019 (the "Hearing" [Doc. 595]), finds and orders as follows:

**Motion to Enforce [Doc. 574]**

1. The Court finds that, at all relevant times, Defendant Thomas has been and remains subject to this Court's Order dated October 23, 2017 (the "Second Payment Plan Order"

1

[Doc. 544]) and the Order Holding Thomas in Civil Contempt dated August 23, 2018 (the "Second Contempt Order" [Doc. 569]).

2. The Court further finds that Defendant Thomas remains in contempt of this Court's orders pursuant to, *inter alia*, the Second Contempt Order.

3. The Court further finds that Defendant Thomas is in breach of the Second Payment Plan Order and the Second Contempt Order by failing to make the ordered $5,000.00 monthly installment payments due on the first day of each month. Specifically, the Court finds that Defendant Thomas failed to make the $5,000 monthly payments to the Commission that were due October 1, 2018, November 1, 2018, December 1, 2018, January 1, 2018, February 1, 2018, April 1, 2018, and May 1, 2018, despite having the ability to make these payments.

4. Based on these findings, and the other reasons placed on the record by the Court at the Hearing, the Commission's Motion to Enforce [Doc. 574] is GRANTED.

5. Defendant Thomas is ORDERED and DIRECTED (a) to continue making timely monthly $5,000 payments to the Commission, as ordered by the Second Payment Plan Order and the Second Contempt Order, and (b) to cure his payment defaults for the payments due October 1, 2018, November 1, 2018, December 1, 2018, January 1, 2018, February 1, 2018, April 1, 2018, and May 1, 2018. Accordingly, Defendant Thomas is ORDERED and DIRECTED to make the following payments to the Commission to cure his defaults and purge himself of contempt: (a) $20,000.00 due June 3, 2019; (b) $20,000.00 due July 1, 2019; and (c) $5,000.00 due on the first day of each month beginning with July 1, 2019 and continuing each subsequent month until Defendant Thomas's Judgment [Doc. 86] is satisfied in full.

6. Defendant Thomas is ORDERED and DIRECTED to provide proof of each payment made to counsel for the Commission within three (3) days of each payment. Such proof may be provided to Commission's counsel via electronic mail.

7. Defendant Thomas is ORDERED and DIRECTED to appear personally at all future hearings in this case.

8. Because Defendant Thomas remains in contempt of this Court's orders, it is hereby ORDERED that Defendant Thomas's failure to comply with any of the provisions set forth in this Order will result in the Court immediately ordering the incarceration of Defendant Thomas until he complies with all terms of this Order. Should Defendant Thomas be incarcerated for civil contempt of this Courts orders, within seven (7) days of his incarceration, the Court will hold a hearing to evaluate Defendant Thomas's ability to purge his contempt or to establish his inability to do so.

**Disposition Motion [Doc. 583]**

9. Because this Court finds that Heymar Irrevocable Trust is an alter ego and/or nominee of Defendant Thomas, and for the reasons set forth at the Hearing, the Commission's Disposition Motion has been GRANTED in all respects. *See* Doc. 596.

**Motion to Modify [Doc. 591]**

10. Because Defendant Thomas offered no evidence supporting his Motion to Modify, and has failed to establish his inability to comply with the Court's orders, the Motion to Modify is DENIED.

11. It is further ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED:**

Dated: May 22, 2019

Honorable Miranda Du
United States District Court Judge