UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>EXOTICS.COM, INC., *et. al.*,<br><br>　　　　　　　　　Defendants. | Case No. 2:05-cv-00531-MMD-GWF<br><br>ORDER |

This is a long-running accounting fraud and stock manipulation case involving alleged violations of federal securities laws. (ECF No. 1.) Before the Court is Defendant Gary Thomas' letter informing the Court that he will not be meeting his payment obligations under the Court's most recent order regarding his contempt of Court. (ECF Nos. 599 (the "May 2019 Order"), 600 ("Thomas' Letter").) The Court has also reviewed Plaintiff the U.S. Securities and Exchange Commission's response to Thomas' Letter. (ECF No. 601.) Because of Thomas' ongoing contempt of Court, and as further explained below, the Court will order Thomas' immediate incarceration.

The Court's May 2019 Order regarding Thomas' ongoing contempt of Court stated it would order his incarceration if he failed to comply with any of its terms. (ECF No. 599 at 3.) In his letter, Thomas indicated he would not be making the first payment required under the May 2019 Order. (ECF No. 600 at 2.) Plaintiff stated it did not timely receive the first payment due under the May 2019 Order. (ECF No. 601 at 3.) Thus, Thomas remains in contempt of the Court's orders, specifically including the May 2019 Order, and the Court's May 2019 Order made it clear the penalty for noncompliance is immediate incarceration.

Therefore, and as further explained below, the Court will direct the U.S. Marshals to arrest Thomas and hold him in custody near the Lloyd D. George U.S. Federal Courthouse in Las Vegas, Nevada, unless and until he purges his contempt. But the Court will first address two requests in Thomas' Letter, then how Thomas may purge his contempt, and then address the next steps in this case for Thomas.

First, Thomas requested in the Thomas' Letter that he be incarcerated in the Phoenix, Arizona metropolitan area, and that he be allowed out on 'work release' during his incarceration. (ECF No. 600 at 2.) Those requests are denied. To start, placing such lenient conditions on Thomas' incarceration for civil contempt would undermine the purpose of civil contempt—to coerce compliance with this Court's orders. *See, e.g.*, *Shillitani v. United States*, 384 U.S. 364, 368 (1966) (explaining that attempting to coerce someone to begin following a court's orders, including through conditional incarceration, is the hallmark of civil contempt); *see also S.E.C. v. Elmas Trading Corp.*, 824 F.2d 732, 732 (9th Cir. 1987) (finding that district court's order was an unappealable order for civil contempt because it was intended to coerce someone to produce documents or provide credible evidence as to his inability to comply). Incarcerating Thomas in Nevada with no 'work release,' contrary to his requests, will likely be more effective in coercing him to begin complying with the Court's orders. Further, this Court is in Nevada, and holding Thomas closer to the courthouse will facilitate the U.S. Marshals bringing him to one or more future hearings where he will be given the opportunity to purge his contempt.

To purge his contempt at the next hearing the Court will hold in this case, or at any future hearings, Thomas can do one of two things. First, he can begin complying with the Court's orders (including all obligations specifically outlined in the May 2019 Order), including by immediately making all back payments owed to Plaintiff, and complying with all his payment obligations going forward. Second, he can provide sufficient documentation to establish his claim of present inability to pay. The Court agrees with Plaintiff as to what Thomas must provide to establish his claimed current inability to pay.

(ECF No. 601 at 7-8.) If Thomas seeks to establish his current inability to pay at the next or future hearings in this case, Thomas is ordered to provide documents corresponding to everything requested by Plaintiff in Plaintiff's response to Thomas' letter (ECF No. 601 at 7-8), five business days before that hearing, or two business days before the first hearing, as specified below. The Court will not entertain any requests for continuances, extensions of time, or arguments based on an inability to assemble the requisite documentation. The Court notes that, in addition to having had years to assemble documentation of his allegedly changed financial circumstances resulting in his purported inability to pay, Thomas's counsel stated in Thomas' Letter that he, "with Mr. Thomas's assistance, is acquiring all necessary documentation to establish why Mr. Thomas's current financial situation does not allow for compliance." (ECF No. 600 at 2.)

It is therefore ordered that Thomas remains in contempt of Court—and will remain in contempt unless and until he can purge such contempt.

It is further ordered that Thomas be immediately incarcerated nearby the Lloyd D. George U.S. Federal Courthouse in Las Vegas, Nevada, unless and until he can purge such contempt.

The Clerk of Court is directed to issue a bench warrant or civil arrest warrant directing the U.S. Marshals to take Defendant Gary Thomas, a/k/a Gary Thomas Vojtesak, into custody at his residence in Arizona, or wherever else he may be found within the continental United States, as soon as possible, transport him to Nevada, and hold him in custody nearby the Lloyd D. George U.S. Federal Courthouse in Las Vegas, Nevada, so that he will appear at the June 21, 2019 hearing detailed below, and attempt to purge his contempt, and then continue to hold him in custody nearby the Lloyd D. George U.S. Federal Courthouse in Las Vegas, Nevada unless and until he can purge such contempt. The Clerk of Court is further directed to provide the U.S. Marshals with a copy of this order.

It is further ordered that the Court will hold a hearing to give Thomas the opportunity to purge his contempt on Friday, June 21, 2019, at 9:30 a.m. pacific, at the Lloyd D. George U.S. Federal Courthouse in Las Vegas, Nevada.

It is further ordered that, if Thomas seeks to argue or establish his inability to pay at that hearing, he is ordered to provide documents corresponding to everything requested by Plaintiff in Plaintiff's response to Thomas' letter (ECF No. 601 at 7-8) by 1:00 p.m. pacific on Wednesday, June 19, 2019. Thomas' counsel is directed to provide those documents by both filing copies of them under seal and serving identical copies on Plaintiff by email, and by mail to allow for delivery the next morning, June 20, 2019. Thomas and his counsel are further instructed that this procedure regarding establishing Thomas' claimed present inability to pay will remain in effect for any *future* contempt hearings as to Thomas in this case—supporting documents must be filed under seal and served on Plaintiff five business days before each hearing in the same manner as stated herein.

DATED THIS 13th day of June 2019.

---
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE